IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Francisco Almeida-Leon, et al.,

    Plaintiffs,

        v.

WM Capital Management, Inc., et al.,

    Defendants.

Civil No. 16-1394 (SEC)

# OPINION & ORDER

WM Capital moves the Court to order the joinder of Tenerife LLC as a party to this case under Fed. R. Civ. P. 19. See Docket # 35. The motion is denied.

### I.  Background

For the sake of brevity, the Court incorporates the factual background included in the recent Opinion granting WM Capital's motion to dismiss, see Docket # 56, Almeida–Leon v. WM Capital Management, Inc., --- F.Supp.3d ---, 2017 WL 655447 (Feb. 17, 2017), and simply adds the following details.

In 2013, the FDIC obtained a TRO against the Almeidas and other co-defendants in federal court halting the auction of the collateral that secured the FDIC's judgment credit against Juan Almeida. S everal weeks later, the parties announced that they had reached an "Agreement to Satisfy Judgment; And Assignment of Mortgage Notes" (the Agreement) that settled the matter. (the Agreement). See FDIC v. Almeida-León, Civil No. 12-2025 (FAB), Docket # 65. The signatories to the Agreement were the FDIC, Juan

Almeida, Francisco Almeida, Wanda Cruz, and Tenerife Real Estate Holdings, LLC (Tenerife).

In the complaint at bar, Plaintiffs allege among other things that the FDIC breached the Agreement because it failed to perform an "environmental condition study" on the properties subject to auction, which was a precondition to the auction.[1] Tenerife, however, did not join this action.

WM Capital answered the complaint and simultaneously tendered a counterclaim against Plaintiffs and against non-party Tenerife. Given the circumstances, WM Capital moved to join Tenerife under Rule 19 as a co-plaintiff to the original complaint, and also as a counter-defendant to the counterclaim.

## II. Analysis

"Rule 19 addresses circumstances in which a lawsuit is proceeding without particular parties whose interests are central to the suit." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008). Its purpose is "to attain 'judicial economies of scale' by resolving related disputes in a single lawsuit, while also preventing that single lawsuit from becoming hopelessly complex or unending." Rivera Rojas v. Loewen Grp. Int'l, Inc., 178 F.R.D. 356, 361 (D.P.R. 1998) (citing Pujol v. Shearson American Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989)). In furtherance of this principle, the Rule "provides for joinder of required parties when feasible and for dismissal of suits when joinder of a required party is not feasible and that party is indispensable." Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 9 (1st Cir. 2013) (internal citations omitted).

Joinder under Rule 19 is "feasible" if the absent party is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." As WM Capital correctly argues, Tenerife is subject to service in this jurisdiction because it is registered as a domestic corporation in Puerto Rico. See Docket # 35-3; see also Fed. R. Civ. Proc. 4(e). On the other hand, the joinder of Tenerife would not strip the

---

[1] The liability for this breach, Plaintiffs claim, was later transferred to WM Capital through its purchase agreement with the FDIC.

Court of subject matter jurisdiction. Given the "nature of the issues" before the Court, Bacardi, 719 F.3d at 10, Tenerife would (at a minimum) be aligned with Plaintiffs as a counter-defendant *vis a vis* WM Capital as a counter-plaintiff. Since Tenerife is a Puerto Rico corporation, it shares its domicile with the Plaintiffs and, therefore, complete diversity would be preserved. The joinder of Tenerife is feasible.

The next question is whether Tenerife is a "required" party. The parties, however, focus solely on whether Tenerife is an "indispensable" party to this litigation. See Docket ## 35, p. 5 & 36, p. 3. That puts the cart before the horse. See Bacardi, 719 F.3d at 9 ("If the court was wrong on its assumption that BC is a required party, then it was wrong to make an indispensability determination under Rule 19(b)"); see also Bakia v. Los Angeles Cty. of State of Cal., 687 F.2d 299, 301 (9th Cir. 1982) ("Rule 19(b) considerations come into play only after analysis of the factors in Rule 19(a)."). Since Tenerife's joinder is feasible, it is not necessary to address whether it is indispensable to the suit; the analysis begins and ends with Rule 19(a).

An absent party is required if, "in that person's absence, the court cannot accord complete relief among existing parties;" or if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). In undertaking this task, the Court is mindful that "[q]uestions under Rule 19(a) are fact-bound" and must be assessed on a case-by-case basis. Bacardi, 719 F.3d at 10.

