# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO ALMEIDA-LEÓN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. 3:16-cv-01394-JAW-BJM ) |
| WM CAPITAL MANAGEMENT, INC. | ) ) ) ) |
| Defendant. | ) |

### ORDER ON MOTION FOR RECONSIDERATION

The Court grants a third party's motion for reconsideration of its order dismissing his appeal of a magistrate judge's order denying his motion to quash a subpoena to the Puerto Rico Examining Board of Certified Public Accountants. Reaching the merits of his appeal, the Court rejects his appeal and affirms the magistrate judge's order, denying the third party's motion to quash the subpoena and motion for protection order.

### I.      BACKGROUND

On December 10, 2018, WM Capital Management, Inc. (WM) served a subpoena on the Puerto Rico Examining Board of Certified Public Accountants (Board) for Board records concerning George Pérez Borrero, the manager of Tenerife Real Estate Holdings, LLC, (Tenerife) one of the Plaintiffs and a Counterclaim Defendant. *See Order* at 1 (ECF No. 234) (*Magistrate Judge Order*). On December

19, 2018, Tenerife filed a motion to quash the subpoena, *Mot. to Quash Third Party Subpoena by WM Capital* (ECF No. 226) (*Tenerife Mot.*), and on December 20, 2018, Mr. Pérez Borrero also filed a motion to quash the subpoena. *Mot. to Quash Subpoena Served on the Junta Examinadora de Contradores Públicos Autorizadoes and Mot. for Protective Order* (ECF No. 227) (*Pérez Borrero Mot.*). On January 17, 2019, WM filed its opposition to the motions to quash subpoena. *WM Capital's Opp'n to Mots. to Quash Third Party Subpoena and/or for Protective Order* (ECF No. 230) (*WM's Opp'n*). On February 1, 2019, the Magistrate Judge issued an order, denying the motions to quash the subpoena. *Magistrate Judge Order* at 1-4.

On February 15, 2019, Mr. Pérez Borrero objected to the Magistrate Judge's February 1, 2019 order. *Appeal from Magistrate Judge Order at ECF Document No. 234 Pursuant to Rule 72 FRCP and Req. for Protective Order* (ECF No. 244) (*Pérez Borrero Obj.*). On February 19, 2019, WM filed its opposition to Mr. Pérez Borrero's objection. *Opp'n to George Pérez Borrero's Obj. to the Hon. Magistrate Judge McGiverin's Order on Docket 234* (ECF No. 245) (*WM's Opp'n to Obj.*).

On May 8, 2019, the Court issued three extensive orders, denying the Plaintiffs' motions and granting WM's motion for summary judgment. *Order Denying Co-Pls./Counter-Defs.' Mot. to Alter or Am.* at 1-16 (ECF No. 262); *Order on Co-Pl./Counter-Def.'s Mot. for Summ. J.* at 1-57 (ECF No. 263); *Order on Def./Counter-Pl.'s Mot. for Summ. J.* at 1-73 (ECF No. 264). In its order granting summary judgment for WM, as later amended on May 9, 2019, the Court ordered WM to file a proposed judgment consistent with the order by May 15, 2019 and allowed the Plaintiffs until May 22, 2019 to file any specific objections to WM's proposed

2

judgment.  *Am. Order on Def./Counter-Pl.'s Mot. for Summ. J.* (ECF No. 265).  On May 16, 2019, WM filed a proposed judgment, *Mot. Submitting Proposed J.* (ECF No. 269), and the Plaintiffs filed an objection on May 23, 2019.  *Resp. and Objs. to Proposed J. in Docket #269, #269-1 and #269-2* (ECF No. 272).

Also, on May 9, 2019, the Court dismissed as moot a pending motion in limine and Mr. Pérez Borrero's objection to the Magistrate Judge's February 1, 2019 order.  *Order Dismissing as Moot Mot. in Limine* (ECF No. 266); *Order Dismissing as Moot Appeal of Magistrate Judge's Decision to District Ct.* (ECF No. 267).  On May 20, 2019, Attorney Arlene Pérez Borrero filed a motion for reconsideration of the Court's dismissal of Mr. Pérez Borrero's objection.  *Mot. for Recons. of Order at ECF Dockets No. 267* (ECF No. 270) (*Pérez Borrero Recons. Mot.*).  On June 3, 2019, WM requested an extension of time to file a response to Mr. Pérez Borrero's motion for reconsideration, which the Court granted, and on June 10, 2019, WM filed its response.  *Mot. Requesting Extension of Time to File Resp. in Opp'n to the "Mot. for Recons. of Order at ECF Docket No. 267"* (ECF No. 280); *Order* (ECF No. 281); *Opp'n to Mot. for Recons. Filled by George Pérez-Borrero* (ECF No. 284) (*WM's Opp'n to Mot. for Recons.*).

