UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO ALMEIDA-LEÓN, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:16-cv-01394-JAW-BJM<br>) |
| WM CAPITAL MANAGEMENT, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

## SECOND AMENDED[1] ORDER TO SHOW CAUSE

Over the last two years, the losing parties in this case have refused to execute the Final Judgment, defied numerous orders of this Court, compelled the Court to appoint a third party to execute the judgment on their behalf, threatened to sue the third party if she complied with the Final Judgment, willfully disregarded a decision of the First Circuit Court of Appeals, and undertaken actions in the courts of the commonwealth of Puerto Rico that defy the judgments of this Court and the First Circuit Court of Appeals. The prevailing party now moves the Court to hold the losing parties and their attorneys in contempt of court and impose sanctions.

---

[1] On June 25, 2021, the Court issued an Amended Order to Show Cause (ECF No. 463) correcting an error on page 8 of the Court's original Order to Show Cause (ECF No. 462). The Court is issuing this Second Amended Order to Show Cause to eliminate its reference to criminal contempt in the earlier order. To be clear, the Court is not considering criminal contempt in this matter against the parties and their counsel. The Court is, however, seriously considering holding the parties and their attorneys in civil contempt.

In this Order, the Court recounts the actions by the losing parties since the entry of Final Judgment on June 27, 2019. Then, the Court orders the losing parties and their lawyers to show cause as to why they should not be held in contempt and subject to such penalties as the Court deems appropriate. After affording the prevailing party an opportunity to respond, the Court will resolve the next steps.

I.  **BACKGROUND**

This Order to show cause arises from WM Capital Management, Inc.'s (WM Capital) pending motions requesting a finding of contempt and imposition of sanctions against Francisco Almeida-León, Wanda Cruz-Quiles, their Conjugal Partnership, and Juan Almeida-León (the Almeidas), as well as Tenerife Real Estate Holdings, LLC, (Tenerife), collectively, the "Almeida Plaintiffs," and their attorneys, Edilberto Berríos Pérez, Esq., Fernando E. Longo-Quinones, Esq., and Roberto Berríos Falcón, Esq. *See [WM's] Mot. for Sanctions Against the Almeidas and Their Attorneys* (ECF No. 412); *[WM's Emergency] Req. for Permanent Inj., Civil Contempt, Sanctions and Further Remedies Against the Almeidas and Their Attorneys* (ECF No. 416); *Informative Mot. Supplementing WM's Req. for Permanent Inj., Civil Contempt, Sanctions and Further Remedies against the Almeidas and Their Attorneys* (ECF No. 423); *Suppl. Mot. in Supp. of Emergency Req. Against the Almeidas and Their Attorneys in Light of the GMAC Ct.'s Refusal to Reconsider Its Order Stopping the Execution of the Final J. of This Ct.* (ECF No. 450) (*WM's Suppl. Contempt Mot.*).

This case has an extensive procedural history. Although the Court provides a heavily abridged procedural history below, the simplest version is this: approximately

2

two years ago, the Court issued a Final Judgment, which the Almeida Plaintiffs refuse to execute. The Almeida Plaintiffs' refusal continues despite numerous orders of this Court and a decision of the United States Court of Appeals for the First Circuit. Now, for the second time since entry of the Final Judgment, WM Capital moves to hold the Almeida Plaintiffs and their attorneys in contempt of this Court.

A.  **The Final Judgment**

On May 8, 2019, after three years of highly contentious litigation in this Court, the Court issued a series of orders which granted summary judgment in favor of WM Capital and against the Almeida Plaintiffs. *Order Denying Co-Pls./Counter-Defs.' Mot. to Alter or Amend* (ECF No. 262); *Order on Co-Pls./Counter-Defs.' Mot. for Summ. J.* (ECF No. 263); *Am. Order on Def./Counter-Pl.'s Mot. for Summ. J.* (ECF No. 265) (*Am. Summ. J. Order*). Relevant here, the Court granted summary judgment in favor of WM Capital on a claim against the Almeida Plaintiffs seeking specific performance of a contract (the 2014 Agreement) that controls the assignment and liquidation of four mortgage notes, known as the GMAC Note and the Kennedy Notes. *See generally Am. Summ. J. Order* at 57-60.

