UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| FRANCISCO ALMEIDA-LEÓN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:16-cv-01394-JAW-BJM |
| WM CAPITAL MANAGEMENT, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER ON CIVIL CONTEMPT AND PENDING MOTIONS**

In 2019, the Court issued a series of orders granting summary judgment to the defendant in this action. The final judgment dated June 27, 2019 ordered the plaintiffs to specifically perform a contract requiring liquidation of four mortgage notes and foreclosure in Puerto Rico state court of a valuable property in San Juan, Puerto Rico. For the last two years, the plaintiffs have refused to execute the judgment, despite a March 29, 2021 affirmance by the United States Court of Appeals for the First Circuit. Instead, the plaintiffs have relentlessly tried to relitigate the final judgment in this Court and collaterally obstructed execution of the final judgment in Puerto Rico state court.

On June 25, 2021, the Court ordered the plaintiffs and their attorneys to show cause as to why they should not be held in civil contempt for refusal to execute the final judgment and related court orders. The plaintiffs and defendant both

responded.  After reviewing the parties' submissions, the Court finds the plaintiffs in civil contempt and imposes several remedial measures.

## I.  BACKGROUND

This matter returns to the Court on WM Capital Management, Inc.'s (WM Capital) pending motions requesting a finding of contempt and imposition of sanctions against Francisco Almeida-León, Wanda Cruz-Quiles, their Conjugal Partnership, and Juan Almeida-León (the Almeidas), as well as Tenerife Real Estate Holdings, LLC, (Tenerife), collectively, the "Almeida Plaintiffs," and their attorneys, Edilberto Berríos Pérez, Esq., Roberto Berríos Falcón, Esq., and Fernando E. Longo-Quinones, Esq. *See [WM's] Mot. for Sanctions Against the Almeidas and Their Att'ys* (ECF No. 412); *[WM's Emergency] Req. for Permanent Inj., Civil Contempt, Sanctions and Further Remedies Against the Almeidas and Their Att'ys* (ECF No. 416); *Informative Mot. Supplementing WM's Req. for Permanent Inj., Civil Contempt, Sanctions and Further Remedies against the Almeidas and Their Att'ys* (ECF No. 423) (*Informative Mot.*); *Suppl. Mot. in Supp. of Emergency Req. Against the Almeidas and Their Att'ys in Light of the GMAC Ct.'s Refusal to Reconsider Its Order Stopping the Execution of the Final J. of This Ct.* (ECF No. 450) (*WM's Suppl. Contempt Mot.*).

Although the procedural history of this case is miserably complicated, the relevant facts are easy to understand.  In 2019, the Court issued a Final Judgment, which the Almeida Plaintiffs refuse to execute.  The Almeida Plaintiffs' refusal continues despite numerous orders of this Court, a decision of United States Court of

Appeals for the First Circuit, and a final warning that failure to comply with the order to show cause would result in remedial sanctions for contempt.

### A.    The Final Judgment

On May 8, 2019, after three years of hotly contested litigation, the Court issued a series of orders which granted summary judgment in favor of WM Capital and against the Almeida Plaintiffs. *Order Denying Co-Pls./Counter-Defs.' Mot. to Alter or Amend* (ECF No. 262); *Order on Co-Pl./Counter-Defs.' Mot. for Summ. J.* (ECF No. 263); *Am. Order on Def./Counter-Pl.'s Mot. for Summ. J.* (ECF No. 265) (*Am. Summ. J. Order*). Specifically, the Court granted summary judgment in favor of WM Capital on a claim against the Almeida Plaintiffs seeking specific performance of a contract (the 2014 Agreement) that controls the assignment and liquidation of four mortgage notes, known as the GMAC Note and the Kennedy Notes. *See generally Am. Summ. J. Order* at 57-60

On June 27, 2019, the Court issued the Final Judgment, which provided:

> (1) The Plaintiffs/Counter-Defendants shall within three (3) business days from the entry of Judgment in this case consign the four mortgage notes identified in the Agreement into the Puerto Rico Court of First Instance, KCD2011-0142, as stated in paragraph 3.1.2 of the Agreement.
>
> (2) The parties shall file a joint motion to the Puerto Rico Court of First Instance, KCD2011-0142, to foreclose on the four mortgage notes identified in paragraph 3.1.2 of the Agreement and sell the encumbered Kennedy Property via public auction as provided for under the Agreement.
>
> (3) As stated in paragraph 3.1.6 of the Agreement, the minimum bid price of the public auction shall be $3,850,000.

3

(4) If a third party purchases the Kennedy Property at public auction for the minimum bid price, the proceeds of such sale will be deposited in the U.S. District Court for the District of Puerto Rico's Designated Financial Institution pursuant to Local Rule 67. If a third party does not purchase the Kennedy Property for the minimum bid price, the parties shall proceed as proscribed in the Agreement.

(5) Once the foreclosure is completed and all proceeds from the public auction have been deposited into the U.S. District Court for the District of Puerto Rico's Designated Financial Institution, WM Capital Management, Inc., shall be paid first and full from the sale proceeds up to $2,828,850.11, corresponding with the Judgment amount entered on September 26, 2013 in *Federal Deposit Insurance Corporation as Receiver of RG Premier Bank of Puerto Rico v. Almeida-Leon et al.*, 3:12-cv-02025-FAB, *J.* (ECF No. 25), plus pre-judgment and post-judgment interest.

(6) After WM Capital Management, Inc. is paid first and in full satisfaction from the Kennedy Property sale proceeds up to $2,828,850.11 plus pre-judgment and post-judgment interest, the remaining sale proceeds shall be assigned to Francisco Almeida-León, Wanda Cruz-Quiles, their Conjugal Partnership, and Juan Almeida-León.

(7) WM Capital Management, Inc. is awarded post-judgment and pre-judgment interest. Post-judgment interest shall begin to accrue as of the entry of this Judgment at the rate provided for in 28 U.S.C. § 1961. Pre-judgment interest shall be calculated from June 7, 2016 until the date of the entry this Judgment at a rate of 6% per annum.

This is a Final Judgment on all claims in this lawsuit. It is a Final Judgment against Plaintiffs/Counter-Defendants' three claims: breach of contract; litigious credit, and co-owner redemption under Puerto Rico law; and it is a Final Judgment in favor of WM Capital Management, Inc.'s counterclaim for specific performance.

*Final J.* at 1-2 (ECF No. 289).

On July 19, 2019, the Almeida Plaintiffs appealed to the First Circuit. *Notice of Appeal* (ECF No. 301); *Notice of Appeal* (ECF No. 302). The Almeida Plaintiffs did not move to stay the Final Judgment pending appeal.

### B.    The Post-Judgment Motions and Order

#### 1.    WM Capital's First Motion for Contempt and Sanctions

On July 17, 2019, WM Capital filed an emergency motion for contempt, sanctions, and an injunction against the Almeida Plaintiffs.  *Emergency Mot. for Contempt, Sanctions and Inj. Against the Almeidas* (ECF No. 296).  The crux of WM Capital's motion for contempt was that the Almeida Plaintiffs failed to execute the Final Judgment, wrote restrictive language on the GMAC Note and Kennedy Notes, and attempted to undermine the Final Judgment by taking positions adverse to the Final Judgment in  collateral litigation in the Puerto Rico state courts.  *Id.* at 2-5.

#### 2.    WM Capital's Motion for Execution of Judgment

On November 22, 2019, WM Capital moved for an order requiring the Almeida Plaintiffs to execute the Final Judgment.  *WM Capital's Mot. for Execution of J.* (ECF No. 338).  The motion stated that the Almeida Plaintiffs failed to comply with the terms of the Final Judgment other than by consigning the four mortgage notes to the Puerto Rico state court.  *Id.* at 2-3.  According to WM Capital, the Almeida Plaintiffs refused to file a joint motion to foreclose on the mortgage notes.  *Id.* at 3.  WM Capital requested that the Court appoint a U.S. Marshal to execute the judgment pursuant to Rule 70 of the Federal Rules of Civil Procedure at the Almeida Plaintiffs' expense. *Id.*

On November 27, 2019, the Almeida Plaintiffs responded to WM Capital's motion for execution.  *Resp. to WM Capital's Mot. for Execution of J.* (ECF No. 340).  In that filing, Francisco Almeida-León, Wanda Cruz Quiles, and Juan Almeida-León

5

represented that they "do not oppose and also request" execution of the Final Judgment "under the exact terms of the July 28, 2014 Assignment Agreement, including the mathematical terms the parties agreed, stipulated and contracted." *Id.* at 2. The Almeida Plaintiffs requested that "public sale will take place on the three mortgage notes with a minimum and only bid price of $3,865,000.00, subject to the first mortgage lien exclusively owned by Tenerife, and any other lien that legally survives the public sale, which is what the contract provides for." *Id.* at 5-6.

### 3.    The Court's May 29, 2020 Order On Post-Judgment Motions

On May 29, 2020, the Court issued an order on a number of post-judgment motions by the parties, including WM Capital's first motion for contempt and WM Capital's motion for execution. *Order on Post-J. Mots.* (ECF No. 373) (*Post-J. Order*). The Court acknowledged that WM Capital had presented evidence of five actions the Almeida Plaintiffs had taken contrary to the Final Judgment. *Id.* at 45-47. The Court recounts the Almeida Plaintiffs' five actions and the Court's analysis of these actions in the May 29, 2020 order.

First, in an attempt to collaterally attack this Court's rulings, the Almeida Plaintiffs and Tenerife filed a lawsuit in state court against WM Capital's attorney, this Judge, Chief Judge Gelpí of this District, and other actors. *Id.* at 45. The case was removed to federal court and promptly dismissed with prejudice by Judge Young, sitting by designation in this District. *See Almeida-León v. Mellado-Villareal, et al.*, No. 3:19-cv-01533-WGY, *Order of Dismissal* (ECF No. 34).

