UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO ALMEIDA-LEÓN, WANDA CRUZ QUILES, the Conjugal Partnership; JUAN ALMEIDA-LEON<br><br>Plaintiffs<br><br>v.<br><br>WM Capital Management, Inc.; Juan del Pueblo, Inc., John Doe, y Fulano de Tal, BM Capital de Tal and Others<br><br>Defendants | CIVIL ACTION NO. 16-01394 (JAW/BJM)<br><br>**RE: STATE COURT ACTION** CASE NO. KAC2016-0027 (806)<br><br>BREACH OF CONTRACT; DAMAGES; LITIGIOUS CREDIT<br><br>TRIAL BY JURY DEMANDED |

**MOTION IN COMPLIANCE WITH ORDER, INFORMING THE COURT OF THE PROCEDURAL COURSE OF ACTION WM CAPITAL INTENDS TO FOLLOW IN VIEW OF THE UNPRECENDETED RESOLUTION ISSUED BY THE GMAC COURT.**

**TO THE HONORABLE COURT:**

**COMES NOW**, defendant WM Capital Management, Inc. ("WM"), by and through its undersigned counsel, and in compliance with the order issued by this court at ECF. 500 states as follows:

1. On August 12, 2021, the Almeida Plaintiffs[1] and their attorneys were held in contempt by this Honorable Court for willfully obstructing the execution of the Final Judgment. ECF No. 477. However - as further evidence of their disobedience and defiance - on that same day, the Almeida Plaintiffs and their attorneys prodded the GMAC Court to issue an injunction

---

[1] The "Almeida Plaintiffs" are Francisco Almeida León, his wife Wanda Cruz-Quiles, their conjugal partnership, and Juan Almeida León as well as their company, Tenerife Real Estate Holdings, LLC.

1

against WM Capital, it's representative, its attorneys, and, amazingly, this Court ("GMAC Order").

2.      Four days later, the GMAC Court issued a Resolution and Order granting the requested injunctive relief. The GMAC Order generally protects the Almeida Plaintiffs and their attorneys[2] - effectively reversing this Court's Final Judgment, imposing severe economic sanctions against WM Capital and its attorneys (non-parties to the state court case) for complying with and attempting to enforce the Final Judgment.

3.      On August 24, 2021, WM Capital provided this Honorable Court with a certified English translation of the Resolution and Order. ECF No. 498-1. Upon review, this Court issued an Order requesting advice from the attorneys in this case as to what should happen next. ECF No. 500.  In this Court's Order were three additional questions.

> (a) Whether there is a state court process to seek appellate review of the Resolution and Order, and if so, could the parties expedite it to avoid an unnecessary confrontation between the state court and this court;
>
> (b) Whether WM will seek review of the GMAC Order in state court; and
>
> (c) Whether this court should stay the enforcement of the August 12 2021, Order on Civil Contempt and Pending Motions.

4.      In compliance with said order, WM hereby addresses the Court's questions.

### A. Is there a process to seek expedited appellate review of the GMAC Order?

---

[2] The GMAC Order even attempts to shield the Almeida Plaintiffs' attorneys from the language of the orders to show cause issued by this Court - when describing their work as "gibberish" and lacking in legal analysis. In imposing sanctions against WM, their representative and their attorneys, the GMAC Court lists as the offensive conduct: "f) instigating the use of foul and offensive language adopted by the Federal Court such as that contained in the three orders to show cause (*docket*s 462, 463, and 464 unrelated to the required conduct)."  GMAC Order at 35. This is highly unusual, in their decades of experience in the legal practice before the Courts in Puerto Rico, never have the undersigned seen a decree such as this issue from the bench of the Superior Court.

5.      WM cannot pursue an appeal as of right of the GMAC Order. Under Puerto Rico law, a post-judgment order such as the one issued by the GMAC Court is only reviewable upon a writ of *Certiorari*. The issuance of that writ is completely discretionary – the Puerto Rico Intermediate Court of Appeals is not obliged to issue it.

6.      A party seeking the issuance of a writ of *Certiorari* has thirty 30 days after the notification of the Order to file for review. Thus, if WM were to file a certiorari it has until September 17, 2021, to file a petition for writ of Certiorari with the Intermediate Court of Appeals of Puerto Rico.   *See* 32 L.P.R.A. Ap. V, R. 52.2.

7.      There is no process to expedite review of the GMAC Order. There is only a single ordinary process to petition for the issuance of a writ of *Certiorari*.

8.      In addition, pursuant to Rule 35(A)(1) of Appellate Procedure, filing a *Certiorari* petition will not stay the proceedings before the GMAC Court unless a separate order to that effect is issued by the Court of Appeals.[3] To obtain such an Order, WM would have to prepare and file a Motion in Aid of Jurisdiction. The granting of said motion is at the entire discretion of the Intermediate Court of Appeals.

9.      If the Intermediate Court of Appeals denies the Motion in Aid of Jurisdiction, the proceedings in the GMAC Court and the orders issued under the GMAC Order will not be stayed pending appeal.

---

[3] "The presentation of a *Certiorari* Petition will nor suspend the proceedings before the Court of First Review, except if the appeals court issues an order moved by a party or by its own initiative. The expedition of the *Certiorari* Petition will suspend the proceedings before the state court, unless the appeals court states otherwise". (Translation ours).

