UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO ALMEIDA-LEÓN, WANDA CRUZ QUILES, the Conjugal Partnership; JUAN ALMEIDA-LEON<br><br>    Plaintiffs<br><br>    v.<br><br>WM Capital Management, Inc.; Juan del Pueblo, Inc., John Doe, y Fulano de Tal, BM Capital de Tal and Others<br><br>    Defendants | CIVIL ACTION NO.  16-01394 (JAW/BJM)<br><br>**RE: STATE COURT ACTION** CASE NO. KAC2016-0027 (806)<br><br>BREACH OF CONTRACT; DAMAGES; LITIGIOUS CREDIT<br><br>TRIAL BY JURY DEMANDED |

**EMERGENCY MOTION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION**

**TO THE HONORABLE COURT:**

    **COMES NOW**, defendant WM Capital Management, Inc. ("WM"), by and through its undersigned counsel, requesting a Temporary Restraining Order ("TRO") and Permanent Injunction against the GMAC Court and the Almeida Plaintiffs and their attorneys under the following bases:[1]

**I.        Introduction**

    The Almeida Plaintiffs and their attorneys were held in contempt by this Court for willfully obstructing the execution of the Final Judgment. ECF No. 477.  That very same day, they prodded the Puerto Rico Court of First Instance (the Hon. Raul A. Candelario, presiding) in Case No.

---

[1] "The Almeida Plaintiffs" are Francisco Almeida León, his wife Wanda Cruz Quiles, their conjugal partnership, and Juan Almeida León as well as their company, Tenerife Real Estate Holdings, LLC.

KCD2009-0708 ("the GMAC Court") to issue injunctive relief against the enforcement of the Final

Judgment issued by this Court.

> We ask for an *injunction* issued to the Federal Court so it ceases and desists from
> depriving this Court of its exclusive jurisdiction, the parties herein of their
> fundamental constitutional rights, and from punishing the attorneys for exercising
> their clients' constitutional rights which is their obligation to protect and represent,
> and that this Honorable Court was the one that denied the execution of the federal
> judgment, in the exercise of its constitutional function, because to execute would have
> in essence, annul its own judgment and violate post-judgment due process.

ECF No. 482-1 ("Urgent Informative Motion Seeking Aid in Exclusive Primary Jurisdiction in

Rem").

Four days later, on August 16, 2021, the GMAC Court obliged.  It issued the injunctive relief

requested by the Almeida plaintiffs and their attorneys - against this Court, WM, and its attorneys

("the GMAC Order"). ECF No. 498-1. This, in absolute disregard of a well-established Puerto Rico

statute. 32 L.P.R.A. § 3524.[2]

Not only did the GMAC Court blatantly disregard Puerto Rico law when issuing its

injunction against this Court - but the legal reasoning behind the GMAC Order was *extraordinarily*

*and clearly* wrong.  There is no room for a good faith debate on the matter.

The GMAC Court contradicted this Court by holding that its post-judgment Resolution of

January 17, 2018 (object of much litigation in this case) had supremacy over this Court's Final

Judgment. If this situation is allowed to stand, a great injustice will be done. This Court already

held that the January 17, 2018, Resolution was neither res judicata nor collateral estoppel. It also

---

[2] An injunction or restraining order cannot be granted: . . . (2) To stay proceedings in a court of the United States. 32 L.P.R.A. § 3524.

held that WM did not breach the Agreement[3] and ordered the Almeida Plaintiffs to specifically perform it pursuant to the Final Judgment.  Furthermore, it held that it had jurisdiction to issue its Final Judgment.  Each of these holdings was affirmed on appeal.

All those findings and orders constitute res judicata and the GMAC Court was obligated to give full faith & credit to them.[4] Thus, this Court's intervention is required in the form of a TRO and permanent injunction because this is clearly the forum with jurisdiction – and the GMAC court cannot usurp it. Meanwhile, in state court WM does not have an automatic right to an appeal from a post judgment order, such as the GMAC Order. The best WM can do is request a writ of certiorari from the intermediate Court of Appeals - a decision that is discretionary.[5]

Also, it must be considered that the Almeida Plaintiffs and their attorneys have been consistently defying this Court and attempting to sabotage the execution of the Final Judgment for years. The GMAC Order is a direct result of shameless violations of the Order to Show Cause and the Contempt Order issued by this Court against the Almeida Plaintiffs and their attorneys. To force WM to spend even more resources relitigating issues that this Court has already

---

[3] *Agreement to Satisfy Judgment; and Assignment of Mortgage Notes*, dated July 28, 2014.  ECF No. 41-2.

[4] Nevertheless, even if one were to for the sake of argument, accept that the post-judgment January 17, 2018, Resolution, and the Final Judgment were inconsistent final judgments as the GMAC Order concludes, this Court's Final Judgment would still prevail. This is so due to the last-in-time rule – when there are two contradictory but final judgments, the latest one prevails because the first judgment did not have preclusive effect.

[5] Further, there is significant concern that the extremely complicated procedural (and now factual) history of this case may dissuade the Court of Appeals from accepting the request for certiorari. This is particularly true given the frustrating manner in which opposing counsel distorts the facts, the holdings of cases, and even the nature of different rulings within this case.  For example, opposing counsel has repeatedly argued that since this Court did not completely adopt WM's proposed Final Judgment, somehow that translates into a finding that Tenerife's GMAC mortgage was not to be foreclosed out.  It is possible, if not likely, that a Court of Appeals might become so confused by all of this that it cannot separate fact from fiction and either get it wrong or just refuse the request for certiorari.

adjudicated – explaining and illustrating to the intermediate Court of Appeals why the Almeida Plaintiffs and their attorneys are making repeated misrepresentations - when review is not guaranteed, would reward the Almeida's utter contempt and vexatiousness while punishing WM for prevailing in this case. That result would not be equitable or fair.

The GMAC court is illegally refusing to give full faith and credit to this Court's decisions and purporting to enjoin it from executing its own judgment. It purports to ban WM from even litigating these issues in court. This blatant overreach was a direct result of the Almeida Plaintiffs' persistent filings in direct contempt and defiance of this Court.  It must not stand. There would be little use in prevailing in Federal Court after half a decade of litigation, if a rogue opponent is allowed to disobey and ignore federal orders, making collateral attack after collateral attack - until finally inducing a state court into error with outright misrepresentations and misleading claims. WM prevailed in the case of caption after much litigation abuse by the Almeida Plaintiffs and their attorneys – it respectfully requests its intervention to restrain them from further illegal action.

Accordingly, WM, its representative James Barr Coleman and the undersigned attorneys plead with this Court to grant the following remedies through a TRO and subsequent permanent injunction generally enjoining the GMAC Court from enforcing the GMAC Order of August 16, 2021, in its entirety and specifically:

- Enjoin the GMAC Court from holding WM, its representative and attorneys in contempt.

