UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Francisco Almeida León, Wanda Cruz Quiles, their Conjugal Partnership and Juan Almeida León **Plaintiffs**<br><br>vs.<br><br>WM Capital Management, Inc.;   Juan del Pueblo, Inc.; Fulano de Tal; BM Capital de Tal and others **Defendants** | Case No.    16-1394<br><br>Re:         State Court Case<br>              KAC2016-0027(806)<br><br>              Breach of Contract, Damages,<br>              Redemption by Co-owner,<br>              etc.<br><br>Trial by Jury Demanded |

**MOTION IN COMPLIANCE WITH COURT ORDER IN DOCKET #500**

COME NOW, voluntary plaintiffs Francisco Almeida Leon, Wanda Cruz Quiles, their Conjugal Partnership, Juan Almeida León, and involuntary plaintiff Tenerife Real Estate Holdings, LLC (Tenerife), through their respective undersigned attorneys, in compliance with this Honorable Court's order in ECF #500, and respectfully state and pray as follows:

1.      On August 24, 2021 this Honorable Court issued an order (ECF #500) where, in light of the recent State Court *Resolution and Order* of August 16, 2021 in case no. KCD2009-0708, this Court instructs the parties that it will receive suggestions as to whether it should stay enforcement of its August 12, 2021 *Order on Civil Contempt and Pending Motions* (ECF No. 477) pending review of the State Court Resolution and Order, and to what should happen next in this case.

2.      Counsels for the voluntary plaintiffs and for Tenerife have consulted among themselves and with their respective clients, about "what should happen next", as a consequence of the August 16, 2021 State Court *Resolution and Order* in case KCD2009-0708, and speak with one voice in consensus.  It is the common view of all plaintiffs and their attorneys that the

following is what should happen next in this case.

3.     Defendant WM Capital Management, Inc. (WMC), its manager, Mr. James Barr, attorney Jairo Mellado Villareal, attorney Tessie Leal, attorney Hector Orejuela and this U.S. District Court for the District of Puerto Rico must abide by the State Court Resolution and Order.

4.     This Honorable Court's Order in ECF number 477, dated August 12, 2021, must be forthwith vacated *nunc pro tunc*, as it will avoid what this Honorable Court has correctly deemed an unnecessary confrontation of the judicial authority of the federal and state courts.

5.     For the reasons expressed by State Court in the August 16, 2021 *Resolution and Order*, this Honorable Court should *motu proprio* order attorneys for WMC to show cause for why they, their law firm, and/or WMC should not be sanctioned under FRCP 11(c).

6.     The State Court Resolution and Order may be appealed by WMC to the Puerto Rico Court of Appeals. As to an expedited process of appeal, the appearing parties previously requested this Court to certify the issues to the Puerto Rico Supreme Court in ECF no. 465 page 11 of 14, but said request was denied. However, an appellant may request an expedited appeal by way of certification to the Puerto Rico Supreme Court pursuant to the Puerto Rico Rule of Civil Procedure 52.2(d).

7.     The appearing parties will not appeal the August 16, 2021 State Court *Resolution and Order*.

8.     This Court's Orders at ECF #383 and #400, appointing Ms. Dora Monserrate to act on behalf of the appearing parties, should also be vacated forthwith.  Mrs. Monserrate complied with the purpose of her appointment by executing the Joint Motion for Execution of Judgment before State Court in case number KCD2009-0708. The request was denied and her

continued participation contravenes the State Court's *Resolution and Order* of August 16, 2021. Any further actions on her part would breach the terms of the State Court *Resolution and Order*, while she confronts contradictory Orders, judgments, and an injunction.

9.     The State Court August 16, 2021 *Resolution and Order* is clear and self-explanatory, including on Remedy Jurisdiction. Plaintiffs, at this time, have nothing to add to said finding and conclusion.

10.     The appearing parties consider that this Honorable Court should evaluate abstaining from further action in this case which would run counter to the State Court *Resolution and Order* of August 16, 2021. The appearing parties respectfully request this Honorable Court take any and all adequate and reasonable steps to preserve the cooperation and comity between the various judicial systems, respect to parties and counsel and the Constitutional structural rights.   "**Justice must satisfy the appearance of justice**." *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955); *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825, 106 S.Ct. 1580, 1587, 89 L.Ed.2d 823 (1986).

11.     On May 2018 (ECF #123), the appearing parties requested this Honorable Court's abstention, forewarning of the present unnecessary confrontation testing the judicial authority of the State and Federal judiciaries. Unfortunately, such request was denied and now we have reached the confrontation.

12.     At this time, the appearing parties refrain from expanding the expressions herein stated, as well as provide any lengthy legal citations and public order grounds for each course. However, should this Honorable Court deem it prudent and proper, the appearing parties may file a complete memorandum of law in support of each or any of the suggested and respectfully

requested courses of action. The ultimate end is to provide this Honorable Court with every opportunity to confirm this Court as a citadel of the judicial system. Nevertheless, it is important for this that WMC, attorneys Mellado, Leal and Orejuela, Mr. James Barr, Ms. Monserrate and this Honorable Court to know that having the lack of remedy jurisdiction in this Court been declared by the State Court final *Resolution and Order* of August 16, 2021, further action to seek or enforce the severe sanctions this Court warned, declared and actually imposed, may be considered a transgression; for example see 18 U.S.C. §872 and §894.

Plaintiffs expressly reserve all their rights, remedies and prerogatives.

WHEREFORE, plaintiffs and their counsel, as officers of this Honorable Court, respectfully request from this Honorable Court to:

a)  receive counsels views as was Ordered to provide;

b)  if any of the views or courses of action are understood to require memoranda, we will comply accordingly;

c)  deem the Order in ECF #500 complied with;

d)  to enter such orders as are necessary to implement the herein suggested and requested courses of action;

e)  vacate the Order at ECF #477, dated August 112, 2021, and the Orders at ECF #383 and #400; and

f)   enter such other remedy as may be appropriate in law, equity, ethics and constitution.

The undersigned hereby certifies that on this same date has electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all interested parties of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 26th day of August, 2021.

REC Law Services, PSC
Capital Center Building
South Tower, Suite 900
Arterial Hostos Ave. #239
San Juan, Puerto Rico 00918-1400
Tel. (787) 753-0884
Fax (787) 753-4821

Berríos Falcón, LLC
Attorney of Record for Tenerife
Capital Center Building, South Tower
Suite 901
239 Arterial Hostos Ave.
San Juan, Puerto Rico 00918
Tel. (787) 274-8600

s/ Edilberto Berríos Pérez
Edilberto Berríos Pérez, Esq.
USDC 123605
*eberriosperez@reclawservices.com*

s/Roberto Berríos Falcón
Roberto E. Berríos Falcón
USDC 228714
*rblawpr@yahoo.com*

s/Fernando E. Longo Quiñones
Fernando E. Longo Quiñones
USDC 208306
*flongoquinones@reclawservices.com*