On the first prong, the question is whether in Tenerife's "absence, the court cannot accord complete relief among existing parties." In Bacardi, the First Circuit found that the district court could issue the relief requested (the confirmation or vacatur of an arbitration award) because, even if a dispute with an absent party could be left unresolved, nothing barred the court from granting complete relief to those who were present. See Bacardi, 719 F.3d at 9; see also W. Auto Supply Co. v. Noblex Advert., Inc.,

173 F.R.D. 338, 341 (D.P.R. 1997) (finding that, in a corporation's suit for breach of contract, the absence of a subsidiary would not impair the court's ability to grant complete relief to the parties already in the suit); compare with Federal Kemper Insurance Co. v. Rauscher, 807 F.2d 345, 354 (3d Cir. 1986) (holding that full relief could not be accorded to an insurance company seeking declaratory judgment unless injured party is joined in the action). So it is here, since the Court may assess whether WM Capital is in breach of the Agreement, and grant Plaintiffs any of the remedies they request for such a breach. None of that requires the presence of Tenerife. On the other hand, WM Capital has not explained how, in the absence of Tenerife, complete relief is not available on its counterclaim for specific performance of the Agreement.

Joinder is also doubtful under the second prong. Even though Tenerife has claimed an interest relating to the subject of the complaint and the counterclaim, WM Capital has failed to show that Tenerife's absence from this suit "may impede or impair" the latter's ability to protect that interest.

In a letter sent to WM Capital, Tenerife all but joined the complaint. There, it echoed Plaintiffs' claims that WM Capital was in breach of the Agreement for failure to carry out the environmental study. See Docket # 35-5. On the other hand, the Agreement states that Plaintiffs and Tenerife are co-owners of a mortgage note for the principal sum of $2,221,245.93 – labeled as the "GMAC Note." See Docket # 25-1 at ¶ 2.5. And through the Agreement, the parties agreed to consign the GMAC note to the state court in anticipation of the judicial sale of the property. This obligation forms the core of the counterclaim: WM Capital alleges that Plaintiffs and Tenerife have breached their obligation to consign the GMAC note to the state court. See Docket # 25. So clearly, Tenerife claims an interest in this litigation. The next question is whether continuing this litigation in Tenerife's absence would "would as a practical matter impair or impede" its ability to protect that interest. WM Capital has failed to explain how this is the case.

In Pujol v. Shearson Am. Exp., Inc., 877 F.2d 132 (1st Cir. 1989), the First Circuit held that a subsidiary was not a required party under Rule 19(a) because it held "virtually

identical" interests as the parent company. Bacardi, 719 F.3d at 11 (citing Pujol, 877 F.2d at 135). To make this determination, the Pujol court focused on what each party (the subsidiary and the parent) would want to prove in order to win the case. According to the Court:

> [Defendant], to win the case, will want to show that no one behaved improperly at its Subsidiary, that [Plaintiff's] charges were without foundation, and that its own actions in response to [Plaintiff's] baseless accusations were therefore reasonable. This is precisely what the Subsidiary would wish to show.

Pujol, 877 F.2d at 135. In short, "Shearson makes clear that an absent party's interests cannot be harmed or impaired if they are identical to those of a present party." Id. The First Circuit later suggested that this test may, in the proper case, be met with something less than "virtually identical" interests. See Bacardi, 719 F.3d at 11 ("We do not suggest that the test requires "virtually identical" interests, only that such is the situation here."). The record suggests that such is the case here. As to the complaint, Tenerife and Plaintiffs would want to prove that the FDIC breached its obligation to perform the environmental study. And as to the counterclaim, they will argue that they had no obligation to deposit the jointly-owned GMAC note. The Court sees no "divergence in interests" that would give required-party status to Tenerife, and WM Capital has not shown otherwise. Bacardi, 719 F.3d at 11.

Still, the caselaw suggests that what really matters is whether the absent party would suffer "prejudice" to its ability to defend its interest, even in situations where the interests are not exactly aligned. See Wright, Miller & Kane, Federal Practice and Procedure, § 1604, p. 60 (noting that, even if issue or claim preclusion principles did not apply, courts will insist on joinder "if the action might detrimentally affect a party's or the absentee's ability to protect his property…"). But this is an uphill battle. For instance, Bacardi held that no prejudice is present if the absentee has benefitted from the "vigorous" representation of those interests by the parties in the case. Bacardi, 719 F.3d at 12 ("Where an existing party has 'vigorously addressed' the interests of absent parties,