## II. ARGUMENTS BEFORE THE MAGISTRATE JUDGE

### A. George Pérez Borrero's Motion

In his motion to quash the third-party subpoena before the Magistrate Judge, Mr. Pérez Borrero adopted the arguments Tenerife raised in its motion to quash.  *Pérez Borrero Mot.* at 2 ("Mr. George Pérez Borrero . . . joins the arguments presented

3

by the Plaintiffs in their Motion to Quash filed on December 19, 2018"). In Tenerife's motion to quash, Tenerife argued (1) that the subpoena required disclosure of privileged and proprietary information and documentation, (2) that the subpoena sought information not relevant to the controversy before the court, (3) that WM had issued the subpoena in bad faith to annoy, harass and oppress Tenerife and the Plaintiffs, (4) that the subpoena subjected a non-party to an undue burden, (5) that the subpoena sought information about Mr. Pérez Borrero in disregard for his intimacy, privacy and confidentiality rights, (6) that WM served the subpoena without any notice to Mr. Pérez Borrero, (7) that the subpoena was overbroad, (8) that the information falls under Federal Rule of Evidence 501, (9) that the subpoena violates Mr. Pérez Borrero's right of privacy under the Constitutions of the United States and the commonwealth of Puerto Rico, (10) that the documents fall outside the scope of Federal Rule of Civil Procedure 26(b), and (11) that the disclosure of the documents violates Tenerife's due process rights. *Tenerife's Mot.* at 1-7.

In his motion to quash before the Magistrate Judge, Mr. Pérez Borrero raised the following arguments: (1) that the documents were proprietary, privileged, confidential and not subject to production, (2) that the documents were not relevant to the controversies in this case, (3) that Mr. Pérez Borrero testified at the deposition as the administrator of Tenerife, not as a Certified Public Accountant, (4) that WM served the subpoena to harass Mr. Pérez Borrero and to damage his reputation, (5) that the subpoena subjected Mr. Pérez Borrero to an undue burden, (6) that the disclosure of the documents violates the Board's rules and regulations, (7) that the

4

subpoena was overbroad, and (8) that the Court should issue a protective order. *Pérez Borrero's Mot.* at 1-6.

### B. WM's Response

WM responded to the motions to quash on January 17, 2019. *WM's Opp'n.* at 13. WM argued that (1) neither Tenerife nor Mr. Pérez Borrero had standing to challenge the thirty-party subpoena, (2) Tenerife's and Mr. Pérez Borrero's motion to quash failed to identify a statute, rule, or case which provided that the information sought was confidential, (3) Tenerife and Mr. Pérez Borrero failed to establish a undue burden with the subpoenaed documents, (4) that the evidence is relevant and material, and (5) that in any event, the movants failed to comply with the District of Puerto Rico's Local Civil Rule 26(6). *Id.* at 1-13.

## III. THE MAGISTRATE JUDGE'S ORDER

In his February 1, 2019 order, the Magistrate Judge reviewed the underlying facts. *Magistrate Judge Order* at 1. Noting that "the Plaintiffs control Tenerife," the Magistrate Judge observed that Mr. Pérez Borrero "signed the agreement on Tenerife's behalf in his administrative capacity as its resident agent." *Id.* The Magistrate Judge wrote that when WM deposed Mr. Pérez Borrero on December 5, 2018, Mr. Pérez Borrero gave "shifting answers" and displayed "evasiveness" regarding his CPA license. *Id.* WM issued a subpoena to the Board and the Board produced the requested documents. *Id.* Nevertheless, Mr. Pérez Borrero and the Plaintiffs sought to quash the subpoena on the primary ground that the Board had produced privileged and confidential information. *Id.* at 1-2. In addition, the

5

movants argued that the produced documents were "irrelevant to the case," that the subpoena was "overly broad," that the subpoena "unduly burden[ed] the Board," and that the subpoena was "designed to harass." *Id.* WM responded that neither party had standing to challenge the subpoena, that the Board willingly produced the information, so the Board was not unduly burdened, that the subpoena related to witness credibility, which is always relevant, and that the movants' failure to comply with the local rules precluded their requested relief. *Id.* at 2.

The Magistrate Judge observed that under Federal Rule of Civil Procedure 45, a court "must" quash a subpoena if the subpoena "requires disclosure of privileged or other protected matters." *Id.* (citation omitted). But the Magistrate Judge found the movants' contentions about privilege "skeletal at best." *Id.* Indeed, citing First Circuit precedent, the Magistrate Judge concluded that the movants waived their undeveloped argument. *Id.* The Magistrate Judge noted that Mr. Pérez Borrero "did not address why the Board readily produced documentation in violation of its own rules, why he has a personal right to documents he did not create, or what privileges the records of his CPA license suspension, the fact of which is available on the central database of CPAs." *Id.* The Magistrate Judge stated that Tenerife invoked Federal Rule of Evidence 501, which Tenerife contended gives Mr. Pérez Borrero a right of privacy "that merits protections normally accorded in an attorney-client relationship." *Id.*

The Magistrate Judge rejected the movants' relevancy argument, finding that the status of Mr. Pérez Borrero's CPA license became relevant on his trustworthiness, credibility and partiality because of his "misleading answers at the deposition." *Id.*

6

at 3. After analyzing the terms of the subpoena, the Magistrate Judge concluded that the subpoena was not overly-broad, nor did it seek professional information about Mr. Pérez Borrero unrelated to his deposition testimony. *Id.* In addition, the Magistrate Judge rejected the movants' arguments about the burden on the Board or harassment of either Mr. Pérez Borrero or Tenerife "because the information is neither privileged nor irrelevant." *Id.* Finally, citing *Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc.*, 297 F.R.D. 19, 21 (D.P.R. 2014), the Magistrate Judge concluded that the movants did not have standing to pursue the motion to quash. *Id.*

## IV. THE OBJECTION AND THE RESPONSE

### A. George Pérez Borrero's Objection

George Pérez Borrero objected to the Magistrate Judge's February 1, 2019 order; Tenerife did not.

In his objection, Mr. Pérez Borrero asserts that the Magistrate Judge's February 1, 2019 order "deprives [him] of his fundamental constitutional rights, under the Fourth and Fourteenth Amendments of the Constitution of the United States." *Pérez Borrero Obj.* at 2. He states that the Magistrate Judge's order "sanctions an illegal production of documents." *Id.* at 3. Mr. Pérez Borrero writes that he "relied that the proceedings before The Board were confidential and not subject to the disclosure to third parties, based on Regulation Number 8644 Uniformed Regulation of the Examining Boards Attached to the State Department of the Commonwealth of Puerto Rico." *Id.* Mr. Pérez Borrero quotes Article 6.14 relating to the confidentiality of the investigation and the corresponding file. *Id.*

Mr. Pérez Borrero claims that WM "induced this Honorable Court to err, in its Motion in Opposition to Motion to Quash stated that there is no Article 6.14 that creates the privilege nature of the documents requested." *Id.* To the contrary, says Mr. Pérez Borrero, "Article 6.14 of Regulation 8644 is clear that the Board files are confidential." *Id.* at 3-4. Mr. Pérez Borrero insists that the fact "the Board disclosed the documents to WM does not negate the nature of the confidentiality of the documents and the privileged nature of the same." *Id.* at 4.

In support, Mr. Pérez Borrero cites Federal Rule of Evidence 501, which provides that state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.* (quoting FED. R. EVID. 501). Mr. Pérez Borrero says that the Board's regulation provides the rule of decision for this contested information. *Id.*

Mr. Pérez Borrero warns the Court that it will create a "dangerous precedent" if the Court allows disclosure of the Board's documents, contending that it could "dissuade victims, witnesses and other to openly participate and negotiate in proceedings before The Board." *Id.* at 4-5. He insists that WM's use of the subpoenaed documents "further violates George Pérez Borrero's right to privacy and his desire that these documents remain confidential." *Id.* at 5. He asks the Court to vacate the Magistrate Judge's order, require that WM withdraw the Board documents from the record of this case, and order WM not to use these documents for any purpose. *Id.* Mr. Pérez Borrero worries that WM has "proffered that it intends to use the documents illegally produced by The Board in this case which certainly continue the damage to the appearing party by rehashing documents that should

8

remain confidential and any use of them of out of context would only cause harm." *Id.*

Mr. Pérez Borrero writes that Federal Rule of Civil Procedure 45(c)(3)(B)(i) and (3)(A)(iii) provide that "a Court may quash or modify a subpoena to protect a person subject to or affected by a subpoena" if the subpoena "requires disclosure of a trade secret or other confidential information or requires disclosure of privileged or other protected matter." *Id.* at 6. He maintains that the documents requested "are protected by privilege and the appearing party is seeking that they remain as such." *Id.*

In addition to his objection to the Magistrate Judge's order, Mr. Pérez Borrero requests the Court issue a protective order, arguing that the Board "illegally produced" them in contravention of its regulations. Mr. Pérez Borrero "requests this Honorable Court that it issues a protective order that precludes the further disclosure of the illegally (sic) documents from The Board and that it precludes WM of the use of the same in any forum." *Id.* Mr. Pérez Borrero also requests that the documents "be removed from the Court file, where they could be accessed by third parties." *Id.* at 6-7.

Mr. Pérez Borrero asks the Court to vacate the Magistrate Judge's order allowing the production of documents, issue a protective order to preclude the use of privileged documents in this case, and order the elimination of produced documents from the record in this case. *Id.* at 7.

   **B.   WM's Response**

WM argues Mr. Pérez Borrero's objection does not absolve his prior perfunctory skeletal argument and thus, the Magistrate Judge was correct in concluding the argument was waived. *WM's Opp'n to Obj.* at 2-3. WM says Mr. Pérez Borrero "never cited a 'Uniform Regulation 8644'" and the provided translation violates the District of Puerto Rico's local rules. *Id.* at 3-4. Regardless, WM says Mr. Pérez Borrero fails to show that Magistrate Judge's decision was clearly erroneous or contrary to law because his argument lacks merit. *Id.* at 5-6.

V. **STANDARD OF REVIEW**

The Magistrate Judge's order is on a non-dispositive matter. Under Federal Rule of Civil Procedure 72(a), this Court reviews a non-dispositive order of the Magistrate Judge to determine whether it is "clearly erroneous" or "is contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

A second issue is whether the objecting party, here Mr. Pérez Borrero, raised the same issues before the Magistrate Judge that he is raising here. "[P]arties must take before the magistrate [judge], 'not only their best shot but all of their shots.'" *Jardin De Las Catalinas Ltd. P'ship v. Joyner*, 861 F. Supp. 2d 12, 16-17 (D.P.R. 2012) (quoting *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984))). If Mr. Pérez Borrero did not raise an issue before the Magistrate Judge, he

10

is not entitled to appeal a waived issue. Viewed liberally, comparing the issues Tenerife and Mr. Pérez Borrero raised before the Magistrate Judge, the Court is satisfied that Mr. Pérez Borrero raised before the Magistrate Judge the same arguments that he is now pressing on appeal.[1]

## VI. DISCUSSION

Mr. Pérez Borrero's objection to the Magistrate Judge's Order fails as a matter of procedure and as a matter of substance.

### A. Procedure

In Mr. Pérez Borrero's original motion to quash WM's subpoena, although he referenced Article 6.14, he did not submit a copy of an English translation of the regulation for the Magistrate Judge to consider and did not otherwise develop his argument for why the information provided by the Board is confidential and privileged. *See Pérez Borrero Mot.* at 3. This buttressed the Magistrate Judge's conclusion that he waived the argument that the information disclosed was confidential and privileged. *See Magistrate Judge Order* at 2. Moreover, in his objection to the Magistrate Judge's Order, although he provided an English translation of Article 6.14, it is his own unofficial translation, and thus, violates Local Rule 5(g). *See Pérez Borrero Obj.* at 3 ("Emphasis and Translation ours"); D.P.R. Loc

---

[1] WM asserts that Mr. Pérez Borrero's is referring to a separate and distinct document in his objection to the Magistrate Judge's decision than the one referenced previously in his motion to quash. *WM's Opp'n to Mot. for Recons.* at 4-5. In comparing his motion to quash with his objection to the Magistrate Judge's order, it is unclear if Mr. Pérez Borrero is citing a different document than the one he previously relied on in his motion to quash. If the document was not previously referenced, WM is correct that Mr. Pérez Borrero's argument is indeed untimely. *See Joyner*, 861 F. Supp. 2d at 16-17. Ultimately, given that the Court finds Mr. Pérez Borrero's objection fails on another procedural ground as well as on its merits, resolution of this issue is immaterial.

11

R. 5(g) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by: (1) Interpreter certified by the Administrative Office of the U.S. Courts . . . (2) a translator who has approved Phase I (written legal translation) of the Federal Court Interpreters Certification Examination . . . (3) a translator, certified by the American Translator Association, or who has a post-graduate degree from an accredited post-graduate education translation program"). The First Circuit has stated that district courts should not consider any documents presented in the Spanish language, *Gonzalez-De-Blasini v. Family Dept.*, 544 F.3d 58, 88-89 (1st Cir. 2004), and that "[v]iolations of the English requirement will constitute reversible error whenever the appellant can demonstrate that the untranslated evidence has the potential to affect the disposition of an issue raised on appeal." *Puerto Ricans For Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008) (internal quotation marks and citations omitted).

Accordingly, because Mr. Pérez Borrero's motion to quash and his objection to the Magistrate Judge's Order largely rely on Article 6.14 as the basis for his argument that the disclosed information was privileged and confidential and because Mr. Pérez Borrero failed to place Article 6.14 before the Court, the Court finds no error in the Magistrate Judge's rejection of this argument.

**B.     Substance**

Beyond this procedural lapse, the merits of Mr. Pérez Borrero's objection to the disclosure of his status as a Certified Public Accountant are based on an erroneous

premise: namely, that whether he is a licensed Certified Public Accountant in Puerto Rico is a private, privileged matter. It is demonstrably not. Whether a person is licensed as a Certified Public Accountant is a matter of public concern and of public record. *See WM's Opp'n* Attach. 5, *CPAverify* at 1 ("Name: Perez Borrero George, Jurisdiction: PR, License Number: 4523, Status: Suspended, Enforcement, Non-Compliance or Disciplinary Action: Contact State Board for Details").

The next question is whether the reason Mr. Pérez Borrero's license was suspended is properly discoverable from the Board charged with oversight of Certified Public Accountants in Puerto Rico. Even assuming that the Court may consider Mr. Pérez Borrero's unofficial translation, he quoted the Board's Article 6.14, which makes the Board's investigations confidential:

> This provision has the purpose of protecting the progress of the investigations, that they are not hindered or unduly interfered upon and that the capacity of the Board to acquire information from possible victims or witnesses about the conduct that threatens against the civil rights with the effect of impeding effective compliance with the Law.

*Pérez Borrero Recons. Mot.* at 3-4 (quoting Art. 6.14). By its terms, this part of Article 6.14 addresses the confidentiality of an ongoing Board investigation to maintain its integrity. The rest of Article 6.14 reads:

> The confidential nature extends to the Board file. These files are not subject to discovery of evidence and shall be considered privileged.

*Id.*

In response to WM's subpoena, the Board produced a resolution that the Board adopted on June 20, 2012, confirming that it had indefinitely suspended Mr. Pérez Borrero's license as a Certified Public Accountant. It also produced a letter from the

13

Puerto Rico Certified Public Accountants Association dated October 24, 2009, bringing allegations concerning Mr. Pérez Borrero to the attention of the Board. Finally, it produced a stipulation dated September 12, 2006 signed by Mr. Pérez Borrero and the Board and filed in the commonwealth of Puerto Rico Court of First Instance, San Juan Superior Court, Civil No. KPE06-2551, providing that Mr. Pérez Borrero agreed not to identify himself as a Certified Public Accountant because he was not licensed as a Certified Public Accountant and that he had made the commitment to renew his license. The Court does not view the documents the Board disclosed in response to the WM's subpoena as constituting "the Board file" and it is skeptical that the documents the Board disclosed would be covered by Article 6.14.

The Magistrate Judge concluded that Mr. Pérez Borrero failed to develop his argument:

> Pérez's argument that the information produced is confidential and privileged according to the Board's own policies is skeletal at best . . . . Furthermore, Pérez did not address why the Board readily produced documentation in violation of its own rules, why he has a personal right to documents he did not create, or what privileges the records of his CPA suspension, the fact of which is available online on central database of CPAs. Tenerife also invoked Federal Rule of Evidence 501, but its relevancy-based argument failed to explain why Pérez has a right of privacy in these documents that merits protections normally granted to attorney-client privilege and little else.

*Magistrate Judge Order* at 2. The Court is left with the same unanswered questions that the Magistrate Judge posed. Certainly, a stipulation filed with the Puerto Rico Court of the First Instance must be a public document. Mr. Pérez Borrero has given the Court no reason to conclude that a resolution adopted by the Puerto Rico Examining Board of Certified Public Accounts suspending a certified public

14

accountant's license and a letter from the Puerto Rico Certified Public Accountants Association to the Board are not matters of public record. But more significantly, if the records that the Board produced were in fact confidential and private under Article 6.14, Mr. Pérez Borrero failed to address why the Board produced them in contravention of its own rule.

The Court rejects Mr. Pérez Borrero's claim that the documents were not relevant. The Court agrees with the Magistrate Judge's observation that the documents may not have been relevant but for Mr. Pérez Borrero's own "misleading answers at the deposition," which "merited the subpoena for disciplinary documentation, and those documents appear to bear out [WM's] suspicions." *Magistrate Judge Order* at 3. Mr. Pérez Borrero testified at his deposition that his license was suspended in 2007 or 2008 because he was sick and he did not continue with professional courses, that he had not renewed his CPA license since then and was looking forward to doing so that year, that he had been sick recently, that his license was not renewed because he had not complied with the credit requirements, that he received discipline from the Board but could not say anything about it, that he was suspended because he had not paid his dues, that he repaid his dues and "everything was cleared," and that after the first incident, he never had another incident. *WM's Opp'n*, Attach. 1, *Dep. of George Pérez Borrero* 20:4-21, 150:1-155:3. Once Mr. Pérez Borrero testified about the status of his Certified Public Accountant's license in such a confusing and contradictory way, the Court agrees with the Magistrate Judge that WM was justified in seeking corroboration from the Board

15

because the true status of Mr. Pérez Borrero's license had a bearing on his credibility as a witness. *Magistrate Judge's Order* at 3 ("A witness's trustworthiness, credibility, and partiality are always relevant because they speak to potential biases and how much weight testimony deserves").

The Court is not convinced by Mr. Pérez Borrero's reference to Federal Rule of Evidence 501 because the Court is not satisfied that the documents the Board produced in response to WM's subpoena are privileged, and Federal Rule of Evidence 501 is a rule of evidence, not of discovery.

Nor is the Court impressed with Mr. Pérez Borrero's contention that the subpoena was burdensome and overbroad. On these issues, Mr. Pérez Borrero does not have standing. The subpoena was directed not at him but at the Board and the Board has never contended that the subpoena was either burdensome or overbroad. Rule 45(d)(1) states that an attorney who is issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense <u>on the person subject to the subpoena</u>." FED. R. CIV. P. 45(d)(1) (emphasis supplied). This language has been interpreted as giving standing to the person against whom the subpoena has been issued to raise the burden or overbreadth of the subpoena. *Jee Family*, 297 F.R.D. at 21 ("[D]efendant does not have standing to move for a protective order preventing disclosure of third parties' financial information"). Mr. Pérez Borrero has the right to assert that the information being sought from the Board is privileged, but he does not have the right to assert on behalf of the Board that it is burdensome for the Board to respond or that the Board cannot comply with the subpoena because it is

16

overbroad. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents being sought").

The Court finally rejects Mr. Pérez Borrero's arguments that the Board's disclosure of its actions regarding his license as a Certified Public Accountant in Puerto Rico somehow violates an inchoate claim of constitutional dimensions. Other than saying it is so, Mr. Pérez Borrero offers no authority for his constitution-based contentions.

As the Court concludes that Mr. Pérez Borrero failed to demonstrate that the Magistrate Judge's February 1, 2019 is either clearly erroneous or contrary to law, the Court affirms the Magistrate Judge's order and rejects Mr. Pérez Borrero's demand for the issuance of a protection order.

## VII. CONCLUSION

The Court GRANTS George Pérez Borrero's Motion for Reconsideration of Order at ECF Dockets No. 267 (ECF No. 270) and VACATES its Order (ECF No. 267) which dismissed as moot George Pérez Borrero's Appeal of the Magistrate Judge Decision to District Court (ECF No. 244). The Court DENIES George Pérez Borrero's Appeal to the Magistrate Judge Decision to the District Court (ECF No. 244), AFFIRMS the Magistrate Judge's Order (ECF No. 234), denying George Pérez Borrero's motion to quash the subpoena and his motion for protection order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2019.