On June 27, 2019, the Court issued the Final Judgment, which provided:

> (1) The Plaintiffs/Counter-Defendants shall within three (3) business days from the entry of Judgment in this case consign the four mortgage notes identified in the Agreement into the Puerto Rico Court of First Instance, KCD2011-0142, as stated in paragraph 3.1.2 of the Agreement.
>
> (2) The parties shall file a joint motion to the Puerto Rico Court of First Instance, KCD2011-0142, to foreclose on the four mortgage notes identified in paragraph 3.1.2 of the Agreement and sell the encumbered

3

Kennedy Property via public auction as provided for under the Agreement.

(3) As stated in paragraph 3.1.6 of the Agreement, the minimum bid price of the public auction shall be $3,850,000.

(4) If a third party purchases the Kennedy Property at public auction for the minimum bid price, the proceeds of such sale will be deposited in the U.S. District Court for the District of Puerto Rico's Designated Financial Institution pursuant to Local Rule 67. If a third party does not purchase the Kennedy Property for the minimum bid price, the parties shall proceed as proscribed in the Agreement.

(5) Once the foreclosure is completed and all proceeds from the public auction have been deposited into the U.S. District Court for the District of Puerto Rico's Designated Financial Institution, WM Capital Management, Inc., shall be paid first and full from the sale proceeds up to $2,828,850.11, corresponding with the Judgment amount entered on September 26, 2013 in *Federal Deposit Insurance Corporation as Receiver of RG Premier Bank of Puerto Rico v. Almeida-Leon et al.*, 3:12-cv-02025-FAB, *J.* (ECF No. 25), plus pre-judgment and post-judgment interest.

(6) After WM Capital Management, Inc. is paid first and in full satisfaction from the Kennedy Property sale proceeds up to $2,828,850.11 plus pre-judgment and post-judgment interest, the remaining sale proceeds shall be assigned to Francisco Almeida-León, Wanda Cruz-Quiles, their Conjugal Partnership, and Juan Almeida-León.

(7) WM Capital Management, Inc. is awarded post-judgment and pre-judgment interest. Post-judgment interest shall begin to accrue as of the entry of this Judgment at the rate provided for in 28 U.S.C. § 1961. Pre-judgment interest shall be calculated from June 7, 2016 until the date of the entry this Judgment at a rate of 6% per annum.

This is a Final Judgment on all claims in this lawsuit. It is a Final Judgment against Plaintiffs/Counter-Defendants' three claims: breach of contract; litigious credit, and co-owner redemption under Puerto Rico law; and it is a Final Judgment in favor of WM Capital Management, Inc.'s counterclaim for specific performance.

*Final J.* at 1-2 (ECF No. 289).

### B. Post-Judgment Events

On July 19, 2019, the Almeida Plaintiffs appealed to the First Circuit Court of Appeals. *Notice of Appeal* (ECF No. 301); *Notice of Appeal* (ECF No. 302). The Almeida Plaintiffs did not move for a stay of judgment pending appeal pursuant to Rule 8 of the Federal Rules of Appellate Procedure. WM Capital sought to enforce the Final Judgment during the pendency of the appeal; however, the Almeida Plaintiffs refused to cooperate.

On May 29, 2020, the Court issued an order on a number of post-judgment motions by the parties, including WM Capital's first motion for contempt and sanctions against the Almeida Plaintiffs and their attorneys and WM Capital's motion for execution of judgment. *Order on Post-J. Mots.* (ECF No. 373) (*Post-J. Order*). The Court found WM Capital's motion for contempt was premature and dismissed it without prejudice. *Id.* at 47. However, the Court granted WM Capital's motion for execution but declined to grant WM Capital's request to appoint the U.S. Marshal to execute the Final Judgment for the Almeida Plaintiffs. *Id.* at 39-42.

The Almeida Plaintiffs refused to comply with the Court's May 29, 2020 order to execute the Final Judgment. On July 13, 2020, WM Capital filed a motion requesting that the Court exercise its power under Federal Rule of Civil Procedure 70(a) to appoint the office of the U.S. Marshal to act on behalf of the Almeida Plaintiffs and execute documents necessary to enforce the Court's judgment. *WM Capital's Req. for the Appointment of the Office of the U.S. Marshal to Act on Behalf of the Almeidas and Related Orders* (ECF No. 378). On August 3, 2020, the

Court issued an order on WM Capital's Rule 70(a) motion, again declining to appoint the U.S. Marshal without its consent and ordering WM Capital to propose the name of a third party to serve as Rule 70(a) appointee or to procure the U.S. Marshal's consent. *Order on WM Capital's Req. for the Appointment of the Office of the U.S. Marshal on Behalf of the Plaintiffs* (ECF No. 383).

On August 10, 2020, WM Capital submitted its proposed Rule 70(a) designee, Dora L. Monserrate, Esq., a longtime attorney in Puerto Rico. *WM Capital's Mot. in Compliance with Order to Appoint Third Party to Act on Behalf of the Almeidas* (ECF No. 385). On October 2, 2020, the Court granted WM Capital's motion to appoint Attorney Monserrate under Rule 70(a) after rejecting numerous objections by the Almeida Plaintiffs. *Order Granting WM Capital Management, Inc.'s Mot. to Appoint a Third-Party to Act on Behalf of Pls.* (ECF No. 400). On October 30, 2020, the Almeida Plaintiffs appealed Attorney Monserrate's appointment to the First Circuit, where the appeal remains pending. *Notice of Appeal* (ECF No. 401).

On March 26, 2021, the First Circuit issued an opinion affirming this Court's grant of summary judgment in favor of WM Capital, which was docketed in this case on March 29, 2021. *Slip Op. of the Ct. of Appeals* (ECF No. 408); *J.* (ECF No. 409); *Almeida-León v. WM Capital Mgmt., Inc.*, 993 F.3d 1 (1st Cir. 2021). Despite the First Circuit's decision, the Almeida Plaintiffs still refused to execute the Final Judgment.

On March 29, 2021, the same day that the Clerk of Court docketed the First Circuit's opinion, WM Capital and Attorney Monserrate filed a joint motion in Puerto

Rico state court to foreclose on the GMAC Note and Kennedy Notes. *Mot. Submitting English Translation of Exs. at ECF Nos. 412 & 416*, Attach. 2, *Joint Mot. to Foreclose Mortgage in Coordination with Case KCD2011-0142(908)* (ECF No. 422) (*GMAC Mot. to Foreclose*); *[WM's Emergency] Req. for Permanent Inj., Civil Contempt, Sanctions and Further Remedies Against the Almeidas and Their Attorneys* (ECF No. 416) (*WM's Contempt Mot.*), Attach. 1, *Moción Conjunta Solicitando Ejecución de Hipoteca y Venta de Bienes* (*Kennedy Mot. to Foreclose*). In response, the Almeida Plaintiffs and their attorneys filed opposition briefs in the state court cases, raising numerous claims that this Court's Final Judgment is unlawful and unenforceable and attempting to relitigate matters that this Court had already decided. *Mot. Submitting English Translation of Exs. at ECF Nos. 412 & 416*, Attach. 1, *Issues and Illegalities Regarding March 29, 2021 Mot.; Consequent Opp'n* (*Pls.' GMAC Opp'n*); *Mot. Submitting English Translation of Exhibits at ECF Nos. 412 & 416*, Attach. 4, *Mot. Informing About Illegalities and Excesses in Mot. of March 29, 2021*.

Due to the Almeida Plaintiffs' opposition, the Puerto Rico state courts have denied WM Capital and Attorney Monserrate's motions to foreclose on the Kennedy and GMAC Notes and subsequent motions for reconsideration in unexplained line orders. *Mot. Submitting English Translation of Exhibits at ECF Nos. 412 & 416*, Attach. 3, *Notice* at 1-2; *Informative Mot. Supplementing WM's Req. for Permanent Inj., Civil Contempt, Sanctions and Further Remedies Against the Almeidas and Their Attorneys*, Attach. 2, *Mot. Informing Decision by the Ct. in Case KCD2009-0708,*

7

*Resolution of April 13, 2021* (ECF No. 423); *WM's Suppl. Contempt Mot.* at 1-2; *id.*, Attach 2, *Notification*.

On April 21, 2021, WM Capital filed an emergency motion for contempt, sanctions, and a permanent injunction against the Almeida Plaintiffs and Tenerife. *WM's Contempt Mot.* On May 25, 2021, WM Capital notified the Court that the GMAC Court denied WM Capital and Attorney Monserrate's joint motion for reconsideration on May 19, 2021. *WM's Suppl. Contempt Mot.* at 1-2.

## II. DISCUSSION

The record before the Court shows that the Almeida Plaintiffs and their attorneys have taken extraordinary measures to willfully defy, undermine, and oppose the Final Judgment for approximately two years. Under these extreme circumstances, the Court finds there is likely merit to WM Capital's requests that the Court sanction the Almeida Plaintiffs and their attorneys, Edilberto Berríos Pérez, Fernando E. Longo-Quinones, and Roberto Berríos Falcón for contempt of this Court. Accordingly, the Court ORDERS the Almeida Plaintiffs and their attorneys to show cause within seven days as to why they should not be held in civil contempt for intentional non-compliance with the Final Judgment and other orders of this Court.

It is imperative that the Almeida Plaintiffs and their attorneys substantively respond to the allegations of contempt, rather than repeating their arguments challenging the Final Judgment and this Court's jurisdiction. The Court warns the Almeida Plaintiffs and their attorneys that they have tested the patience of this Court beyond endurance. In the nearly two decades that this Judge has acted as a federal

judge, it has read memoranda filled with such utter gibberish and irrelevancies only from pro se litigants. Never from counsel. This is not what the Court expects from members of its Bar and this Court will not allow Attorneys Berríos Pérez, Longo-Quinones, and Berríos-Falcón to continue to act in such an unprofessional manner without sanction.

What this Court demands is that the Almeida Plaintiffs isolate each paragraph of the June 27, 2019 Final Judgment and expressly represent to the Court what they, including their attorneys, have done to comply with the order. The time for rearguing the merits of the case, for blaming WM Capital, for postulating excuses for delay is long over. The only explanation the Court will accept is what the Almeida Plaintiffs and their attorneys have done to comply with this Court's Final Judgment. The question is simple, and the response must be direct and to the point.

The Court further warns the Almeida Plaintiffs and their attorneys that if do not respond professionally, logically, and honestly to this Order, the Court will deem their responses further evidence of their ongoing contempt of this Court. In issuing this Order, the Court expressly reminds Attorneys Edilberto Berríos Pérez, Fernando E. Longo-Quinones and Roberto Berríos Falcón that they are officers of this Court and have a professional duty not to mislead, obfuscate, or act in contempt of the Court's Final Judgments. The narrow question the Court is determined to discover is whether the Almeida Plaintiffs and their attorneys have complied with the express terms of this Court's Final Judgment. If they cannot demonstrate to the satisfaction of this Court that they have done so, the next question will be what sanctions to

impose upon the Almeida Plaintiffs and their attorneys for their intolerable contempt of this Court.

Once the Almeida Plaintiffs respond to this Order, the Court will afford WM Capital seven days to respond to whatever the Almeida Plaintiffs and their attorneys file.

The Court also informs the Almeida Plaintiffs and their attorneys that among the sanctions this Court is seriously considering are:

1. Divesting the Almeidas and Tenerife of their interests in the GMAC Note and Kennedy Notes pursuant to Rule 70(b) of the Federal Rules of Civil Procedure and vesting those interests in Attorney Monserrate so that she, as an officer of the Court, may execute the Final Judgment;

2. Issuing a permanent injunction enjoining the Almeida Plaintiffs and their attorneys from continuing any litigation in the GMAC and Kennedy Courts;

3. Holding the Almeida Plaintiffs in civil contempt and imposing a fine of $10,000 for each day that passes in which they continue to obstruct the Final Judgment;

4. Holding the attorneys for the Almeida Plaintiffs in civil contempt and imposing a fine of $10,000 for each day that passes in which they continue to obstruct the Final Judgment; and

5. Ordering the Almeida Plaintiffs and their attorneys to reimburse WM Capital for the attorney's fees and expenses incurred in filing its Emergency Motion (ECF No. 416) and all related briefings.

Finally, the Court recognizes that this case is uniquely contentious and urges all parties to act prudently. The Court stresses to the Almeida Plaintiffs and their attorneys that they must comply with the Final Judgment of this Court. They must also refrain from further collateral relitigation while this Court is considering WM

Capital's various motions for sanctions. *See AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 425-26 (1st Cir. 2015) (explaining that district courts "enjoy[] wide latitude" to impose coercive sanctions for civil contempt after providing "notice and an opportunity to be heard").

## III. CONCLUSION

The Court ORDERS Juan Almeida-León, Wanda Cruz-Quiles, Francisco Almeida-León, Tenerife Real Estate Holdings, LLC, and attorneys Edilberto Berríos Pérez, Esq., Fernando E. Longo-Quinones, Esq., and Roberto Berríos Falcón, Esq., to respond to this Order within seven days. After the Almeida Plaintiffs and their attorneys respond to this Order, WM Capital shall have seven days to reply. The Court will then issue a further order to determine what actions it must take consistent with the law of civil contempt to enforce its own judgment.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2021.