6

Second, in defiance of this Court's rulings, the Almeida Plaintiffs argued Tenerife was not a party to the 2014 Agreement in their sur-reply to WM Capital's first motion for contempt. *Post-J. Order* at 45. The Court explained to the Almeida Plaintiffs that it could not accept this argument in the context of WM Capital's motion for contempt and sanctions. *Id.* The Court stated, "[i]f the Almeida Plaintiffs wished to challenge these rulings in this Court, they could have filed a post-judgment motion, but they cannot refuse to obey the rulings on the basis of rejected arguments." *Id.*

Third, the Almeida Plaintiffs tried to undermine the Final Judgment by inscribing restrictive indorsements on the mortgage notes that the Final Judgment ordered be consigned to the Puerto Rico state courts for foreclosure. *Id.* at 45-46. The post-judgment order explained, "[t]he Almeida Plaintiffs and Tenerife may not simply reimpose their rejected view of the terms of the Agreement in an effort to stymie the Court's rulings. If the Almeida Plaintiffs and Tenerife had wished to do so, they could have filed a bond to allow a stay of the execution of the Final Judgment pending appeal, but they did not do so." *Id.* at 46.

Fourth, the Almeida Plaintiffs argued that this Court's rulings were incorrect and that an earlier Puerto Rico state court ruling must take precedence over the Final Judgment. *Id.* Tenerife also argued that if this Court issued an injunction to execute the judgment, it would violate Tenerife's First Amendment rights. *Id.* The Court concluded these arguments were frivolous. *Id.*

Fifth, the Court found the language in many of the Almeida Plaintiffs' filings was "over the top." *Id.* For instance, the Almeida Plaintiffs accused WM Capital's

attorney of fraud, deceit, and extortion.  *Id.* (quoting *Mot. in Compliance with Order* (ECF No. 363) (*Almeida Pls.' Suppl. Resp.*)).

Despite this "extraordinary and disturbing" conduct by the Almeida Plaintiffs and their attorneys, the Court resolved that resolution of WM Capital's motion for contempt, sanctions, and an injunction was premature as of May 2020.  *Id.* at 47.  The Court reasoned that before issuing any sanctions, it would accord the parties their full due process rights, hold an evidentiary hearing or oral argument, if appropriate, and require more briefing.  *Id.*  The Court declined to grant WM Capital's request for an injunction, because it was simultaneously granting a motion for execution of judgment.  *Id.*  The Court dismissed WM Capital's motion for contempt without prejudice.  *Id.*

The Court's May 29, 2020 order also considered and granted in part WM Capital's motion for execution.  *Id.* at 36-42.  The Court rejected the Almeida Plaintiffs' invitation to grant the motion for execution using "the exact terms of the July 28, 2014 Assignment Agreement," because that "would require the Court to alter the terms of the Final Judgment while this case is pending on appeal."  *Id.* at 38.  Moreover, the Court noted that it previously rejected the reading of the 2014 Assignment Agreement that the Almeida Plaintiffs proposed.  *Id.*  Despite the Almeida Plaintiffs' objections, the Court declined to revisit its prior conclusions that Tenerife was a signatory to the 2014 Assignment Agreement and that WM Capital's counsel did not surreptitiously insert terms into that Agreement.  *Id.* at 39-40.  Additionally, the Court found it unnecessary to appoint the U.S. Marshal to act on

the Almeida Plaintiffs' behalf because the Court was "not convinced" that the Almeida

Plaintiffs would fail to comply with the order to execute. *Id.* at 42. The Court

reasoned that it was appropriate to hear from the U.S. Marshal before appointing the

Marshal to act in the Almeida Plaintiffs' stead. *Id.*

## C. The Appointment of Attorney Dora Monserrate Pursuant to Federal Rule of Civil Procedure 70(a)

The Almeida Plaintiffs refused to comply with the Court's May 29, 2020 order

to execute the Final Judgment. On July 13, 2020, WM Capital filed a motion

requesting that the Court exercise its power under Federal Rule of Civil

Procedure 70(a) to appoint the Office of the U.S. Marshal to act on behalf of the

Almeida Plaintiffs and execute documents necessary to enforce the Court's judgment.

*WM Capital's Req. for the Appointment of the Office of the U.S. Marshal to Act on*

*Behalf of the Almeidas and Related Orders* (ECF No. 378).

On August 3, 2020, the Court issued an order on WM Capital's Rule 70(a)

motion. *Order on WM Capital's Req. for the Appointment of the Office of the U.S.*

*Marshal on Behalf of the Plaintiffs* (ECF No. 383). The Court first found that the

Almeida Plaintiffs had not "adequately pledge[d] compliance with the final judgment"

and instead "attempt[ed] to reargue to this Court and to WM Capital their

disagreement with the rulings of this Court." *Id.* at 3-4. Accordingly, the Court

concluded it was appropriate to appoint a Rule 70(a) designee to execute the judgment

on behalf of the Almeida Plaintiffs. *Id.* at 4. Once again, the Court declined to appoint

the U.S. Marshal under Rule 70(a), and instead ordered WM Capital to either procure

the U.S. Marshal's consent to act for the Almeida Plaintiffs under Rule 70(a) or

propose "an individual—preferably, but not necessarily, an attorney familiar with commercial transactions—to act on behalf of the Almeida Plaintiffs and Tenerife under Rule 70(a)" within fourteen days.  *Id.* at 4-5.

On August 10, 2020, WM Capital submitted its proposed Rule 70(a) designee, Dora L. Monserrate, Esq.  *WM Capital's Mot. in Compliance with Order to Appoint Third Party to Act on Behalf of the Almeidas* (ECF No. 385).  On October 2, 2020, the Court granted WM Capital's motion to appoint Attorney Monserrate under Rule 70(a) after rejecting numerous objections by the Almeida Plaintiffs.  *Order Granting WM Capital Management, Inc.'s Mot. to Appoint a Third-Party to Act on Behalf of Pls.* (ECF No. 400) (*Monserrate Appointment Order*).  On October 30, 2020, the Almeida Plaintiffs appealed Attorney Monserrate's appointment to the First Circuit, where the appeal remains pending.  *Notice of Appeal* (ECF No. 401).  The Almeida Plaintiffs did not move for a stay pending appeal pursuant to Rule 8 of the Federal Rules of Appellate Procedure.

### D.   The Almeida Plaintiffs Threaten to Sue Attorney Monserrate

On February 24, 2021, Attorney Monserrate moved to file an informative motion under seal.  *Mot. of Dora L. Monserrate-Peñagarícano to File Informative Mot. Under Seal* (ECF No. 404).[1]   Later that day, Attorney Monserrate filed the informative motion under seal.  *Informative Mot. of Dora Monserrate-Peñagarícano*

---

[1]   Attorney Monserrate-Peñagarícano filed this motion under seal because of its sensitive nature. *Mot. of Dora L. Monserrate-Peñagarícano to File Informative Mot. Under Seal* at 1.  Because the contents of the motion are known by the parties and the contents are relevant to the Court's order, the Court generally describes the contents of the motion, despite its earlier order granting Attorney Monserrate-Peñagarícano's motion to restrict the motion.

(ECF No. 405). Attorney Monserrate attached a letter dated November 25, 2020 that she received from the Almeida Plaintiffs' attorney, Edilberto Berríos Pérez, Esq. *Id.*, Attach. 1, *Letter from Edilberto Berríos Pérez, Esq. to Dora L. Monserrate-Peñagarícano, Esq.* This letter referred to the Final Judgment as "illegal (and null)," said Attorney Monserrate had "no authority" to act on behalf of the Almeida Plaintiffs, and claimed the Final Judgment "did not end the controversy." *Id.* at 2-3. The letter also accused WM Capital and its attorneys of "massive and extensive" wrongdoing that was "fraudulent and actual bad faith." *Id.* at 3. Finally, the letter discouraged Attorney Monserrate from attempting to execute the Final Judgment and threatened to sue her if she did. *Id.* at 3.

### E.   The First Circuit Affirms the Final Judgment

On March 26, 2021, the First Circuit issued an opinion affirming this Court's grant of summary judgment in favor of WM Capital, which was docketed in this case on March 29, 2021. *Slip Op. of the Ct. of Appeals* (ECF No. 408); *J.* (ECF No. 409); *Almeida-León v. WM Capital Mgmt., Inc.*, 993 F.3d 1 (1st Cir. 2021). The decision is highly relevant to the contempt allegations against the Almeida Plaintiffs.

First, the First Circuit concluded that this Court correctly dismissed the Almeida Plaintiffs' right of redemption claim because the 2014 Agreement was a *pago por cesión de bienes*, or payment by assignment of property,[2] which does not constitute a change in ownership subject to the right of redemption. *Almeida-León*, 993 F.3d at 7-9. In reaching this conclusion, the First Circuit expressly rejected the Almeida

---

[2]      *See* 31 L.P.R.A. § 3179.

Plaintiffs' argument that this Court construed the 2014 Agreement as a trust agreement subject to the right of redemption. *Id.* at 9. As the First Circuit explained, this Court "explicitly rejected that argument" and "it likely would have been erroneous for the district court to have held that the 2014 Agreement created a trust." *Id.*

Second, the First Circuit upheld this Court's joinder of Tenerife under Federal Rule of Civil Procedure 20. *Id.* at 10-12. It expressly rejected the Almeida Plaintiffs' argument "that the dispute between WM Capital and Tenerife is 'fictitious' such that the district court lacked subject matter jurisdiction." *Id.* at 11. The First Circuit saw "no basis" for the Almeida Plaintiffs' position that joinder of Tenerife deprived this Court of subject matter jurisdiction. *Id.* Furthermore, the First Circuit concluded the Almeida Plaintiffs' argument that joining Tenerife deprived Tenerife of due process was "entirely lacking" and "contain[ed] factual misstatements." *Id.* at 11-12.

Third, the First Circuit concluded this Court properly entered summary judgment in favor of WM Capital on the Almeida Plaintiffs' breach of contract claim against WM Capital. *Id.* at 12-13. As the First Circuit explained, the alleged delay of "the sale of property through January 22, 2016, could not have caused the harm alleged by appellants where the sale of property was prohibited prior to February 11, 2016, in any event." *Id.* at 13. Thus, the First Circuit reasoned that the Almeida Plaintiffs' breach of contract claim "fails to allege a plausible theory of liability, and this failure provides a sufficient basis to affirm the district court's dismissal of that claim." *Id.*

Fourth, the First Circuit affirmed that WM Capital was entitled to summary judgment in its favor and specific performance of the 2014 Agreement. *Id.* at 13-15. The First Circuit wrote that it "agree[d] with the district court's interpretation of the relevant contract language." *Id.* at 15. It further stated that "the 2014 Agreement, to which Tenerife is a signatory, clearly contemplates the liquidation of both the Kennedy Notes and the GMAC Note with first priority from the proceeds going to WM Capital." *Id.* Accordingly, the First Circuit also upheld the Final Judgment's order of specific performance. *Id.*

The First Circuit addressed several of the Almeida Plaintiffs' other arguments in a footnote because those argument did not "merit[] substantial discussion." *Id.* at 15 n.20. These arguments included: (1) a claim that the summary judgment order is void because WM Capital failed to attach a sworn statement to its motion for summary judgment; (2) a claim that the district court erred when it "decided every factual issue;" (3) a claim lacking any record evidence that the district court "did not properly account for the 'deceit' and 'fraud' allegedly committed by WM Capital;" (4) attacks on this Court's Final Judgment that "largely track" the Almeida Plaintiffs' attacks on this Court's summary judgment decisions and "fail for the same reasons." *Id.* On the last point, the First Circuit further explained that the Almeida Plaintiffs could not challenge the Final Judgment on appeal because they "had the opportunity to object to the final judgment before the district court and failed to do so." *Id.* On April 16, 2021, the First Circuit issued its mandate. *Mandate* (ECF No. 413).

**F.    The Almeida Plaintiffs Defy the First Circuit's Decision; WM Capital Moves for Contempt and Sanctions**

The First Circuit's decision prompted a deluge of filings in this Court, the Puerto Rico state court overseeing the GMAC Note foreclosure (GMAC Court), and the Puerto Rico State court overseeing the foreclosures of the Kennedy Notes (Kennedy Court).  While the Court recounts the parties' specific actions below, the gist is that WM Capital and Attorney Monserrate have repeatedly attempted to execute the Final Judgment, and the Almeida Plaintiffs have repeatedly tried to stop them.  As a result, the Almeida Plaintiffs have prevented execution of the Final Judgment.

On March 29, 2021, the same day that the Clerk of Court docketed the First Circuit's opinion, WM Capital and Attorney Monserrate filed a joint motion in Puerto Rico state court to foreclose on the GMAC Note.  *Mot. Submitting English Translation of Exs. at ECF Nos. 412 & 416*, Attach. 2, *Joint Mot. to Foreclose Mortgage in Coordination with Case KCD2011-0142(908)* (ECF No. 422) (*GMAC Mot. to Foreclose*).  The motion to foreclose on the GMAC Note requested an order for the "Bailiffs' Office to make the necessary request and to coordinate with the courtroom of the Hon. Judge Cancio in the Kennedy case to carry out the Final Judgment according to its terms and to foreclose on the four promissory notes simultaneously." *Id.* at 4.  WM Capital and Attorney Monserrate filed a similar motion to foreclose on the Kennedy Notes.  *[WM's Emergency] Req. for Permanent Inj., Civil Contempt, Sanctions and Further Remedies Against the Almeidas and Their Att'ys* (ECF

No. 416) (*WM's Contempt Mot.*), Attach. 1, *Moción Conjunta Solicitando Ejecución de Hipoteca y Venta de Bienes* (*Kennedy Mot. to Foreclose*).

On April 9, 2021, the Almeida Plaintiffs responded in opposition to WM Capital and Attorney Monserrate's joint motion to foreclose on the GMAC Note.[3]   *Mot. Submitting English Translation of Exs. at ECF Nos. 412 & 416*, Attach. 1, *Issues and Illegalities Regarding March 29, 2021 Mot.; Consequent Opp'n* (*Pls.' GMAC Opp'n*). The Almeida Plaintiffs' opposition raised a number of objections to the joint motion to foreclose.  First, they repeated an argument that a prior procedural decision of the GMAC Court precluded this Court from entering the Final Judgment.[4]   *Id.* at 4. Second, they claimed the minimum bid price set forth by the Final Judgment violated Puerto Rico law and their due process rights.  *Id.* at 5-7.  Third, they asserted that the Final Judgment in this case did not require liquidation of the GMAC Note and "expressly orders the full preservation of all of Tenerife's rights with respect to the judgment in this case and the mortgage it owns."[5]   *Id.* at 7.  Fourth, the Almeida

---

[3]      Under the terms of the 2014 Agreement, WM Capital and Tenerife have an undivided one-half interest in the GMAC Note.  *Almeida-León*, 993 F.3d at 14.  Although Juan Almeida-León, Francisco Almeida-León, and Wanda Cruz Quiles do not have a personal ownership interest in the GMAC Note, their counsel joined Tenerife's counsel in objecting to WM Capital and Attorney Monserrate's joint motion to foreclose on the GMAC Note.  *Pls.' GMAC Opp'n* at 16.

[4]      The Almeida Plaintiffs' res judicata argument is frivolous at best and sanctionable at worst. *Am. Summ. J. Order* at 63-64.  That the Almeida Plaintiffs continue to raise such an utterly non-meritorious argument weighs strongly in favor of sanctions.  First, the language the Almeida Plaintiffs rely upon in the state order is dicta that has no preclusive effect.  *Id.* at 63.  Second, even if not dicta, the state court's procedural holding on WM Capital's right to intervene was not a substantive merits decision on the parties' breach of contract claims concerning the 2014 Agreement and therefore does not have a preclusive effect that prevented this Court from ordering specific performance of the 2014 Agreement.  *Id.*  Third, even if the state court's order were substantive and non-dicta, res judicata would not apply because "there is no perfect identity as to either the object or cause of the cases and no perfect identity of the parties."  *Id.*  Moreover, collateral estoppel is similarly inapplicable because this breach of contract case and the GMAC Note foreclosure action "involve different parties and different issues."  *Id.*

[5]      This claim by the Almeida Plaintiffs is demonstrably false.  The First Circuit affirmed this Court's conclusion that the plain language of the 2014 Agreement required the Almeida Plaintiffs to

Plaintiffs claimed this Court lacked jurisdiction to issue the Final Judgment and the Puerto Rico state courts lacked jurisdiction to execute the Final Judgment. *Id.* at 12-15. Therefore, the Almeida Plaintiffs requested that the GMAC Court deny the joint motion for consolidation and foreclosure. *Id.* at 15.

On April 13, 2021,[6] the Puerto Rico state court denied WM Capital and Attorney Monserrate's joint motion to foreclose on the GMAC Note in coordination with the Kennedy Notes. *Mot. Submitting English Translation of Exs. at ECF Nos. 412 & 416*, Attach. 3, *Notice* at 1-2. The Court is unsure how the GMAC Court reached this decision, as the order was an unexplained line order. *Id.* at 2.

On April 16, 2021, in the Kennedy Court, the Almeida Plaintiffs responded in opposition to WM Capital and Attorney Monserrate's March 29, 2021, joint motion to foreclose on the Kennedy Notes. *Mot. Submitting English Translation of Exs. at ECF Nos. 412 & 416*, Attach. 4, *Mot. Informing About Illegalities and Excesses in Mot. of March 29, 2021* (*Pls.' Kennedy Opp'n*). The filing largely repeated the jurisdictional arguments and challenges to this Court's Final Judgment that the Almeida Plaintiffs raised before the GMAC Court. *Id.* at 2-6.

On April 21, 2021, WM Capital filed an emergency motion for contempt, sanctions, and a permanent injunction against the Almeida Plaintiffs and

---

liquidate the GMAC Note held by Tenerife and that this Court "properly ordered specific performance of the terms of that contract." *Almeida-León*, 993 F.3d at 14-15. There is no basis for this Court, or any court, to conclude that the Final Judgment "expressly orders the full preservation of all of Tenerife's rights." The Final Judgment requires nothing less than liquidation of the GMAC Note. *Almeida-León*, 993 F.3d at 14-15.

6        The date of this order is confusing. To the Court, it appears Judge Candelario-López issued the order on April 13, 2021 but the parties did not receive notice of the order until April 16, 2021. *Mot. Submitting English Translation of Exhibits at ECF Nos. 412 & 416*, Attach. 3, *Notice* at 1-2.

Tenerife.  *WM's Contempt Mot.*  After recounting the Almeida Plaintiffs' actions to obstruct execution of the Final Judgment, WM Capital requested that the Court impose the following sanctions: (1) issue a permanent injunction ordering the Almeida Plaintiffs withdraw their opposition to the motion to foreclose and enjoining the Almeida Plaintiffs from continuing their collateral attacks in the state court; (2) hold the Almeida Plaintiffs in civil contempt and impose a fine of $10,000 a day for each day that they fail to comply with the injunction order; (3) impose attorney's fees and costs on the Almeida Plaintiffs and their attorneys for WM Capital's costs associated with seeking this injunctive relief; (4) employ Federal Rule of Civil Procedure 70(b) to divest the Almeida Plaintiffs of their interest in the Kennedy and GMAC Notes and vest those interests in Attorney Monserrate; and (5) grant any other remedy necessary to compel compliance with the judgment, including criminal contempt.  *Id.* at 10-18.

On April 22, 2021, the Court ordered WM Capital to submit English translations of the parties' filings in state court.  *Order* (ECF No. 421).  The Court stated it was "gravely concerned about WM Capital's allegations of apparent civil contempt against the Plaintiffs and Plaintiffs' counsel."  *Id.*  Accordingly, the Court indicated that, once it had a complete understanding of what happened in the Puerto Rico state court cases, it would likely issue an order to show cause as to why the Almeida Plaintiffs should not be held in contempt for willful disregard of this Court's orders.  *Id.*

Several hours after the Court issued its April 22, 2021 order, the Almeida Plaintiffs notified the Kennedy Court that the GMAC Court had denied WM Capital and Attorney Monserrate's joint motion for foreclosure. *Informative Mot.*, Attach. 2, *Mot. Informing Decision by the Ct. in Case KCD2009-0708, Resolution of April 13, 2021* (ECF No. 423). The Almeida Plaintiffs requested that the Kennedy Court take judicial notice of the GMAC Court's denial and "provide any other remedy deemed fair and appropriate under the laws and/or equity." *Id.* at 2.

On April 26, 2021, the Almeida Plaintiffs filed a motion in this Court requesting that the Court investigate misconduct and impose sanctions on WM Capital and its attorneys. *Mot. on Sanction to Parties and Att'ys; Resp. to Docket 412; Reiteration of Req. for Investigation of Conduct by Counsels, and Sanctions* (ECF No. 424) (*Pls.' Mot. for Sanctions*). The Almeida Plaintiffs attached a document purportedly "describing and evidencing the fraudulent conduct displayed [WM Capital] and its counsel." *Id.* at 1; *id.*, Attach. 1, *Letter from Edilberto Berríos Pérez, Esq., Francisco Almeida León, and Wanda Cruz Quiles to Attorney Jairo Mellado Villareal and Attorney Tessie Leal.*

On May 4, 2021, the Almeida Plaintiffs responded in opposition to WM Capital's second motion for contempt and sanctions. *Mot. Regarding Dockets 416 and 421, Lack of Subject Matter Jurisdiction to Modify Prior Final Firm State Ct. Js.; Opp'n to Requested Inj., Civil Contempt and Sanctions* (ECF No. 429) (*Pls.' Opp'n to WM's Contempt Mot.*). The Almeida Plaintiffs did not contest that they opposed the

18

joint motions WM Capital and Attorney Monserrate filed to execute the Final Judgment, but instead argued the Final Judgment is unlawful. *See generally id.*

On May 19, 2021, WM Capital notified the Court that it had filed a motion for reconsideration of the GMAC Court's denial of the joint motions to foreclose and an opposition to the Almeida Plaintiffs' filing in the Kennedy Court. *Mot. Submitting English Translations of Spanish Language Docs. at ECF Nos. 425-1 and 425-2* (ECF No. 446); *id.*, Attach. 1, *Mot. to Reconsider and Set Aside Order Denying Joint Mot. for Execution of J. for Being Contrary to Prior Orders by This Ct. and the Federal Ct.*; *id.*, Attach. 2, *WM's Position on Mot. Informing Alleged Illegalities and Excesses Filed by the Almeidas*.

On May 25, 2021, WM Capital notified this Court that the GMAC Court denied WM Capital and Attorney Monserrate's joint motion for reconsideration on May 19, 2021. *WM's Suppl. Contempt Mot.* at 1-2; *id.*, Attach 2, *Notification*. According to WM Capital, the GMAC Court denied the motion for reconsideration in a line order, and therefore "there is nothing to stop the Almeidas from foreclosing on the GMAC Note (without WM), receive all the proceeds from said sale, divest all funds from the sale – all in clear violation of the Final Judgment issued by this Court." *WM's Suppl. Contempt Mot.* at 2.

WM Capital requests that the Court issue the following relief:

1. **Divest the Almeidas and Tenerife of their interests** in the four mortgage notes object of this litigation and vesting said interests on Attorney Monserrate so that she, as an officer of the Court may execute the Judgment;

2. Issue a permanent injunction enjoining the Almeidas and their attorneys from continuing any litigation in the GMAC and Kennedy courts;

3. Hold them in civil contempt imposing a fine of $10,000 per each day that passes in which they continue to obstruct the Final Judgment;

4. Order the Almeidas and their attorneys to reimburse WM for the attorneys' fees and expenses incurred in filing its Emergency Motion (ECF No. 416) and all related briefings;

5. and Grant any other remedy that may be warranted to compel compliance with the Final Judgment, including, criminal contempt.

*Id.* (emphasis in original).

On June 1, 2021, the Almeida Plaintiffs responded in opposition to WM Capital's May 25, 2021 filing. *Opp'n to Req. for New Different J. (Dkt 450), Veiled as a Purported FRCP 70 Remedy* (ECF No. 453). Although the Almeida Plaintiffs say that they "do not seek to re-litigate the final judgment," they repeat their claim that this "Court exceeded its jurisdiction" by issuing the Final Judgment. *Id.* at 1-2. The Almeida Plaintiffs also say that the Final Judgment "adopt[s] and implement[s] WM Capital's fraudulent demands . . . [and] purports to modify and annul two prior State Court Judgments, which exceeds the constitutional jurisdictional boundaries of this Federal District Court." *Id.* at 2. Although this filing is best described as gibberish, the Almeida Plaintiffs seemingly object to divestment of their titles to the four mortgage notes under Federal Rule of Civil Procedure 70(b) and claim that execution of the Final Judgment violates the Takings Clause of the United States Constitution. *See generally id.*

On June 8, 2021, WM Capital moved for leave to file a reply to the Almeida Plaintiffs' June 1, 2021 filing, *Mot. for Leave to File Reply* (ECF No. 454), and attached a proposed reply. *Id*, Attach. 1, *WM[']s Reply in Supp. of the Suppl. Mot, the*

*Emergency Mot. and the Full Scope of Remedies Requested Therein in Particular Under Fed. R. Civ. P. 70(b).* Referring to the Almeida Plaintiffs' conduct in state court, WM Capital urges that "[t]he false representations by the Almeidas and their Attorneys effectively neutralized the orders of this Court to execute its Final Judgment . . . [and] neutralized the order to appoint Attorney Monserrate." *Id.* at 4. WM Capital insists that "[t]he work of Attorney Monserrate has been irredeemably obstructed" and "[s]ince the Almeidas will not stop torpedoing the execution of the Final Judgment, they must be stripped of their powers to do so." *Id.* Accordingly, WM Capital again requests that the Court invoke Rule 70(b) and vest title of the mortgage notes in Attorney Monserrate so that she may execute the Final Judgment. *Id.* at 4-5. On June 9, 2021, the Court accepted this reply for filing. *Order* (ECF No. 455).

On June 15, 2021, the Almeida Plaintiffs responded to WM Capital's June 8, 2021 reply.[7] *Resp. to Docket 454-1, Opp'n to Another Req. for Contradictory J., and Writ that Contradicts the J. It Purports to Execute; Reiterated Opp'n to Requested Inj., Civil Contempt, and Sanctions* (ECF No. 460). Once again, the Almeida Plaintiffs raised the following objections:

 a) multiple contradictory final judgments; b) lack of subject matter jurisdiction in federal courts to modify or annul a prior final State

---

[7]     The Court views this submission as argument for argument's sake. The Almeida Plaintiffs raise numerous objections; however, most are in the form of rhetorical questions. *See Resp. to Docket 454-1, Opp'n to Another Req. for Contradictory J., and Writ that Contradicts the J. It Purports to Execute; Reiterated Opp'n to Requested Inj., Civil Contempt, and Sanctions* at 4 ("Is WMC in default under the final judgment? Is WMC the one that is recalcitrant and refuses to adhere by and comply with the conduct commanded by the Final Judgment? Why?"). Furthermore, many of the Almeida Plaintiffs' objections are not accompanied by any citations to legal authority.

Court judgment; c) the Final Judgment in this case decrees that WMC is not owner nor is entitled to be owner of any part of the four mortgage notes; d) that the Final Judgment in this case commands that a stipulation be signed to take the mortgaged real estate to public sale in case no. KCD2011-0142 with a minimum and only bid price of $3,850,000.00, which is the exact same minimum bid price for the foreclosure public sale of only three mortgage notes; e) **the process in FRCP 70 was exhausted when Ms. Monserrate was appointed and signed the stipulation she saw fit at her own unrestricted will**; f) judicial taking; g) WMC's proposal is an unconstitutional condition; h) WMC proposes an unconstitutional presumption; i) the request for vesting title is a new different judgment than the one entered or even requested by the pleadings; j) this Court lacks subject matter jurisdiction to enter such yet additional contradictory judgment or to simply annul the one it dictated in this case, on the record as it stands.

*Id.* at 1-2 n.1 (emphasis in original). The Almeida Plaintiffs insist that WM Capital's failure to respond to these objections constitutes a waiver, and that the objections therefore have merit. *Id.* at 1-2. They also claim Rule 70(b) "does not apply" because the Final Judgment "does not order a conveyance." *Id.* at 4-5.

On June 17, 2021, WM Capital informed the Court that it is available for oral argument on its motion for contempt and sanctions but did not specifically request

oral argument. *WM's Informative Mot. on Oral Argument Regarding Its Emergency Mot.* (ECF No. 461).

### G.   The Court's Order to Show Cause and the Parties' Responses

#### 1.   The Order to Show Cause

On June 28, 2021,[8] the Court ordered the Almeida Plaintiffs and their attorneys, Edilberto Berríos Pérez, Esq., Fernando E. Longo-Quinones, Esq., and Roberto Berríos Falcón, Esq. to show cause within seven days as to why they should not be held in civil contempt for "intentional non-compliance with the Final Judgment and other orders of this Court." *Second Am. Order to Show Cause* at 8 (ECF No. 464) (*Show Cause Order*).

The Court specifically ordered the Almeida Plaintiffs and their attorneys to "isolate each paragraph of the June 27, 2019 Final Judgment and expressly represent to the Court what they, including their attorneys, have done to comply with the order." *Id.* at 9. The Court cautioned that "[t]he time for rearguing the merits of the case, for blaming WM Capital, for postulating excuses for delay is long over. The only explanation the Court will accept is what the Almeida Plaintiffs and their attorneys have done to comply with this Court's Final Judgment." *Id.* The Court also stressed to the Almeida Plaintiffs and their attorneys that they "must comply with the Final Judgment" and "must also refrain from further collateral relitigation while this Court is considering WM Capital's various motions for sanctions." *Id.* at 10-11.

---

[8]      The Court issued two prior orders to show cause that it rescinded due to errors. *Order to Show Cause* (ECF No. 462); *Am. Order to Show Cause* (ECF No. 463).

Finally, the Court informed the Almeida Plaintiffs and their attorneys that it was seriously considering imposing the following remedial measures:

1.    Divesting the Almeidas and Tenerife of their interests in the GMAC Note and Kennedy Notes pursuant to Rule 70(b) of the Federal Rules of Civil Procedure and vesting those interests in Attorney Monserrate so that she, as an officer of the Court, may execute the Final Judgment;

2.    Issuing a permanent injunction enjoining the Almeida Plaintiffs and their attorneys from continuing any litigation in the GMAC and Kennedy Courts;

3.    Holding the Almeida Plaintiffs in civil contempt and imposing a fine of $10,000 for each day that passes in which they continue to obstruct the Final Judgment;

4.    Holding the attorneys for the Almeida Plaintiffs in civil contempt and imposing a fine of $10,000 for each day that passes in which they continue to obstruct the Final Judgment; and

5.    Ordering the Almeida Plaintiffs and their attorneys to reimburse WM Capital for the attorney's   fees and expenses incurred in filing its Emergency Motion (ECF No. 416) and all related briefings.

*Id.* at 10.

### 2.    The Almeida Plaintiffs' Response

On July 2, 2021, the Almeida Plaintiffs responded to the Court's order to show cause. *Mot. in Compliance with Order to Show Cause* (ECF No. 465) (*Pls.' Show Cause Resp.*). First, consistent with the Court's instructions, the Almeida Plaintiffs outlined the actions they had taken to comply with the Final Judgment. *Id.* at 2-3. The Almeida Plaintiffs claim that, pursuant to the first paragraph of the Final Judgment, they "deposited the four mortgage notes in case no. KCD2011-0142 on July 15, 2019. Rule 62(a) provides for an automatic stay of proceedings to enforce

24

judgments of 30 days from the entry of the judgment" and therefore "complied with paragraph one (1) of the Final Judgment." *Id.* at 2.

The Almeida Plaintiffs also claim that they complied with the second paragraph of the Final Judgment, which requires the parties to "file a joint motion to the Puerto Rico Court of First Instance, KCD2011-0142, to foreclose on the four mortgage notes identified in paragraph 3.1.2 of the Agreement and sell the encumbered Kennedy Property via public auction as provided for under the Agreement." *Id.* at 2-3. In support of this assertion, the Almeida Plaintiffs contend that because the Court appointed Attorney Monserrate to execute the judgment, her filing of joint motions to foreclose in the Kennedy Court and GMAC Court satisfies their own obligations under the Final Judgment. *Id.* at 4. On the same grounds, the Almeida Plaintiffs contend they complied with the third paragraph of the Final Judgment, which provides that "As stated in paragraph 3.1.6 of the Agreement, the minimum bid price of the public auction shall be $3,850,000." *Id.* at 5. They further claim that the remaining paragraphs of the Final Judgment have not been completed because "they deal with steps to be taken once the final auction is conducted, which, as of this date, has not occurred." *Id.*

After describing their purported compliance with the Final Judgment, the Almeida Plaintiffs request that the Court issue two orders. *Id.* at 6-12. First, the Almeida Plaintiffs request that the Court "**issue an injunction against the State Courts and Judges of Puerto Rico**, to proceed with foreclosure under the terms of this Honorable Court's Final Judgment" under the All Writs Act, 28 U.S.C. § 2283.

25

*Id.* at 6 (emphasis in original).  The Almeida Plaintiffs and their attorneys say they "**do not have any power or authority to command State Court Judges on what to do in the cases each one presides**."  *Id.* at 7 (emphasis in original). Despite their request for an injunction, the Almeida Plaintiffs disclaim that their "request may not be construed that plaintiffs suggest that such *injunction*, under the facts of this case and the Final Judgment, is permissible, or even legal."  *Id.* at 8 (emphasis in original).  The Almeida Plaintiffs say that they "want the record to be clear, that they have, during many years, **strived to avoid** a confrontation between State and Federal courts and their jurisdiction."  *Id.* (emphasis in original).  They insist that their "request for issuance of the injunction against State Court Judges is to display the utmost action of cooperation with execution of the Final Judgment, and seeks to conclude this case."  *Id.* (emphasis in original).

Having insisted that they complied with the Final Judgment, the Almeida Plaintiffs take aim at the Final Judgment and the Court.  The Almeida Plaintiffs reassert that the Final Judgment is "contradictory," contains "absurdity,"  and "exceed[s] the limits of the Court's subject matter remedy jurisdiction."  *Id.* Additionally, the Almeida Plaintiffs argue that it was "not proper" for the Court to refer to their prior submissions as "gibberish" or to describe their actions as "unprofessional."  *Id.* at 9-10.  They claim that the Court's order to show cause "used charged language, conclusory statements, . . . epithets and offensive language."  *Id.* at 10.  Furthermore, the Almeida Plaintiffs urge that the Court's language is contrary to the Code of Judicial Conduct for United States Judges.  *Id.*

The Almeida Plaintiffs also request that the Court certify three questions to the Supreme Court of Puerto Rico. *Id.* at 11. The questions are:

> Whether State Courts may issue a writ to execute the final judgment that is not congruent with the terms contained in the final judgment which is being executed.

> Whether the minimum bid foreclosure price may be changed by others without participation of the mortgagor and/or junior lien holders.

> Whether the mortgage foreclosure process is in Rem, to which the principles of *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 280-281, 83 L.Ed. 285 (1939) applies.

*Id.* at 11.

In closing, the Almeida Plaintiffs say that they and "their respective attorneys have complied with the terms of the Final Judgment." *Id.* at 12. They attribute the denial of the joint motions to foreclose in the Kennedy and GMAC Courts to those courts' "lack of jurisdiction to amend [their] own final judgments to conform and comply with this Court's Final Judgment, among other grounds." *Id.* The Almeida Plaintiffs say that "State Courts have confirmed that WMC's Joint Motion is contrary to applicable law and may not be complied with" and that they "have performed every act required by the Final Judgment personally or by their Court appointed representative." *Id.* at 12. Accordingly, the Almeida Plaintiffs request an injunction "commanding each State Court Judge in the identified cases to comply with the exact terms of this Court's Final Judgment" and certification of three questions to the Supreme Court of Puerto Rico. *Id.* at 13.

### 3.    WM Capital's Response

On July 9, 2021, WM Capital responded to the Almeida Plaintiffs' response. *WM's Mot. in Compliance with Order to Show Cause and Responding to Document Filed by the Almeidas and Their Att'ys* (ECF No. 467) (*Def.'s Show Cause Resp.*). WM Capital represents that, after the Court docketed the order to show cause, WM Capital sent a letter to counsel for the Almeida Plaintiffs and requested that they allow the foreclosures to proceed. *Id.* at 2. According to WM Capital, the Almeida Plaintiffs never responded. *Id.*

WM Capital argues that the Almeida Plaintiffs' response "does not comply with the [order to show cause] in either form or substance." *Id.* It observes that the Almeida Plaintiffs "failed to show compliance with the Final Judgment, . . . digressed on discussing its merits . . . [and] shows no remorse or intent to comply." *Id.* WM Capital insists that the Almeida Plaintiffs have failed to comply with the Final Judgment because, although the Almeida Plaintiffs consigned the GMAC and Kennedy Notes to the Puerto Rico state courts, they wrote restrictive indorsements on the notes. *Id.* at 4 n.5. WM Capital disputes that the Almeida Plaintiffs and their attorneys have complied with the second and third paragraphs of the Final Judgment and point out that the Almeida Plaintiffs "admit that they themselves did not comply – but argue that the Court-appointed third-party under Fed. R. Civ. P 70(a) . . . complied for them." *Id.*

WM Capital also notes the Almeida Plaintiffs "admit that they filed motions opposing the joint motions to foreclose" in Puerto Rico state court. *Id.* at 5. WM

Capital calls the Almeida Plaintiffs' "attempt to minimize the effects of their collateral litigation in State Court" as "cynical." *Id.* at 6. It says "[t]he direct acts by the Almeidas and their attorneys are to blame for the denial by the GMAC Court of the joint motion to foreclose" and that if the Almeida Plaintiffs had merely cooperated, the Final Judgment would have been executed. *Id.*

WM Capital next rejects the Almeida Plaintiffs' request that this Court enjoin the Puerto Rico state courts. *Id.* at 8. WM Capital says that the "request is wholly unnecessary" because the Almeida Plaintiffs could cure any need for an injunction by merely consenting to the foreclosure. *Id.* Moreover, WM Capital submits that divesting the Almeida Plaintiffs of their title to the Kennedy and GMAC Notes under Federal Rule of Civil Procedure 70(b) would similarly prevent the need for an injunction. *Id.*

Turning to the other issues raised in the Almeida Plaintiffs' response to the order to show cause, WM Capital and its attorneys first express "embarrassment for" the Almeida Plaintiffs' and their attorneys' "inability to display remorse or embarrassment for what they have done." *Id.* at 10 n.13. Moreover, WM Capital rejects the Almeida Plaintiffs' request to certify three questions to the Supreme Court of Puerto Rico for two reasons. *Id.* at 11. First, it submits "the case has already been determined in full . . . [t]hus, there is no possibility that a certified question 'may determine the outcome of the case' because the outcome has already been determined." *Id.* Second, WM Capital observes that the legal questions "are not pure matters of state law" worthy of certification because two issues "pertain to the matter

of federal jurisdiction." *Id.* Thus, WM Capital requests that the Court issue the full measure of relief set forth in the order to show cause. *Id.* at 12.

## H. The Almeida Plaintiffs' July 9, 2021 Informative Motion

### 1. The Almeida Plaintiffs' Motion

On July 9, 2021, the Almeida Plaintiffs filed an informative motion with this Court. *Informative Mot.* (ECF No. 466). Through this filing, the Almeida Plaintiffs informed the Court that they had filed in state court "a motion requesting order, solely on State Law grounds, to protect the effectiveness of the final State Court judgment issued on November 7, 2011" in the Kennedy and GMAC Courts. *Id.* at 1-2. The Almeida Plaintiffs claim they "did not generate the contradictory final judgments; but are victims thereof." *Id.* at 2. The Almeida Plaintiffs did not attach copies of the motions they filed in state court.

### 2. WM Capital's Response

On July 12, 2021, WM Capital responded to the Almeida Plaintiffs' informative motion. *Resp. to Informative Mot. As Further Evidence of Contempt by the Almeidas and Their Att'ys* (ECF No. 468). WM Capital notes that the informative motion "fails to mention that the GMAC Motion requests an injunction against [WM Capital's attorneys] and WM to 'cease and desist' from their supposed contempt of the GMAC judgment and the January 27, 2018 'final judgment.'" *Id.* at 2. According to WM Capital, "[t]hese are the state court resolutions that the Almeidas previously claimed to be res judicata – an issue that this Court has decided against them." *Id.* WM Capital believes that by filing these motions, the Almeida Plaintiffs "are attempting

to confuse the new judge in the GMAC case" and cause "a possible conflict of rulings between this court and the GMAC court." *Id.*

WM Capital emphasizes that the Almeida Plaintiffs' informative motion "fails to disclose the amount and degree of misrepresentations that the Almeidas make in the GMAC Motion." *Id.* at 4. According to WM Capital, the Almeida Plaintiffs' GMAC motion: (1) "claims that the GMAC line orders – denying the joint request to foreclose filed by WM and Attorney Monserrate with the GMAC Court – are 'firm and final' judgments on the merits that WM did not appeal;" (2) "states that WM is asking for and this Court is considering an injunction against the 'Puerto Rico Courts, ordering them to violate, ignore, and disregard their own judgment;'" (3) "claim[s] that the First Circuit decision affirming this Court's judgment was 'unpublished,' has no Westlaw citation, and 'holds no precedential or even persuasive value;'" and (4) recounts "the judgments issued by this Court but conveniently omit this Court's Opinion & Orders (ECF Nos. 262-265) in which it rejected the Almeidas' res judicata arguments and entered summary judgment in favor of WM," and also omits that the Final Judgment requires liquidation of the GMAC Note as well as the Kennedy Notes. *Id.* at 5.

WM Capital also decries the Almeida Plaintiffs' request for an injunction of the Puerto Rico state courts as disingenuous and hypocritical. *Id.* at 6. It points out that mere days after the Almeida Plaintiffs requested an injunction against the state courts from acting in a manner contrary to the Final Judgment, the Almeida Plaintiffs have "plead[ed] to the same state court that this Court lacks jurisdiction,

31

doesn't deserve full faith and credit, and that this Court's judgment is unenforceable." *Id.* WM Capital also notes that the Almeida Plaintiffs have requested $10,000 in sanctions against WM Capital and its attorneys for each day WM Capital tries to enforce the Final Judgment. *Id.*

## II.   DISCUSSION

The Court concludes the Almeida Plaintiffs and their attorneys are in civil contempt for their refusal to execute the Final Judgment (ECF No. 289) and imposes remedial sanctions.  In addition, the Court denies several requests by the Almeida Plaintiffs as meritless.

### A.   Civil Contempt

Compliance with an order from a federal judge is not optional.  Federal courts have authority to impose civil contempt sanctions "to coerce compliance with a court order or to compensate a party harmed by non-compliance." *United States v. Puerto Rico*, 642 F.3d 103, 108 (1st Cir. 2011).  Due to the "contempt power's virility and damage potential," federal courts use a four-pronged test to cabin judicial discretion and ensure that judges exercise their contempt powers judiciously. *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005) (quoting *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991)).  A complaining party must prove civil contempt by clear and convincing evidence. *Project B.A.S.I.C.*, 947 F.2d at 16.

Civil contempt has four elements. *Saccoccia*, 433 F.3d at 27.  First, the evidence must show "that the alleged contemnor had notice that he was 'within the order's ambit.'" *Id.* (quoting *Project B.A.S.I.C.*, 947 F.2d at 17).  Second, the court's

order must have been "clear and unambiguous." *Id.* (quoting *AccuSoft Corp. v. Palo*, 237 F.3d 31, 47 (1st Cir. 2001)).  Third, the alleged contemnor must have "had the ability to comply" with the order the contemnor is alleged to have violated.  *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).  Fourth, the alleged contemnor must have actually violated the court order.  *Id.* (citing *Project B.A.S.I.C.*, 433 F.2d at 27).

"Since the civil contemnor may absolve herself of the sanction by complying with the contempt order, civil contempt sanctions may be imposed with merely notice and an opportunity to be heard." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 426 (1st Cir. 2015) (citing *United States v. Winter*, 70 F.3d 655, 661 (1st Cir. 1995)). When there is no dispute of material fact and the contemnor does not request a hearing, a court may resolve contempt allegations  "on the papers" "[if] given the nature and circumstances of the case,  . . . the parties ha[d] a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions[.]" *Morales-Feliciano v. Parole Bd. of P.R.*, 887 F.2d 1, 6 (1st Cir. 1989) (extending *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 894 (1st Cir. 1988) to civil contempt proceedings) (alteration in *Morales-Feliciano*).

Here, the Court concludes it may, consistent with principles of due process, resolve the allegations of civil contempt against the Almeida Plaintiffs and their attorneys without a hearing. The Court's July 28, 2021 order to show cause identified the allegedly contemptuous conduct by the Almeida Plaintiffs and their attorneys, identified the potential sanctions, and gave the parties ample opportunity to respond

to the allegations. *Show Cause Order.* The Almeida Plaintiffs responded by admitting that they had not themselves complied with the Final Judgment and by reiterating their objections to the Final Judgment's lawfulness. *Pls.' Show Cause Resp.* at 4-5. No party requested a hearing and neither the Court nor the parties have identified any genuine dispute of material fact relevant to the contempt allegations.

The Court concludes that Francisco Almeida-León, Wanda Cruz Quiles, their Conjugal Partnership, and Juan Almeida-León, as well as Tenerife Real Estate Holdings, LLC, and their attorneys, Edilberto Berríos Pérez, Esq., Roberto Berríos Falcón, Esq., Fernando E. Longo-Quinones, Esq. are in contempt of the Final Judgment (ECF No. 289). These actors are subject to the clear and unambiguous Final Judgment, had actual notice of the Final Judgment, and have continued to defy, obstruct, and challenge the Final Judgment as unlawful. Their contempt of the Final Judgment is evident, and the Court concludes remedial sanctions are appropriate.

### 1. The Almeida Plaintiffs and Their Attorneys Had Notice of the Final Judgment

The Court first turns to the issue of notice. "[I]t is beyond serious question that, as a necessary prelude to a finding of contempt, the putative contemnor should have reasonably definite advance notice that a court order applies to it." *Project B.A.S.I.C.*, 947 F.2d at 17. Pursuant to Federal Rule of Civil Procedure 65(d)(2), a court order imposing injunctive relief binds not only the parties, but also "the parties' officers, agents, servants, employees, and attorneys" when those individuals "receive actual notice of [the injunction] by personal service or otherwise." FED. R. CIV. P. 65(d)(2)(B); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) (explaining that

parties "may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding").

The Court concludes the Almeida Plaintiffs and their attorneys had actual notice that the Final Judgment applied to them. First, there can be no doubt that the Final Judgment applies to the Almeida Plaintiffs and their counsel because it specifically ordered them to act. The Final Judgment requires the Almeida Plaintiffs to consign the GMAC Note and Kennedy Notes to the Puerto Rico state court pursuant to the 2014 Agreement. *See Final J.* at 1 ("The Plaintiffs/Counter-Defendants shall within three (3) business days from the entry of Judgment in this case consign the four mortgage notes identified in the Agreement into the Puerto Rico Court of First Instance, KCD2011-0142, as stated in paragraph 3.1.2 of the Agreement"). In addition, the Final Judgment required "the parties" to "file a joint motion to the Puerto Rico Court of First Instance, KCD2011-0142, to foreclose on the four mortgage notes identified in paragraph 3.1.2 of the Agreement and sell the encumbered Kennedy Property via public auction as provided for under the Agreement." *Id.* at 1-2.

Second, it is beyond dispute that the Almeida Plaintiffs and their attorneys had notice of the Final Judgment and its binding effect. The docket in this matter is teeming with filings signed by Attorney Berríos Pérez, Attorney Berríos Falcón, and Attorney Longo-Quinones, on behalf of the Almeidas and Tenerife, challenging the validity and enforceability of the Final Judgment against them. Therefore, the Court finds by clear and convincing evidence that the Almeida Plaintiffs and Attorneys

35

Berríos Pérez, Berríos Falcón, and Longo-Quinones had actual notice that the Final Judgment applied to them.

### 2.    The Final Judgment is Clear and Unambiguous

Next, the Court considers whether the Final Judgment is "clear and unambiguous." For an order to be "clear and unambiguous," the "putative contemnor [must be] able to ascertain from the four corners of the order precisely what acts are forbidden." *Saccoccia*, 433 F.3d at 28 (quoting *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 76 (1st Cir. 2002) (internal quotation marks omitted)). This prong requires that "the words of the court's order have clearly and unambiguously forbidden *the precise conduct on which the contempt allegation is based*." *Id.* (emphasis in original). "[A]ny ambiguities or uncertainties . . . must be read in a light favorable to the person charged with contempt." *Project B.A.S.I.C.*, 947 F.2d at 16.

The Final Judgment is clear and unambiguous. As written, it requires the Almeida Plaintiffs to consign the Kennedy and GMAC Notes to the Puerto Rico state court, and to file a joint motion with WM Capital to foreclose on the notes and proceed to a public sale of the Kennedy Property as specified in the 2014 Agreement. *Final J.* at 1-2. By ordering that the Almeida Plaintiffs to join WM Capital in a motion to foreclose on the Kennedy and GMAC Notes, the Final Judgment necessarily required the Almeida Plaintiffs to sign the joint motion and forbade them from opposing the motion in Puerto Rico state court. The Court sees no merit whatsoever to the Almeida Plaintiffs' argument that the Final Judgment is ambiguous and contradictory. Therefore, the Court finds by clear and convincing evidence that the Final Judgment

was clear and unambiguous, and prohibited the allegedly contemptuous conduct— that is, the refusal to sign the joint motion and filing of opposition briefs by the Almeida Plaintiffs and their attorneys.

### 3. The Almeida Plaintiffs and their Attorneys Could Have Complied With the Final Judgment

The third prong of the contempt inquiry considers whether it was possible for the alleged contemnor to comply with the court order. *Saccoccia*, 433 F.3d at 27. If compliance with a court order is "impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action." *United States v. Rylander*, 460 U.S. 752, 757 (1983). However, the alleged contemnor "has a burden of production" on impossibility. *Id.* According to the Supreme Court, a contemnor must "show[] a current inability to comply with a court order" and "must overcome a presumption of ability to comply with a court order." *Hicks v. Feiock*, 479 U.S. 1305, 1306 (1986) (citing *Rylander*, 460 U.S. 752).

Compliance with the Final Judgment is factually and legally possible. As explained, the Final Judgment requires the Almeida Plaintiffs to (1) consign the GMAC and Kennedy Notes to the Puerto Rico state court and (2) join WM Capital in a motion to foreclose on the Notes and proceed to a public auction. The Almeida Plaintiffs and their attorneys have not demonstrated why it is impossible for them to sign a joint motion with WM Capital and proceed with the foreclosure. Nor have they demonstrated why it was impossible to refrain from filing opposition briefs in state court when Attorney Monserrate signed the joint motions to foreclose in the Kennedy and GMAC Courts and attempted to execute the Final Judgment.

The Almeida Plaintiffs have repeatedly argued that the Final Judgment is inconsistent with a prior judgment of the GMAC Court. *See, e.g.*, *Pls.' GMAC Opp'n* at 4; *Pls.' Show Cause Resp.* at 8. The Court acknowledges that the Almeida Plaintiffs' "legal position is that the Final Judgment is legally impossible to comply with, and is unconstitutional." *Pls.' Show Cause Resp.* at 8. The Court rejects the Almeida Plaintiffs' claim of legal impossibility as utterly lacking in merit, lacking in an understanding of the prior state court rulings it purports to rely upon, and lacking in anything resembling lawyerly legal analysis. *See supra* note 4; *Am. Summ. J. Order* at 63-64.

To the Court's knowledge, no prior orders of the Kennedy or GMAC Courts prohibit the Almeida Plaintiffs from joining WM Capital in a joint motion to foreclose on the Kennedy and GMAC Notes, and the Almeida Plaintiffs have not shown otherwise. Certainly, no order of the Kennedy or GMAC Courts requires the Almeida Plaintiffs to file opposition briefs each time that WM Capital and Attorney Monserrate attempt to execute the Final Judgment. Thus, the Court finds by clear and convincing evidence that it is, and has always been, legally and factually possible for the Almeida Plaintiffs and their attorneys to comply with the Final Judgment.

### 4. The Almeida Plaintiffs and their Attorneys Did Not Comply with the Final Judgment

Finally, the Court must consider whether the Almeida Plaintiffs and their attorneys have complied with the Final Judgment. They did not. In making this determination, the Court chiefly relies upon the Almeida Plaintiffs' representations

in response to the Court's order to show cause as well as the parties' submissions over the last two years.

In response to this Court's order to show cause, the Almeida Plaintiffs represented that they complied with the Final Judgment by consigning the GMAC and Kennedy Notes to the Puerto Rico state court on July 15, 2019. *Pls.' Show Cause Resp.* at 2. They further assert that they complied with the Final Judgment because the Court appointed Attorney Monserrate under Rule 70(a) to execute the Final Judgment on their behalf and she filed a joint motion to foreclose with WM Capital. *Id.* at 2-5.

Neither assertion withstands scrutiny. To the first point, the Court accepts that the Almeida Plaintiffs consigned the GMAC Note and Kennedy Note to the state court. Before doing so, however, the Almeida Plaintiffs appended restrictive indorsements to the Notes. *Emergency Mot. for Contempt, Sanctions and Inj. Against the Almeidas* at 22-27 (ECF No. 296). The legal effect of these indorsements remains unclear. What is clear, however, is that the Final Judgment did not authorize the Almeida Plaintiffs to modify the Notes before consigning the Notes to the state court. Inscribing indorsements on the Notes intended to prevent the foreclosure sale, and therefore prevent execution of the Final Judgment, is contempt of the Final Judgment. The Court finds the indorsements are evidence of the Almeida Plaintiffs' noncompliance with the Final Judgment and contempt of this Court. Accordingly, the Court will strike the indorsements as void if they impair execution of the Final Judgment.

The Court also rejects the Almeida Plaintiffs' assertion that the Court should attribute Attorney Monserrate's signing of the joint motion to the Almeida Plaintiffs in the context of a motion for civil contempt. This argument is absurd. The Court appointed Attorney Monserrate precisely because the Almeida Plaintiffs refuse to execute the Final Judgment. In response to Attorney Monserrate's appointment, the Almeida Plaintiffs threatened to sue Attorney Monserrate if she attempted to execute the Final Judgment as the Court ordered. *See Informative Mot. of Dora Monserrate-Peñagarícano*, Attach. 1, *Letter from Edilberto Berríos Pérez, Esq. to Dora L. Monserrate-Peñagarícano, Esq.* Then, when Attorney Monserrate and WM Capital filed the joint motions to foreclose in state court, the Almeida Plaintiffs and their attorneys filed opposition briefs, objecting to Attorney Monserrate's authority and the lawfulness of the Final Judgment. *Pls.' GMAC Opp'n*; *Pls.' Kennedy Opp'n*. As a result, the GMAC Court denied the joint motion to foreclose and a subsequent motion for reconsideration by WM Capital. *Mot. Submitting English Translation of Exhibits at ECF Nos. 412 & 416*, Attach. 3, *Notice* at 1-2; *WM's Suppl. Contempt Mot.* at 1-2; *id.*, Attach 2, *Notification*.

The Almeida Plaintiffs and their attorneys do not deny making these filings before the Kennedy and GMAC Courts. *Pls.' Show Cause Resp.* at 4. Instead, they say "[t]he appearing parties, through their respective counsels of record, illustrated the State Court on the various unsurmountable issues . . . and contradictions contained in the Joint Motion. See Docket 416-4 and 422-4." *Id.* The Court concludes this is a concession by the Almeida Plaintiffs and their attorneys that they engaged

in the allegedly contemptuous conduct of opposing WM Capital's motions to foreclose in state court. *Id.* Additionally, on July 9, 2021, the Almeida Plaintiffs submitted to the Court that they are taking further measures to "protect the effectiveness of the final State Court judgment issued on November 7, 2011." *Informative Mot.* at 1 (ECF No. 466). Given the Almeida Plaintiffs' prior submissions that the state court judgments require compliance but the Final Judgment does not, the Court finds that this continued collateral relitigation is another act in defiance of the Court's order that the Almeida Plaintiffs shall jointly move to foreclose on the Kennedy and GMAC Notes.

On the record before it, the Court finds by clear and convincing evidence that the Almeida Plaintiffs and their attorneys are in active contempt of the Final Judgment. More than two years have passed since entry of judgment in this case, and the Almeida Plaintiffs still refuse to comply with the Final Judgment and are actively undermining WM Capital and Attorney Monserrate's efforts to execute it. The lawless conduct by the Almeida Plaintiffs and their attorneys is self-evident and unrepentant contempt of this Court.

The Court does not issue this finding lightly. The Court has been extremely careful to use its contempt power only as a last resort and repeatedly encouraged the Almeida Plaintiffs to comply with the Final Judgment. During this time, the Court has been exceptionally forgiving of the unacceptable tactics by the Almeida Plaintiffs and their attorneys. However, at every turn, the Almeida Plaintiffs have refused to

comply.  No longer.  Therefore, in defense of the rule of law, the Court will use its contempt powers to bring about execution of the Final Judgment.

### B.    Remedial Measures

There remains the question of the appropriate remedial sanctions to compel the Almeida Plaintiffs and their attorneys to execute the Final Judgment.  The Court is mindful of the First Circuit's command that civil contempt penalties must be "meant to coerce compliance rather than punish past noncompliance."  *Hawkins v. N.H. Dep't of Health and Human Servs.*, 665 F.3d 25, 32 (1st Cir. 2012).  At the same time, the Court may "compensate a party harmed by non-compliance."  *Puerto Rico*, 642 F.3d at 108.

The Court has resolved to impose the following remedial sanctions.  The Almeida Plaintiffs may purge the civil contempt at any time by executing the Final Judgment.  The sanctions are as follows:

1. During the fourteen (14) days immediately following the date of this Order, the Almeida Plaintiffs and their attorneys shall not incur any penalties for their civil contempt of the Final Judgment.

2. If, however, the Almeida Plaintiffs and their attorneys do not execute the Final Judgment within fourteen (14) days of this Order, Francisco Almeida-León, Wanda Cruz Quiles, their Conjugal Partnership, and Juan Almeida-León, as well as Tenerife Real Estate Holdings, LLC shall be jointly and severally liable for $10,000.00 per day for each day thereafter that passes without execution of the Final Judgment.  This amount shall be paid to the Clerk of Court for the District of Puerto Rico.  Contemporaneously, attorneys Edilberto Berríos Pérez, Esq., Roberto Berríos Falcón, Esq., and Fernando E. Longo-Quinones, Esq., shall be jointly and severally liable, separate from the liability imposed on the Almeida Plaintiffs, for $10,000.00 per day for each day that passes without execution of the Final Judgment.  This amount shall be paid to the Clerk of Court for the District of Puerto Rico.

3. If no party demonstrates to the satisfaction of this Court that the Almeida Plaintiffs and their attorneys have executed the Final Judgment within twenty-eight (28) days of this Order, the Court shall, pursuant to Federal Rule of Civil Procedure 70(b), divest the Almeida Plaintiffs' title to the Kennedy Notes and the GMAC Note and vest title to the GMAC Note and Kennedy Notes in Attorney Monserrate, solely in her capacity as an officer of this Court, and order Attorney Monserrate to execute the Final Judgment. The Court reserves discretion to impose further remedial measures as the circumstances may require.

4. Francisco Almeida-León, Wanda Cruz Quiles, their Conjugal Partnership, and Juan Almeida-León, as well as Tenerife Real Estate Holdings, LLC and attorneys Edilberto Berríos Pérez, Esq., Roberto Berríos Falcón, Esq., and Fernando E. Longo-Quinones, Esq., shall be jointly and severally liable for the attorney's fees and expenses WM Capital incurred in filing the Request for a Permanent Injunction, Civil Contempt, Sanctions and Further Remedies Against the Almeidas and Their Attorneys (ECF No. 416) and all related filings in this Court and the Puerto Rico state courts. Civil contempt, however, has been proven.

## C. Other Issues

The Court must tie up several loose ends. First, the Court rejects the Almeida Plaintiffs' request that the Court enjoin the Puerto Rico state courts from preventing WM Capital and Attorney Monserrate from executing the Final Judgment. In light of the Court's imposition of sanctions for civil contempt against the Almeida Plaintiffs and their attorneys, such an injunction is neither necessary nor appropriate. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988) ("The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in the state courts"). The Almeida Plaintiffs and their attorneys are the reason that the Final Judgment remains unexecuted, not the Puerto Rico state courts.

Second, the Court will not certify any questions to the Supreme Court of Puerto Rico. *See Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876, 1891 n.7 (2018)

(describing the decision to certify a question as "rest[ing] in the sound discretion of the federal court") (internal citation omitted).  The Court resolved the merits of this case years ago and the First Circuit affirmed this Court's decision.  The legal issues in this case are settled and certification would unnecessarily prolong this case without progressing toward an eventual resolution.  Moreover, two of the questions that the Almeida Plaintiffs seek to certify concern federal jurisdiction and therefore, federal law.  Subject-matter jurisdiction of a federal court is not a question of state law worthy of certification.

Finally, the Court denies the Almeida Plaintiffs' Motion on Sanction to Parties and Attorneys; Response to Docket 412; Reiteration of Request for Investigation of Conduct by Counsels, and Sanctions (ECF No. 424).  As purported evidence of misconduct by WM Capital and its attorneys, the Almeida Plaintiffs attached a letter signed by Attorney Berríos Pérez, Mr. Francisco Almeida-León, and Ms. Cruz Quiles, and addressed to WM Capital's attorneys.  *Id.*, Attach. 1, *Letter from Edilberto Berríos Pérez, Esq., Francisco Almeida León, and Wanda Cruz Quiles to Attorney Jairo Mellado Villareal and Attorney Tessie Leal.*

The record contains no basis for imposing sanctions on WM Capital or its attorneys.  The only purported evidence of misconduct by WM Capital is a document that appears to have been written by the Almeida Plaintiffs and their attorneys.  Standing alone, this self-serving letter is not a legitimate basis evidentiary or legal basis for sanctions or a finding of contempt against WM Capital and its attorneys.

44

## III.   CONCLUSION

1. The Court GRANTS in part and DENIES in part WM Capital, Inc.'s Motion for Sanctions Against the Almeidas and Their Attorneys (ECF No. 412) and Emergency Request for Permanent Injunction, Civil Contempt, Sanctions and Further Remedies Against the Almeidas and Their Attorneys (ECF No. 416). The Court GRANTS both motions to the extent that WM Capital requests that the Court hold the Almeida Plaintiffs and their attorneys are in contempt of the Final Judgment. The Court DENIES WM Capital's requested remedial sanctions and instead ORDERS the remedial sanctions set forth in this Order.

2. During the fourteen (14) days immediately following the date of this Order, the Almeida Plaintiffs and their attorneys shall not incur any penalties for their civil contempt of the Final Judgment.

3. If, however, the Almeida Plaintiffs and their attorneys do not execute the Final Judgment within fourteen (14) days of this Order, Francisco Almeida-León, Wanda Cruz Quiles, their Conjugal Partnership, and Juan Almeida-León, as well as Tenerife Real Estate Holdings, LLC shall be jointly and severally liable for $10,000.00 per day for each day thereafter that passes without execution of the Final Judgment. This amount shall be paid to the Clerk of Court for the District of Puerto Rico. Contemporaneously, attorneys Edilberto Berríos Pérez, Esq., Roberto Berríos Falcón, Esq., and Fernando E. Longo-Quinones, Esq., shall be jointly and severally liable, separate from the liability imposed on the Almeida Plaintiffs, for $10,000.00 per day for each day that passes without execution of the Final Judgment. This amount shall be paid to the Clerk of Court for the District of Puerto Rico.

4. If no party demonstrates to the satisfaction of this Court that the Almeida Plaintiffs and their attorneys have executed the Final Judgment within twenty-eight (28) days of this Order, the Court shall, pursuant to Federal Rule of Civil Procedure 70(b), divest the Almeida Plaintiffs' title to the Kennedy Notes and the GMAC Note and vest title to the GMAC Note and Kennedy Notes in Attorney Monserrate, solely in her capacity as an officer of this Court, and order Attorney Monserrate to execute the Final Judgment. The Court reserves discretion to impose further remedial measures as the circumstances may require.

5. The Court ORDERS Francisco Almeida-León, Wanda Cruz Quiles, their Conjugal Partnership, and Juan Almeida-León, as well as Tenerife Real Estate Holdings, LLC and attorneys Edilberto Berríos Pérez, Esq., Roberto Berríos Falcón, Esq., and  Fernando E. Longo-Quinones, Esq.,

to reimburse WM Capital, Inc. for the attorney's fees and expenses WM Capital incurred in filing the Request for a Permanent Injunction, Civil Contempt, Sanctions and Further Remedies Against the Almeidas and Their Attorneys (ECF No. 416) and all related filings in this Court and the Puerto Rico state courts. The Almeida Plaintiffs' and their attorneys shall be jointly and severally liable for these fees and expenses. Civil contempt, however, has been proven.

6. The Court DENIES the Almeida Plaintiffs' Motion on Sanction to Parties and Attorneys; Response to Docket 412; Reiteration of Request for Investigation of Conduct by Counsels and Sanctions (ECF No. 424).

7. The Court DENIES the Almeida Plaintiffs' Motion in Compliance with Order to Show Cause (ECF No. 465) and HOLDS Francisco Almeida-León, Wanda Cruz Quiles, their Conjugal Partnership, and Juan Almeida-León, as well as Tenerife Real Estate Holdings, LLC, and their attorneys, Edilberto Berríos Pérez, Esq., Roberto Berríos Falcón, Esq., and Fernando E. Longo-Quinones, Esq. in contempt of the Final Judgment (ECF No. 289). The Court further DENIES the Almeida Plaintiffs' Motion in Compliance with Order to Show Cause (ECF No. 465) to the extent it requests an injunction and certification of legal questions to the Supreme Court of Puerto Rico.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2021