10. Moreover, the appeals process in Puerto Rico can take time (months and years). This process in this case is more likely to be extended given the undisputable fact that the Almeida Plaintiffs and their attorneys tend to file excessively verbose, repetitive, and disorganized motions with hundreds of pages of exhibits (with no proper reference to them), filled with inaccuracies and outright misrepresentations. These litigation tactics inflicted on the courts and parties require a lengthy and resource-consuming process of analysis – a thoughtful Intermediate Court of Appeals that has never reviewed the case will require time to fully understand the issues and come to a proper conclusion. Even if the Court of Appeals decides to hear the case, is able to quickly grasp the facts and procedural history of this case, and is able to reach (any) conclusion, that conclusion will almost certainly be appealed to the Puerto Rico Supreme Court. Again, that Court would have to go through the same process as the Court of Appeals, and the timing of such a case would likely be measured in years, not months.

11. By the time the process runs its course in state court, the Final Judgment of this Court, WM, its representatives, and attorneys will have been irreparably harmed. This, when considering that the GMAC Order has decreed the foreclosure of the Kennedy Property forthwith and WM, its representative and attorneys are to pay severe economic sanctions by September 2, 2021 – among others.

**B. Is WM going to seek appellate review of the GMAC Order?**

12. WM is not seeking appellate review of the GMAC Order at this moment. Rather, it understands that the proper remedy is a TRO and permanent injunction issued by this Court to protect and effectuate its Final Judgment. Accordingly, on this same date, WM is filing a

Motion for Temporary Restraining Order and for Permanent Injunction. Its rationale for the request is solid and backed by the law - as discussed therein.

### C. Should the Court Stay Enforcement of the Contempt Order?

13. WM does not believe that the Court should stay enforcement of the Contempt Order but rather amend it and enforce it according to the circumstances.

14. On the one hand, WM understands that it will be difficult to execute the Final Judgment of the case unless this Court issues the relief requested in the *Motion for Temporary Restraining Order and for Permanent Injunction* (filed on this same date) or if the GMAC Order were to be reversed on appeal. That fact limits the effectiveness of civil contempt in coercing the Almeida Plaintiffs and their attorneys to execute the Final Judgment.

15. On the other hand, the GMAC Order is a direct result of the Almeida Plaintiffs' and their attorneys' conduct - blatantly defying this Court's Show Cause and Contempt Orders. To release them from monetary or equitable consequences of their willful conduct would be the equivalent of rewarding their illegal and anti-ethical behavior. It would vindicate and justify their antics ignoring and disdaining the orders of this Court (continuing to relitigate without end until a forum grants their request). We respectfully request that this Court not send that message.

16. Thus, WM proposes that the Court amend and enforce the Contempt Order to: (a) initiate Criminal Contempt proceedings against the Almeida Plaintiffs and their attorneys; (b) immediately divest the Almeida Plaintiffs of title to the mortgage notes under Fed. R. Civ. P. 70(b); and (c) enforce the Contempt Order's provision holding the Almeidas and their attorneys "jointly and severally liable for the attorney's fees and expenses WM Capital incurred in filing the Request for a Permanent Injunction, Civil Contempt, Sanctions and Further Remedies Against

the Almeidas and Their Attorneys (ECF No. 416) and all related filings in this Court and the Puerto Rico state courts." ECF No. 477 at 43.

17. The Almeida Plaintiffs and their attorneys had every chance to comply with the Contempt Order but instead doubled down by filing a motion with the GMAC Court requesting the issuance of an injunction against this Court after the Contempt Order was issued. They have had every chance to comply with the Contempt Order and their non-compliance is their own fault. Their actions must have consequences. If this Court does not punish them for their acts, those acts will continue.

### D. WM's View on What Should Happen Next

18. WM respectfully submits that this Court should issue the Temporary Restraining Order it is requesting via a separate document on this date. That will prevent the GMAC Order from causing irreparable damage to the Final Judgment. Once the TRO is issued, this Court should give the Almeida Plaintiffs their due process and allow them to make whatever argument they have against the permanent injunction requested by WM. That said, WM believes that its case for relief is extremely solid and that the law and equity are on its side.

19. Moreover, WM believes that it should not have to waste more time, resources, and effort to embark on an uncertain review process in state court when it already prevailed in Federal Court. Moreover, WM has already prevailed in this case and in several collateral attacks by the Almeida Plaintiffs - the rule of law demands an end to the odyssey. This Court's Final Judgment must be upheld without further interference.

20. In WM's view, this Court should amend the Contempt Order to (1) immediately divest the Almeida Plaintiffs of title to the mortgage notes object of this case under Fed. R. Civ. P.

70 (b); (2) initiate criminal contempt proceedings against the Almeida Plaintiffs and their attorneys and; (3) hold the Almeidas an their Attorneys jointly and severally liable for the attorney's fees and expenses WM Capital has incurred due to their collateral attacks.  With specific regard to the criminal contempt request, WM will file a separate motion to that effect with a memorandum of law and request for order (due to the highly unusual circumstances surrounding the issuance of the GMAC Order and its content) in the next few days.

WHEREFORE, WM hereby requests that this Court take notice of the above and deem its Order at ECF No. 500 as being complied with.

**RESPECTFULLY SUBMITTED:**

In San Juan, Puerto Rico, this 25th day of August 2021.

**I HEREBY CERTIFY:** that on this date I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the case of caption.

> s/ Jairo Mellado-Villarreal
> USDC-PR No.208112
> jmellado@mellado.com
>
> s/ Tessie Leal Garabis
> USDC-PR No. 218408
> tleal@mellado.com
>
> s/ Héctor Orejuela Dávila
> USDC-PR No. 301111
> horejuela@mellado.com
>
> *Attorneys for WM Capital*
> MELLADO & MELLADO-VILLARREAL
> 165 Ponce de León Ave., Suite 102
> San Juan, Puerto Rico 00917-1235
> Tel. 787-767-2600/Fax 787-767-2645