- Enjoin the GMAC Court from enforcing its order to disqualify the undersigned attorneys from filing any documents in the GMAC case on behalf of WM.

- Enjoin the GMAC Court from enforcing the imposition of sanctions against WM, its representative and attorneys and enjoining it from imposing additional sanctions against WM, its representatives, and attorneys for acting consistent with the Final Judgment issued by this Court.

- Enjoin the GMAC Court from foreclosing on the GMAC Mortgage unless said foreclosure is consistent with the Final Judgment.

- Enjoin the GMAC Court from enforcing its orders as to the consignment of the GMAC Note or the annotation of any restrictions to the Kennedy Property in the Property Registry of Puerto Rico.

- Enjoin the Registry of the Property of Puerto Rico from annotating any of the restrictions on the Kennedy Property as provided for in the GMAC Order.

- Order the GMAC Court to coordinate the foreclosure of the property with the Kennedy Court and foreclose as per the Final Judgment.

- Permanently enjoin the Almeida Plaintiffs and their attorneys from making any collateral attacks against this Court's Final Judgment be it in existing or new cases, under penalty of daily sanctions as per the Relitigation Exception to the Anti Injunction Act.

## II.    Statements of Fact

### A.  WM Wins this Case on the Merits

1.    This case began as a contractual dispute around the Agreement. The Almeida Plaintiffs filed redemption and breach of contract claims against WM, seeking damages and the rescission of the Agreement. ECF No. 21. WM counterclaimed seeking specific performance of the Agreement. ECF No. 25.

2.    This Court dismissed the Almeida Plaintiffs' redemption (ECF No. 56) and breach of contract claims (ECF No. 105).

3.    On August 17, 2017, seeking to protect its rights, WM filed a motion to intervene as a co-plaintiff in the GMAC Case. The Almeida Plaintiffs opposed, and WM's motion was thus

denied via a Resolution issued on January 17, 2018. ECF No. 108-2 at 19-25 ("the 2018 Resolution"). WM appealed the 2018 Resolution, but it was affirmed. ECF No. 190-1. The Almeida Plaintiffs subsequently argued that the 2018 Resolution was not just a resolution denying WM's intervention, but a final judgment on the merits (that WM had breached the Agreement) – which constituted res judicata. WM disagreed. The only issue before the GMAC Court was WM's intervention, and WM's alleged breach of contract was not litigated in that court – nor could it properly be litigated there, as it was properly before this Court (a case filed by the Almeida Plaintiffs themselves).

4.      On May 8, 2019, after three years of contentious litigation, the Court issued a series of orders granting summary judgment in favor of WM and against the Almeida Plaintiffs. ECF Nos. 262, 263, 265.  Specifically, the Court granted summary judgment for specific performance of the Agreement in favor of WM Capital against the Almeida Plaintiffs. In doing so, this Court considered and rejected the Almeida Plaintiffs' res judicata arguments with respect to the 2018 Order. ECF No. 265 at 62-68.

**B.  The GMAC Court's October 10, 2019, Order**

5.      On June 18, 2019, after this Court entered summary judgment but before the issuance of the Final Judgment, the Almeida Plaintiffs attempted to foreclose on the GMAC Note without notifying WM. ECF No. 296-18. Then, on June 28, 2019, one day after the entry of the Final Judgment in this case, Tenerife filed a "Motion Informing Contradictory Judgment and Order to Intervene by Another Court in this District to Annul What Was Decreed in this Case and the Mandate by the Court of Appeals." ECF No. 296-19.

6.      Ultimately, the GMAC Court issued an Order on October 10, 2019 ("the October 2019 Order") clarifying that the January 17, 2018, Resolution was not an adjudication of the merits and that the subsequent Court of Appeals Order merely affirmed the denial of WM's Motion for Joinder. *See* ECF No. 337-1 at 8-9:

> After evaluating the arguments by the parties in the face of the record in its entirety, we resolve that **the Resolution does not have the effect of a judgment, nor is it an adjudication on the merits.** . . In fact, after a careful reading of the Court of Appeals Judgment, we found that the Court in question was limited to affirming the denial of WM Capital's petition to be joined as a party to the case of caption.
>
> On the other hand, we must point out that the Final Judgment was rendered subsequent to the Resolution. Furthermore, **all the controversies and issues as to the failure to comply with the Agreement were adjudicated in Federal Court.** Consequently, the Federal Court ordered the Almeidas and Tenerife to obey some orders as to the GMAC Note (object of this case) and the rest of the Kennedy Promissory Notes.
>
> . . . .
>
> **In summary, what the Federal Court ruled in its Final Judgment, as to the substantive aspects of the Agreement, was in no way contradictory to the ruling in the Resolution rendered by this Court previously,** since what was decided here was limited to a strictly procedural matter as to WM Capital's joinder in the case of caption.

ECF No. 337-1 at 8-10 (emphasis added). This Order was upheld on appeal. ECF No. 386-1.

**C.  This Court's Final Judgment, the Appeal, and the Almeida's Refusal to Comply**

7.      On June 27, 2019, this Court issued the Final Judgment in this case. ECF Nos. 289, 290.

8.      The Almeida Plaintiffs appealed to the First Circuit. ECF Nos. 301, 302. They did not request a stay pending appeal. Thus, WM filed a Motion to Execute the Final Judgment ECF No. 338. In lieu of seeking a stay pending appeal, the Almeida Plaintiffs reargued their positions

despite those same arguments being on appeal. ECF Nos. 340, 348. 348-1. This Court granted WM's Motion to Execute Judgment. ECF No. 373.

9.      The Almeida Plaintiffs, however, refused to comply and so informed the Court. See ECF Nos. 374, 375, 376, 377.

10.      Accordingly, WM filed a Request pursuant to Fed. R. Civ. P. 70(a) for the Appointment of the U.S. Marshal's Office to Act on Behalf of the Almeida Plaintiffs (ECF No. 378).

11.      This Court granted WM's request but ordered it to nominate an individual to act in the stead of the Almeida Plaintiffs to foreclose on the mortgage notes. ECF No. 388. In compliance with that order, WM nominated Attorney Dora L. Monserrate-Peñagaricano ("Attorney Monserrate"). ECF No. 385. Despite the Almeida Plaintiffs' objections (ECF Nos. 390, 392), this Court approved her appointment. ECF No. 400.

12.      The First Circuit affirmed this Court's Final Judgment on March 26, 2021. ECF No. 408; *Almeida-León v. WM Capital Mgmt., Inc.*, 993 F.3d 1 (1st Cir. 2021).

**D. The Almeida Plaintiffs Openly Sabotage the Execution of the Final Judgment**

13.      On March 29, 2021, after the Final Judgment was affirmed on appeal, WM and Attorney Monserrate filed a Joint Motion to Execute the GMAC Judgment with an attached Writ of Execution and Proposed Order. ECF No. 422-2.

14.      By this time, the judge presiding over the GMAC Court, the Hon. Eileen Navas-Arraiza, retired and had been replaced by the Hon. Raul A. Candelario.

15.      The Almeida Plaintiffs took the appointment of a new judge to the GMAC case as an opportunity to relitigate the issues already decided against them. They filed a motion in the

GMAC Court titled *Issues and Illegalities Regarding March 29, 2021 Motion*, effectively opposing the foreclosure of the GMAC Note. Also, they repeated their stale argument that the 2018 Resolution constituted res judicata and that this Court lacked jurisdiction. ECF No. 422-1.

16.     As a result, the GMAC Court denied the Joint Motion on April 13, 2021. ECF No. 422-3.

17.     In response, WM was forced to file an Emergency Request for Permanent Injunction, Civil Contempt, and Further Remedies Against the Almeidas and their Attorneys (ECF No. 416). It did so on April 21, 2021.

18.     WM also sought reconsideration of the denial of the Joint Motion with the GMAC Court but said reconsideration was denied. ECF Nos. 446-1, 450-2.

**E.  The Order to Show Cause and the Almeidas' Continued Defiance**

19.     On June 28, 2021, the Court ordered the Almeida Plaintiffs and their attorneys, Edilberto Berríos Pérez, Esq., Fernando E. Longo-Quinones, Esq., and Roberto Berríos Falcón, Esq. to show cause within seven days as to why they should not be held in civil contempt for "intentional non-compliance with the Final Judgment and other orders of this Court." ECF No. 464 ("the Order to Show Cause").

20.     There, the Court stressed to the Almeida Plaintiffs and their attorneys that they "must comply with the Final Judgment" and "must also refrain from further collateral relitigation while this Court is considering WM Capital's various motions for sanctions." *Id.* at 10-11.

21.     Undeterred, the Almeida Plaintiffs defied the Order to Show Cause by filing yet another motion in the GMAC Court, this time requesting an injunction against WM to order it to "cease and desist" from being in contempt of the GMAC Judgment and the 2018 Resolution.  ECF

No. 470-1. They filed said motion after the Order to Show Cause, on July 9, 2021. *Id*. WM then

proceeded to file an opposition thereto as well as a request that the GMAC Court abstain until

this Court adjudicated the Order to Show Cause.

22.      On August 12, 2021, this Court issued an Order finding the Almeida Plaintiffs and

their Attorneys in Civil Contempt of the Final Judgment and ordering them to execute the Final

Judgment lest they incur monetary and equitable penalties. *See* ECF No. 477 at 41-43 ("the

Contempt Order.")

23.      On that same day, the Almeida Plaintiffs filed an Urgent Motion in the GMAC

Court urging said Court to also enjoin this Court form enforcing the Final Judgment. *See* ECF No.

482-1.

**F.  The GMAC Order**

24.      On August 16, 2021, the GMAC Court issued an Order ("the GMAC Order")

purporting to annul this Court's Final Judgment and holding WM in contempt for supposedly

violating the GMAC Court's January 17, 2018, Resolution, and the GMAC Judgment. Specifically,

the GMAC Order ordered:

> a) WM Capital and its counsel, Mellado & Mellado Villa Real Law Offices, Jairo
> Mellado Villareal, its employees, associates and partners, **to Cease and Desist
> from disavowing the January 17, 2018, judgment, from attempting, directly or
> indirectly to evade it, to set it aside or render it ineffective, under penalty of
> being found in contemp**t. They are also Ordered to **Cease and Desist from
> pursuing to undermine, annul, cancel and/or impair the Judgment rendered in
> November 2011 in this case, under penalty of contempt**.
>
> b) Order the Registrar of the Property to make a Preventive Annotation in the
> Registry of the Property in the property subject to execution in this case . . . Said
> mortgage shall not be cancelled except by express Order of this Court in the
> present case K CD2009-0708, which has Exclusive In Rem Jurisdiction over said
> property and mortgage. Third parties in contempt of the decrees of this Court

seeking to cancel said mortgage over and contrary to the rulings of this Court in this case. [sic] The remedy is necessary to preserve the integrity of the Registry, the powers of this Court and the Exclusive Primary In Rem Jurisdiction of this Court.

In view of the Prior Exclusive Jurisdiction In Rem over the first Mortgage, it is ordered that **no other Court or person may order the cancellation of the first mortgage, nor alter or cancel the judgment rendered in this case, except by express order of this Court in this case,** it shall be so recorded in the Land Registry.

c) **The notation in the Registry of the Property must include that WM Capital Management, Inc. nor any assignee or successor thereof has any right whatsoever over the mortgage** constituted on July 18, 1989, deed number two (2) in the Registry of the Property.

. . . .

d) Order that the deposit of the promissory note subject to foreclosure in this case, which deposit with proper endorsement was made in case K CD2011-0142, be transferred to this case, for the exclusive custody and protection of the Exclusive Primary In Rem Jurisdiction that this Court has in this case over the real property with respect to the first mortgage, the deposit of the three promissory notes which are the subject of execution in case K CD2011-0142 shall remain on deposit in said case K DC2011-0142, for the protection and aid of jurisdiction of the Superior Court in said case, until such time as the Honorable Judge in charge of said case shall otherwise direct.

e) The promissory note secured by mortgage . . . shall be held in custody of this Court, nor shall be cancelled or transferred until otherwise ordered by this Court, or cancelled by Order of this Court, as part of the proper process of the public foreclosure auction held in this case in execution of the judgment rendered in this case.

f) **The public auction of the property subject of the Judgment in this case is ordered promptly, without further delay,** and the Clerk's Office shall issue the corresponding Mandates; the proceeds of said auction, if in the bidding money is tendered in addition to the mortgage loan, or a third party participant pays the price of the auction sale, after this Court approves the auction process, **such money shall be disbursed in accordance with the ranking of the mortgages and liens in force to each owner holder of each lien as ordered by the Mortgage Act and shall not be transferred to any other Court**, this is part of the Exclusive Primary In Rem Jurisdiction of this Court, the post Judgment due process and the rights of the parties as declared by this Court;

g) It is determined that WM Capital Management, Inc, the manager of WM Capital, Mr. James Barr, and its attorneys, Mellado & Mellado, Jairo Mellado Villareal, Tessie Leal-Garabis and Héctor Orejuela are found to be **in contempt of the Orders, Judgments issued in this case, and the Order issued by the Puerto Rico Court of Appeals in Appeal KLCE2018-00824, particularly for <u>not having abided by what was decided by this Court on January 17, 2018</u>, specifically their lack of right to demand that the judgment in this case be annulled or cancelled, and that <u>the Assignment for Payment contract of July 28, 2014 has been rightly terminated by Tenerife Real Estate Holdings, LLC</u>**, especially because said ruling was confirmed by the Court of Appeals by Judgment of August 29, 2019, two years ago.

h) Having evaluated Tenerife's arguments, we concur with said party that WM Capital Management, Inc. and its attorneys, Mellado & Mellado, Jairo Mellado Villareal, Tessie Leal-Garabis and Héctor Orejuela have breached their duties under Rule 9.1 of Civil Procedure, and sanctions should be imposed pursuant to Rule 9.3 of Civil Procedure. It is hereby determined that **for the temerity WM Capital Management, Inc. has incurred since being denied intervention by this Court on January 17, 2018, and sustained to the present, fees in the amount of $25,000.00 are hereby imposed. In addition, the sum of Five Thousand Dollars ($5,000) is hereby assessed against each of counsel. They shall have <u>fifteen (15) days</u> to satisfy the same**, because their deliberate acts have been driven by a pattern of unjust and excessive enrichment sustained for six years; the Court begins with a modest sum, considering what has been caused, its duration and consequences. considering what has been caused, its duration and consequences. **<u>As permitted by Rule 9.3, they are disqualified from filing any documents in this case, even though their client WMC is not a party to the case but is a party to this opinion</u>**. Be advised that if the provisions herein are not complied with, further sanctions and any other measure according to law may be imposed.

j) It is hereby declared that **<u>the Judgment rendered in this case on November 7, 2011, as recognized and applied in the Resolution of January 17, 2011, takes precedence in all its aspects in reference to the Judgment rendered by the Federal Court in case 16-01394, especially those parts that are in contradiction and/or may undermine what was decreed and sentenced in this case</u>**.

ECF No. 498-1 at 39-42 (emphasis added). [6]

---

[6]  The language used in the GMAC Order as well as its choice of words, excessive length, repetitiveness, and forays into irrelevant topics leads WM to strongly suspect that it was -in large part if not entirely- actually written by attorneys for the Almeida Plaintiffs as a proposed order.

III.    **Jurisdiction**

A.    **Ancillary Enforcement Jurisdiction**

Federal courts have the ancillary enforcement jurisdiction necessary "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994). "Without this ability to enforce judgments rendered, the judicial power would be incomplete, and entirely inadequate to the purposes for which it was intended." *U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489, 496 (1st Cir. 2000). Consequently, the jurisdiction of a Court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied. *Id.* (internal citations and quotations omitted). Thus, ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them. *Industria Lechera De Puerto Rico, Inc. v. Beiro*, 989 F.3d 116, 122 (1st Cir. 2021).

B.    **The All-Writs Act and Anti-Injunction Act**

Federal courts have authority under the All-Writs Act, 28 U.S.C. § 1651 (1982), to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Such power to enter injunctive relief is, in turn, limited by the Anti–Injunction Act and various equitable considerations. *Triple-S, Inc. v. Pellot*, 41 F. Supp. 2d 122, 125 (D.P.R. 1999).

The Anti-Injunction Act forbids a federal court from granting "an injunction to stay proceedings in a state court" except "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2006).  Here, the requested TRO and permanent injunction is necessary for this Court to protect

or effectuate its judgments.  This exception to the Anti-Injunction Act is commonly referred to as the relitigation exception.

The relitigation exception provides that where a federal court has conclusively decided an issue, it may prevent the unsuccessful party from relitigating that same issue in state court. *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 68 (1st Cir. 2008).  Application of the exception (1) reinforces the preclusive effect of federal court judgments, (2) ensures the finality of federal court decisions, and (3) prevents harassment through repetitive state court proceedings of those litigants prevailing in federal court. It is clearly applicable here. The Almeida Plaintiffs have in fact relitigated the matters adjudicated by this Court in the GMAC Court and induced it into erroneously effectively annulling and reversing this Court's Final Judgment.[7]

Thus, this Court has jurisdiction to consider and issue the requested TRO and permanent injunction against the GMAC Court and the Almeida Plaintiffs because its aim is to "protect and effectuate" the Final Judgment of this case and because WM is not a party to the GMAC case.

## IV.   **Argument**.

### A.   **The Problem**

---

[7] Furthermore, the requested remedies are permissible from the judicially created "strangers" exception to the Anti-Injunction Act. Said exception dictates that the Anti–Injunction Act is inapplicable if the party requesting injunctive relief in the federal court is neither a party, nor in privity with a party, to the state court proceeding sought to be enjoined.  *Casa Marie, Inc. v. Superior Ct. of Puerto Rico for Dist. of Arecibo*, 988 F.2d 252, 264 (1st Cir. 1993).  The "strangers" exclusion presumably embraces federal plaintiffs who deliberately bypass an available opportunity to intercede in pending state court proceedings, since the law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger.  *Id.* Here, WM was never made a party to the GMAC Case. Thus, it is a stranger to that case. Accordingly, the "strangers" exception applies. *See Iantosca v. Step Plan Servs., Inc.*, 604 F.3d 24, 32 (1st Cir. 2010) (holding that "[t]he Anti–Injunction Act does not prohibit third parties from seeking to enjoin a state proceeding with a federal injunction if the third party is a stranger to the state proceedings.").

The Almeida Plaintiffs relitigated the matters already litigated and adjudicated in this case. They prodded a new judge to issue an order contradicting and, if allowed to stand, effectively annulling the Final Judgment. The contradictions are stark. For example:

i.      With respect to the effect of the January 17, 2018, Resolution, this Court held that the January 17, 2018, Resolution was not res judicata or collateral estoppel.  ECF Nos. 263 at 52; 265 at 63-64. This same conclusion was reached by the former presiding judge of the GMAC Court (the Hon. Judge Navas). *See* ECF No. 377-1 at 8-10.  In contrast, the GMAC Order holds that "the Judgment rendered in this case on November 7, 2011, as recognized and applied in the Resolution of January 17, 2011, takes precedence in all its aspects in reference to the Judgment rendered by the Federal Court in case 16-01394, especially those parts that are in contradiction and/or may undermine what was decreed and sentenced in this case." ECF No. 498-1 at 42; *see also id.* at 30 ("the binding effect on the merits of the January 17, 2018, Resolution, affirmed on appeal in Appeal KLCE2018-0894, is recognized and reiterated.").

ii.     This Court also held that the Agreement was valid and unambiguous and must therefore be performed. ECF No. 265 at 58-62; *see also* ECF No. 105 (dismissing the Almeida Plaintiffs' claim that WM breached the Agreement). In contrast, the GMAC Order asserts that "the Assignment for Payment contract of July 28, 2014, has been rightly terminated by Tenerife Real Estate Holdings, LLC." ECF No. 498-1 at 41.

iii.    The GMAC Order provides for the immediate foreclosure of the GMAC note in complete contradiction to the Final Judgment issued by this Court. That is, excluding WM from receiving any of the proceeds from the public sale of the GMAC note. "**The public auction of the property subject of the Judgment in this case is ordered <u>promptly</u>, <u>without further delay…</u>**".  ECF No. 498-1 at 41. Moreover, it specifically forbids the state court's marshal from depositing the

monies of the sale in the account of this Court. "…**such money shall be disbursed in accordance with the ranking of the mortgages and liens in force to each owner holder of each lien as ordered by the Mortgage Act and shall not be transferred to any other Court.**" (Emphasis added.) *Id.* This is in complete contradiction - and is designed to annul the effects - of the Final Judgment and orders to execute thereof.

iv.    As to the Almeida Plaintiffs' defamatory accusations of fraud, this Court held that they failed to present any probative evidence to back up their accusations. ECF No. 265 at 60-61. The GMAC Order, on the other hand, holds that "this Court concludes and determines that the post judgment jurisdictional, substantive and due process defect contained in the final Federal Judgment is a continuation of the same fraudulent, non-compliant conduct of WM Capital and its agents." ECF No. 498-1 at 34.

v.    This Court considered under the fact that the State Courts had jurisdiction over the rem but, applying the Colorado River Abstention Doctrine analysis, decided not to abstain. ECF No. 265 at 64-68. On the other hand, the GMAC Court decided that this Court had no jurisdiction by holding that "this Court rules, in accordance with the In Rem jurisdictional principles outlined in *Princess Lida v. Thompson*, *supra*, that this Court in this case has Exclusive Primary In Rem Jurisdiction over the subject matter, which precludes any other Court from acting differently from what this Court has ruled by Judgment over the mortgage and the real property in foreclosure." ECF No. 498-1 at 29.

In sum, the GMAC Order completely disregarded and/or attempted to reverse this Court's Final Judgment and the issues it adjudicated during the litigation. Nonetheless, WM has until September 2, 2021, to pay the erroneously assessed sanctions. Further, the execution of the 2011 GMAC Judgment (i.e., the original foreclosure judgment that was assigned to WM in the

Agreement) has been ordered to proceed forthwith. If that execution occurs, the GMAC mortgage and all subordinate mortgages (i.e., the Kennedy mortgage notes) will be wiped out, effectively nullifying the Agreement - and the Final Judgment's mandate for its specific performance. The Final Judgment's mandate for a $3,850,000 minimum bid price would become impossible to perform. Additionally, the GMAC Order deprives WM of its right to litigate in Federal Court – something that only a Federal Court can do.

Consequently, the requested TRO and Permanent Injunction are necessary to avoid irreparable harm to WM.

**B. The Specific Remedies Requested**

WM is generally requesting that this Court enjoin the GMAC Court from enforcing the GMAC Order of August 16, 2021, in its entirety - but specifically it is requesting the following remedies as part of the TRO, to be converted to a permanent injunction in due course as the Court's schedule permits.

- Enjoin the GMAC Court from holding WM, its representative and attorneys in contempt.

- Enjoin the GMAC Court from enforcing its order to disqualify the undersigned attorneys from filing any documents in the GMAC case on behalf of WM.

- Enjoin the GMAC Court from enforcing the imposition of sanctions against WM, its representative and attorneys and enjoining it from imposing additional sanctions against WM, its representatives, and attorneys for acting consistent with the Final Judgment issued by this Court.

- Enjoin the GMAC Court from foreclosing on the GMAC Mortgage unless said foreclosure is consistent with the Final Judgment.

- Enjoin the GMAC Court from enforcing its orders as to the consignment of the GMAC Note or the annotation of any restrictions to the Kennedy Property in the Property Registry of Puerto Rico.

-   Enjoin the Registry of the Property of Puerto Rico from annotating any of the restrictions on the Kennedy Property as provided for in the GMAC Order.

-   Enjoin the Almeida Plaintiffs and their attorneys from making any collateral attacks against this Court's Final Judgment be it in existing or new cases, under penalty of daily sanctions as per the Relitigation Exception to the Anti Injunction Act.

-   Order the GMAC Court to coordinate the foreclosure of the property with the Kennedy Court and foreclose as per the Final Judgment.[8]

### C.  The Elements Necessary to Issue a TRO & Permanent Injunction are Satisfied

The standard for issuing a temporary restraining order is the same as for a permanent injunction and is provided by traditional equity doctrines. *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013) (Woodcock, D.J.).

For a court to grant this type of relief, a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of permanent relief, [3] that the balance of equities tips in his favor, and [4] that the injunction is in the public interest." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 9 (1st Cir. 2012) (internal citations omitted). Generally, while all these factors must be weighed, the cynosure of this four-part test is the movant's likelihood of success on the merits. *Id*. All four elements are satisfied here.

#### 1.  *Likelihood of Success on the Merits*

a.  Issue Preclusion Under Puerto Rico Law as to the Interpretation of the Agreement and its Breach.

---

[8] WM recognizes that this specific step should be taken after a permanent injunction is granted. It is not requested as part of the TRO.

With respect to interpretation of the Agreement and whether it was breached, WM has already prevailed on the merits. *See* ECF Nos. 56, 105, 262, 263, 265, 290. Similarly, this Court already determined that it had proper subject matter jurisdiction and that the January 17, 2018, Resolution did not constitute res judicata or collateral estoppel. ECF No. 263 at 50-56; ECF No. 265 at 62-64. Those determinations are final, firm, and unappealable. *See Almeida-Leon v. WM Cap. Mgmt., Inc.*, 993 F.3d 1, 4 (1st Cir. 2021).

The Puerto Rico Civil Code sets forth the operation of the doctrine of preclusion:

> In order that the presumption of the res judicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

31 L.P.R.A., § 3343.  Although this provision speaks of "res judicata," it additionally permits issue preclusion or collateral estoppel. *Muñiz Cortes v. Intermedics, Inc.*, 229 F.3d 12, 14 (1st Cir. 2000). Accordingly, the Supreme Court of Puerto Rico has held that when an issue "essential to the prior judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive in subsequent litigation among the parties." *Felix Davis v. Vieques Air Link*, 892 F.2d 1122, 1124–25 (1st Cir. 1990). A losing party "has no right to bring separate and successive suits on different legal theories arising out of a single nucleus of operative facts." *See Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir. 2000) (applying Puerto Rico law). A claim is precluded not only if it was actually raised in a previous suit, but if it could have been raised. *Muñiz Cortes*, 229 F.3d at 15.

All three requirements are satisfied here. As to identity of parties, the Almeida Plaintiffs are counter-defendants in this case. As to WM, although it is not a party to the GMAC case, the

GMAC Court has entered a remedy against it as if it were. The test for identity of "things" is whether a decision in the second action may contradict the prior adjudication. *Boateng*, 210 F.3d at 61. Here, that is precisely what occurred. The GMAC Resolution contradicts the Final Judgment and this Court's opinions & orders. Finally, as to identity of causes, it is unnecessary when the defense is one of issue preclusion, rather than claim preclusion. *Baez-Cruz v. Municipality of Comerio*, 140 F.3d 24, 30 (1st Cir. 1998).

      b.  <u>The GMAC Order is Not Res Judicata</u>

Pursuant to *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518 (1986), when a state court has denied preclusive effect to a federal judgment and a movant then seeks to enjoin said state court under the relitigation exception then the district court must determine whether, under the applicable law (in this case, state law), the state court denial of the federal judgment's preclusion is or is not **<u>itself</u>** res judicata.[9]  *See Bryan v. BellSouth Commc'ns, Inc.*, 492 F.3d 231, 240 (4th Cir. 2007) (so holding); *Duffy & McGovern Accommodation Servs. v. QCI Marine Offshore, Inc.*, 448 F.3d 825, 828 (5th Cir. 2006) (same); *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1255 (11th Cir. 1988) (same). Thus, this Court must determine whether the GMAC Order is, itself, res judicata. If it is

---

[9] *Parsons Steel*'s full trajectory is illustrative as it is somewhat similar to this case.  In *Parsons*, the parties had concurrent actions pending in state and federal court regarding events arising out of the same conduct, the defendants first won in federal court, but the state court rejected the defenses of res judicata and collateral estoppel, and the defendants were found liable in that forum. The federal court then enjoined enforcement of the state court judgment because it determined that the state action was barred by res judicata. Ultimately, the appeal of the district court's injunction reached the Supreme Court which held that the district court erred in failing to first apply state preclusion law to verify whether the state decision rejecting the preclusive effect of the federal judgment was itself res judicata. Thus, the Supreme Court remanded for a determination of whether the state court's resolution of the res judicata issue would be given preclusive effect in another court of the same state. The district court did so and concluded that the state court's decision had no preclusive effect because it was not final at the time that the district court issued the relitigation injunction. It therefore re-affirmed its injunction. The Eleventh Circuit affirmed. *See First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1486 (11th Cir. 1987)

not, then this Court may properly consider a relitigation injunction against the Almeida Plaintiffs and the GMAC Court.

The answer to that question is, in this case, simple. Puerto Rico law requires that to constitute claim or issue preclusion, a prior judgment on the merits must be, in the authoritative Spanish, "final y firme" (officially translated as "final and unappealable"). *Cruz v. Melecio*, 204 F.3d 14, 20 (1st Cir. 2000) (citing *Worldwide Food Distribs., Inc. v. Colón Bermúdez*, 133 D.P.R. 827, 831, 1993 WL 840035 (1993) (official trans. at 4)). This phrase makes manifest that a commonwealth court judgment cannot be accorded preclusive effect until all available appeals have been exhausted (or the time for taking them has expired). *Id.*

That is the case here. A post-judgment order such as the one issued by the GMAC court is not a judgment at all, and in any event is not appealable as of right but may only be reviewed by the intermediate Court of Appeals issuing a writ of certiorari that is, in turn, discretionary. *See IG Builders v. BBVAPR*, 185 D.P.R. 307, 336-341 (2012) for an overview (certified translation at ECF No. 250-1).

The time to file said writ of appeal under the Puerto Rico Rules of Civil Procedure is 30 days. 32 L.P.R.A. Ap. V, R. 52.2. Since the GMAC Order was issued on August 16, 2021 (but notified on August 18, 2021), WM has until September 17 to file a request for a writ of certiorari. Thus, the GMAC Order is not a final judgment on the merits, and in any event is not "firm and final." Accordingly, it cannot have any preclusive effect under Puerto Rico law.

      c. <u>Jurisdictional Determinations by this Court are Res Judicata.</u>

One of the principal errors made by the GMAC Court is that it completely ignored the jurisdictional determinations made by this Court.

It is well settled that unappealable jurisdictional determinations are res judicata and thus, cannot be collaterally attacked. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 153 (2009). "A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, n. 9 (1982). Accordingly, it has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal. *Id.* (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940)).[10]

Thus, after "a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of res judicata is made has not the power to inquire again into that jurisdictional fact." *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938). Yet, that is precisely what the GMAC Court did when it ignored this Court's holding that the January 17, 2018, has no preclusive effect due to res judicata or collateral estoppel. Such an action is patently wrong.[11]

---

[10] "[Federal courts] are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally"

[11] It is not just this Court's holding that the GMAC Court ignored. It also has ignored its own ruling, affirmed by the Puerto Rican Court of Appeals, that the January 17, 2018, Resolution was procedural in nature and did not go to the merits of the dispute between the parties. Similarly, the GMAC court and the Almeida Plaintiffs also ignore the hard fact that it was the Almeida Plaintiffs that filed this lawsuit asking the Court to interpret and enforce the Agreement (by virtue of a breach of contract claim). WM Capital's counterclaim for specific performance arose out of that lawsuit that the Almeida Plaintiffs filed. They cannot run to a friendly state court for a contrary ruling simply because they do not like the outcome in this Court – that is the cornerstone principal of res judicata.

Furthermore, even if one were to assume, arguendo, that the that the January 17, 2018, Resolution was indeed an on the merits final judgment (as the Almeida Plaintiffs contend), this Court's Final Judgment would still prevail.  When two now final and unappealable judgments or orders are in conflict, the one last in time—not the first—is the one entitled to res judicata effect. *See In re Arroyo*, Case No. 13-00415 (EAG), 2020 WL 4728098, at *5 (collecting cases).[12]

> d.   The Misapplication of the *Princess Lida* Doctrine.

Similarly, the GMAC Court also misapplied the *Princess Lida* doctrine. "While Congress has seen fit to authorize courts of the United States to restrain state-court proceedings in some special circumstances, it has in no way relaxed the old and well-established judicially declared rule that state courts are completely without power to restrain federal-court proceedings in *in personam* actions like the one here." *Donovan v. City of Dallas*, 377 U.S. 408, 412–13 (1964).

Yet that is precisely what the GMAC Court has attempted to do.[13]  Its reasoning was based on a patently flawed analysis of *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456 (1939).

---

[12]As explained by the Ninth Circuit:

> When a court is faced with inconsistent judgments, "it should give res judicata effect to the last previous judgment entered." "The formal rationale behind this rule is that the implicit or explicit decision of the second court to the effect that the first court's judgment is not res judicata, is itself res judicata and therefore binding on the third court. The decision is not binding because it is correct; it is binding because it is last." "If an aggrieved party believes that the second court erred in not giving res judicata effect to the first court's judgment, then the proper *1336 redress is appeal of the second court's judgment, not collateral attack in a third court."

*Valley Nat. Bank of Arizona v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335–36 (9th Cir. 1997) (internal citations omitted); *see also Garden Suburbs Golf & Country Club v. Murrell*, 180 F.2d 435, 436 (5th Cir.) (per curiam), *cert. denied*, 340 U.S. 822 (1950); *First Tennessee Bank N.A. Memphis v. Smith*, 766 F.2d 255, 259 (6th Cir. 1985) *Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir. 1986); *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 76-78 (1939) (third forum must recognize judgment of second forum that refused to recognize judgment of first forum); *Ackerman v. Ackerman*, 676 F.2d 898, 902 (2d Cir. 1982).

[13] "It does not matter that the prohibition here was addressed to the parties rather than to the federal court itself." *Donovan*, 377 U.S. at 413.

That case held that "if the two suits are *in rem*, or quasi *in rem*, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other." *Id.* at 466. However, the *Princess Lida* Court also clarified that said holding "has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right of his interest as a basis of a claim against a fund in the possession of a state court." *Id.*

*Princess Lida* was misapplied by the GMAC Court in two principal ways.  First, although the GMAC Judgment emanates from a quasi-*in rem* proceeding, the cause of action adjudicated by this Court – a breach of contract claim - was strictly *in personam*. Consequently, *Princess Lida* is inapplicable. The Final Judgment does not attempt to "seize and control the property which is in the possession of the state court" nor "interfere with the state court or its functions." *Fischer v. Am. United Life Ins. Co.*, 314 U.S. 549, 553 (1942). Up to this point, this Court has not attempted in any way to wrest control of the res from the GMAC Court – it is unnecessary to do so. Thus, this Court's Final Judgment was not barred by the *Princess Lida* Doctrine. See *id.*

Second, the GMAC Court misunderstood the fact that although *Princess Lida* "spoke of jurisdiction," it never spoke "of subject matter jurisdiction; it was exploring the difference between *in personam* and *in rem* proceedings. *Carvel v. Thomas and Agnes Carvel Foundation*, 188 F.3d 83 (2d Cir. 1999); *see in contrast* ECF No. 498-1 at 29 ("this Court in this case has Exclusive Primary In Rem Jurisdiction over the subject matter").  Moreover, by invoking the importance of "harmonious cooperation" between the federal and state courts, the Court indicated that the doctrine it was expounding was a rule of comity or abstention, rather than one of subject matter

jurisdiction. *Id.* Accordingly, the rule of *Princess Lida* is an **abstention-related** doctrine. *Id.* (emphasis added).

The First Circuit has adopted the same reasoning as has the Second Circuit. It has thus treated *Princess Lida* as the first factor to be considered in a *Colorado River* Abstention inquiry. *See Bergeron v. Estate of Loeb*, 777 F.2d 792, 799 (1st Cir. 1985) (discussing application of *Princess Lida* doctrine in Colorado River context); *United States v. Fairway Cap. Corp.*, 483 F.3d 34, 40-41 (1st Cir. 2007) (same). Given that the *Colorado River* Abstention factors are not "exhaustive, nor is any one factor necessarily determinative," the First Circuit has explicitly held that "**a state court's quasi in rem jurisdiction does not make abstention mandatory**." *Id.* at 41 (citing *Bergeron*, 777 F.2d at 798) (emphasis added).

Here, this Honorable Court conducted a thorough *Colorado River* Abstention inquiry. ECF No. 265 at 64-68.  In doing so, it considered the first factor of said inquiry and concluded that abstention was not warranted. *Id.* at 66-67. That determination, now firm, final, and unappealable, is *res judicata* and the Almeida Plaintiffs are estopped from collaterally attacking it, just as the GMAC Court is obligated to respect it.  *Travelers Indem. Co. v. Bailey*, 557 U.S. at 153.

### 2. *Irreparable Harm*

WM will suffer irreparable harm if the relief it seeks is not granted. First, WM will continue to have to relitigate the same issues that this Court has adjudicated over half a decade of contentious litigation. That is sufficient to demonstrate actual rather than likely irreparable harm. *See Oriental Bank & Tr. v. Pardo-Gonzalez*, 509 F. Supp. 2d 127, 136 (D.P.R. 2007) (collecting

cases).[14] Second, the Court's Final Judgment is in danger of being annulled. The GMAC Court effectively declared it to be void and null and ordered the immediate execution of the GMAC Note with no consideration for the terms convened by the parties in the Agreement. If this were to occur, there would absolutely be irreparable harm.

### 3.  *Balance of Equities*

Here, the balance of equities conclusively tilts in favor of granting the requested relief. On one end of the scale, the actions of the Almeida Plaintiffs and their attorneys have trespassed the limits of bad faith. They have gone above and beyond in their attempts to sabotage and annul this Court's final judgment and attempt to wear WM down with collateral litigation at every turn. They blatantly violated the Order to Show Cause and the Contempt Order to sabotage the execution of the Final Judgment.

On the other end of the scale, the GMAC Order is manifestly unfair and unequitable. In general, it purports to overturn this Court's Final Judgment – without any real analysis of its jurisdiction in this matter. It forbids and prevents WM from enforcing this Court's Final Judgment in a post-judgment proceeding while excluding WM from the case. It declares WM and its representatives in contempt of the final judgment of the GMAC Court that wasn't even issued against them (but issued against Emérito Estrada River Isuzu de Puerto Rico, Inc., and related

---

[14] *See Ballenger v. Mobil Oil Corp.,* 138 Fed. Appx. 615, 622 (5th Cir.2005) ("[N]o independent demonstration of irreparable harm ... is necessary to win an injunction under the relitigation exception to the Anti–Injunction Act."); *In re Dublin Securities, Inc.,* 133 F.3d 377, 380 (6th Cir.1997) ("[T]he potential irreparable harm to the defendants from the failure to issue an injunction is obvious. The purported state court defendants, agents of the ... defendants in federal court, are forced to defend in yet another forum the identical claims that were asserted against their principals successfully."); *In re SDDS, Inc.,* 97 F.3d 1030, 1041 (8th Cir.1996) ( "Requiring [defendant] to relitigate in the state court issues previously decided by this Court constitutes an irreparable harm."); *see also F.D.I.C. v. Bank of New York,* 479 F. Supp. 2d 1, 19 (D.D.C.), *aff'd,* 508 F.3d 1 (D.C. Cir. 2007).

parties). It holds WM, its representatives, and attorneys in contempt of the January 17, 2018, Resolution (after it was denied its request to intervene) and after the same court declared that said decree was not a judgment, not on the merits, nor contradictory of this Court's Final Judgment, nor res judicata (GMAC Resolution of October 10, 2019). It disqualifies WM and its representatives from filing motions in the GMAC Court. It also sanctions WM and its attorneys for prosecuting this case even though the same GMAC Resolution of October 10, 2019 (under a different judge) had previously held that the January 17, 2018, Resolution was not res judicata and that this Court had exclusive jurisdiction to adjudicate the contractual disputes regarding Agreement.

The issuance of a 14-day TRO to sort out the confusion created by the Almeida Plaintiffs and their attorneys will not prejudice them - or the GMAC Court for that matter. The tactics by the Almeida Plaintiffs' and their attorneys have stretched this case over the half a decade mark, 14-days of status quo will not make a much of a difference.

### 4. The Requested Relief is in the Public Interest

The Supreme Court has long recognized that "[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (citing *Baldwin v. Traveling Men's Assn.*, 283 U.S. 522, 525 (1931)). It has therefore stressed that the "the doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts. *Id.* (internal citations omitted). Thus, the "doctrine of res judicata

serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case." *Id.*

Similarly, the Puerto Rico Supreme Court has held that "the rule of res judicata is attended by public interest and directed to maintain private peace and to avoid the perpetuation of judicial controversies, and it is grounded on the convenience of recognizing the dignity to which the judgments of courts are entitled." *Lausell Marxuach v. Diaz de Yanez*, 103 D.P.R. 533; 3 P.R. Offic. Trans. 742, 746-747 (1975). To that effect, "the defense of res judicata may be set up even if the grounds of the judgment are erroneous, provided it was rendered within its competency and in the absence of fraud." *Id.* at 747.

Accordingly, the requested relief – enforcement of this Court's holdings in this case – advances and promotes the public interest.

### D.   The Requirements for a TRO are Satisfied

Federal Rule of Civil Procedure 65 provides that a TRO may be issued without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65. The Declaration of James Barr Coleman attached hereto as **Exhibit 1** verifies the facts asserted in this Motion as grounds for the TRO. Furthermore, the Almeida Plaintiffs will be notified of this filing through the ECF System (see Certificate of Service below). A Proposed TRO Order, as required by Local Rule 65, is attached as **Exhibit 2.**

The Federal Rules also stipulated that "the court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  WM respectfully submits that no damage will be incurred for a 14-day TRO in this case. This is especially so given that WM still has until September 17, 2021, to petition for review of the GMAC Order in State Court.

## V.    Conclusion

In conclusion, the GMAC Order is flawed, illegal, and cannot stand. This Court should act to protect and effectuate its Final Judgment by enjoining the GMAC Court from attempting to overturn it and the Almeida Plaintiffs and their attorneys from continuing their collateral attacks. Although the GMAC Order's holding and the Almeida Plaintiffs' acts may be unprecedented, the remedies requested by WM are not.  *See Donovan v. City of Dallas*, 377 U.S. 408 (1964) (reversing Supreme Court of Texas and holding that state court could not enjoin plaintiffs from prosecuting an *in personam* action in federal court); *In re SDDS, Inc.*, 97 F.3d 1030, 1041 (8th Cir. 1996) (holding that a district court abused its discretion in denying injunctive relief to prevent a party from having relitigate); *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244 (5th Cir. 1999) (affirming injunction against state court proceedings under relitigation exception); *California v. Randtron*, 284 F.3d 969 (9th Cir. 2002) (relitigation exception of the Anti-Injunction Act applied to bar corporation from asserting res judicata defense in state court).[15]  Forcing WM

---

[15] *See also Vargas v. Pfizer Pharms., Inc.*, Civil No. 04–2236(JAF), 2006 WL 3254463 (D.P.R. Nov. 8, 2006), *aff'd sub nom. Fernandez-Vargas v. Pfizer*, 522 F.3d 55 (1st Cir. 2008) (granting relitigation injunction); *Oriental Bank & Tr. v. Pardo-Gonzalez*, 509 F. Supp. 2d 127 (D.P.R. 2007) (same); *Castro v. United States*, 584 F. Supp. 252 (D.P.R. 1984), aff'd, 775 F.2d 399 (same).

into an uncertain review of the GMAC Order resulting in further fees and delays would be the equivalent of rewarding the Almeida Plaintiffs for their contempt of this Court. Neither public policy nor comity should allow such an outcome. Thus, WM respectfully requests a Temporary Restraining Order, to be converted in due course into a permanent injunction, as detailed in this Motion.

**WHEREFORE**, per the aforementioned reasons WM, its representative and attorneys plead with this Honorable Court to grant a TRO to enjoin the GMAC Court from enforcing the terms of its GMAC Order of August 16, 2021, and specifically as follows:

- Enjoin the GMAC Court from holding WM, its representative and attorneys in contempt.

- Enjoin the GMAC Court from enforcing its order to disqualify the undersigned attorneys from filing any documents in the GMAC case on behalf of WM.

- Enjoin the GMAC Court from enforcing the imposition of sanctions against WM, its representative and attorneys and enjoining it from imposing additional sanctions against WM, its representatives, and attorneys for acting consistent with the Final Judgment issued by this Court.

- Enjoin the GMAC Court from foreclosing on the GMAC Mortgage unless said foreclosure is consistent with the Final Judgment.

- Enjoin the GMAC Court from enforcing its orders as to the consignment of the GMAC Note or the annotation of any restrictions to the Kennedy Property in the Property Registry of Puerto Rico.

- Enjoin the Registry of the Property of Puerto Rico from annotating any of the restrictions on the Kennedy Property as provided for in the GMAC Order.

- Order the GMAC Court to coordinate the foreclosure of the property with the Kennedy Court and foreclose as per the Final Judgment.

- In due court, permanently enjoin the Almeida Plaintiffs and their attorneys from making any collateral attacks against this Court's Final Judgment be it in existing or

new cases, under penalty of daily sanctions as per the Relitigation Exception to the Anti Injunction Act.

**RESPECTFULLY SUBMITTED:**

In San Juan, Puerto Rico, this 25th day of August 2021.

**I HEREBY CERTIFY:** that on this date I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the case of caption.

s/ Jairo Mellado-Villarreal

USDC-PR No.208112
jmellado@mellado.com

s/ Tessie Leal Garabis
USDC-PR No. 218408
tleal@mellado.com

s/ Héctor Orejuela Dávila
USDC-PR No. 301111
horejuela@mellado.com

***Attorneys for WM Capital***
MELLADO & MELLADO-VILLARREAL
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. 787-767-2600/Fax 787-767-2645