we have no need to protect a possible required party from a threat of serious injury."). The fact that Tenerife (which is almost wholly-owned by the Almeidas) has not joined this action suggests that this is the case. See Smith v. State Farm Fire & Cas. Co., 633 F.2d 401, 405 (5th Cir. 1980) (noting that an absent trustee's ability to protect his interest was not significantly impaired where "[i]t is clear from the record that the trustee was aware of this litigation yet did not attempt to be made a party"). Likewise, the Pujol court surmised that prejudice could be shown if the absentee "would suffer some unspecified collateral estoppel effect" as a result of the first action, or that its settlement position in the later action could be harmed. See Pujol, 877 F.2d at 136 (citing Acton Co. of Massachusetts v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982)). WM Capital has not explained how any of these scenarios are present here. As it stands, then, the Court finds that Tenerife's absence does not "impede or impair" its ability to protect its interests.

Even less likely is that Tenerife's continued absence would leave "an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of that interest. Fed. R. Civ. P. 19(a)(1) (emphasis added). True, Tenerife has not joined the complaint at the moment, and the Court is unaware of anything that would bar it from filing an identical complaint against WM Capital in the future – opening the possibility of inconsistency between the outcome of each case. But this alone is not sufficient to meet the standard, as there is a material distinction between inconsistent obligations and inconsistent adjudications. "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998) (citations omitted). "Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." Id. Rule 19(a) is concerned with the former, not the latter. Id. WM Capital is entirely silent on this issue, and the Court will not complete that task on its behalf. Cf. W. Auto Supply, 173 F.R.D.

at 342 n.2 (noting that "speculative or unsubstantiated risk [of inconsistent obligations] will not satisfy the Rule 19(a) criteria") (citing Wright, Miller & Kane, Federal Practice and Procedure, § 1604, p. 62).

For these reasons, the Court finds that WM Capital has failed to shoulder its burden of showing that Tenerife is a required party to this action under Rule 19(a). Yet at the same time, however, none of the objections raised by Plaintiffs against joinder have any merit. To the extent that they are based on the redemption claims, those arguments were foreclosed by the Court's recent Opinion. Also, whether or not Tenerife is "indispensable" is, as discussed above, immaterial. Finally, Plaintiffs insinuate that Tenerife is not necessary (at least as to the counterclaim) because the "counterclaim seeks specific performance of the contract to foreclose on the real estate in case no. K CD2011-0142, to which Tenerife is not a party." This is irrelevant, as it is undisputed that Tenerife assumed obligations under the Agreement that stem from its ownership of the mortgage notes, not its status as a plaintiff in that case.

This leaves the Court in a pickle, for the joinder of Tenerife in this suit is desirable from the standpoint of efficiency. Pujol, 877 F.2d at 134. Nothing bars WM Capital from filing a separate lawsuit against Tenerife alleging the same breach of contract it does here. Indeed, WM Capital could file that suit and then move to consolidate the actions (it would have to pay the filing fee, though). The possibility of litigating what amounts to the same claim in two separate cases, against parties who are aligned with respect to the obligation that gives rise to the claim, makes little sense.

Rule 19 is typically invoked to secure the dismissal of a case that cannot be litigated without an absentee party that, although required and indispensable to the action, cannot be hauled into federal court. Such a drastic remedy requires a commensurately strict test. Here, however, WM Capital simply wishes to bring Tenerife along so that all possible claims relating to the contract may be simultaneously litigated. This suggests that Rule 20 is the better choice, as it employs a relatively laxer standard for joinder. This rule permits the joinder of a person as a defendant if "(A) any right to

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." See Rule 20(a)(2); see also Rule 13(h) (providing that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."); Citroen v. Micron Optics, Inc., 2017 WL 663156, at *4 (D. Nev. Feb. 17, 2017) (noting that, through Rule 13(h), the joinder of counter-defendants to a counterclaim is permissible).

The Agreement plainly states that the parties agreed to consign the GMAC note to the state court. WM Capital's claim for breach of contract against Tenerife is identical to the one levied against Plaintiffs, such that it arises from the same "transaction" or "occurrence," and will require the adjudication of common issues of fact and law. The Court shall allow the parties to brief this matter before making a decision on this front.

### III.  Conclusion

WM Capital's motion for joinder under Rule 19 is **denied**. WM Capital shall have 30 days to brief the Court on whether the joinder of Tenerife is permissible under Rule 20. Responses and replies shall be governed by the local rules.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of March, 2017.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge