UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Francisco Almeida Leon, Wanda Cruz Quiles, their Conjugal Partnership and Juan Almeida León | **Case No. 16-1394 (JAW )** |
| Plaintiffs | Re:     State Court Case KAC2016-0027(806) |
| vs. | Breach of Contract, Damages, Redemption by Co-owner, etc. |
| WM Capital Management, Inc.; Juan Del Pueblo, Inc.; Fulano De Tal; and Others | **Trial by Jury Demanded** |
| Defendants | |

**RESPONSE TO WMC's REQUEST AT DOCKET ENTRY NO. 502**

COME NOW, voluntary plaintiffs Francisco Almeida Leon, Wanda Cruz Quiles, their Conjugal Partnership, Juan Almeida León, and involuntary plaintiff Tenerife Real Estate Holdings, LLC (Tenerife), through their undersigned attorney, and respectfully state and pray as follows:

**I.      Introduction and Overview**

At the Oral argument held before this Honorable Court on February 21,  2019, this Honorable Court was expressly informed that State Superior Court could not disregard the mandate it received from the Court of Appeals of Puerto Rico, nor its own final judgment entered in case KCD2009-0708.  As clearly expressed at footnote one of the *Resolution and Order* dated August 16, 2021, the State Court itself lacks jurisdiction to disregard its own final judgment.  In said February 21, 2019 hearing, this Honorable Court was further illustrated that the course undertaken to disregard the State Court judgments and rulings would cause an inter-jurisdictional clash that was preventable.  The inter-jurisdictional collision has in fact occurred and is in progress.  WMC and its attorneys seek to exacerbate the unnecessary confrontation when the U.S. Constitution itself commands and Congress by statute has commanded Full Faith and Credit between State and Federal judgments.  It is, and has at all times been WMC who insists on ignoring said constitutional

command, and setting the inter-jurisdictional collision course.

What WMC expressed in its docket 502 filing is relevant, but even more eloquent is what WMC <u>did not mention,</u> address or considered in said filing nor in any other.  WMC is inviting to error and abuse of discretion.  For instant access to some of the crucial subjects WMC has not addressed in docket 502, nor in any significant manner in any other filing are the following:

a)  Contradictory final judgments between State and Federal Court;

b)  Remedy jurisdiction; i.e. jurisdiction in this U.S. District Court to issue the remedy which modifies and/or annuls two prior State Court final judgments;

c)  The State Court final judgment dated November 7, 2011 in case KCD2009-0708, and the minimum public foreclosure sale minimum bid price it commands for that single case;

d)  The State Court final Judgment dated October 2011, in case KCD 2011-0142 and the minimum public foreclosure sale minimum bid price it commands for that single case;

e)  Full faith and credit that federal courts must provide to each one of those two State Court 2011 final judgments;

g)  The Anti Injunction Act, which requires that federal Court must have complete jurisdiction to protect in order to consider issuing an injunction against State Court;

h)  Previous Exclusive *In rem* Jurisdiction by State Court in case KCD2009-0708 in relation to the realty and the mortgage which is object of foreclosure in said case;

i)  Subject Matter Jurisdiction is given by constitution or law, it may not be stipulated, consented or arrogated;

j)  The October 10, 2019 State Court entered a resolution (pages 6-7) which WMC invokes, but said resolution was totally vacated by the August 16, 2021 *Resolution and Order*;

-2-

k)      Public order in the Puerto Rico real estate mortgage foreclosure process, and post judgment

        procedural and substantive due process;

l)      Appeal (See Rules 42.1 and 52.2 of the P. R. Rules of Civil Procedure) of the August 16,

        2021 *Resolution and Order*, automatically causes the Order to cease its effectiveness (except

        for the injunction part); therefore, WMC does have an adequate remedy at law;

m)      This Court ordered WMC to expeditiously seek review in the State judiciary of the August 16,

        2021 *Resolution and Order* (ECF #500);

n)      The effect of demanding that the appearing parties conduct themselves to the detriment of

        third parties and their own under the threat of substantial damages if not acquiesced, when

        the Court has been adjudged to lack subject matter jurisdiction, which may constitute a

        transgression. See 18 U.S.C. §872 and §894.

o)      The facts determined by State Court in the August 16, 2021 *Resolution and Order*, were not

        challenged by WMC, nevertheless WMC conclusively sustains that State Court was induced

        to error, without pointing to a single one;

p)      How can any Court legally, in sound reason, constitutionally issue a writ of execution of the

        judgment that contradicts and is not congruent with the judgment that it seeks to execute?

q)      The intrinsic contradictions contained in this Court's final judgment; [1]

r)      That process exists to implement and enforce substantive rights, not to destroy or create them

        (see the January 17, 2018 State Court Resolution at page 5);

s)      Once a final judgment becomes unappealable a court lacks power to disregard it, except for

---

[1]     See the August 16, 2021 State Court *Resolution and Order*, at page 23 of 42, in fact number 30.

cause under relief from judgment;[2]

t)      Any decision that ignores or makes abstraction of an important part of substantive, constitutional or procedural law, or facts is an abuse of discretion;[3]

u)      contradictory judgments is at minimum illegal;

v)      A fictitious controversy deprives the Court of subject matter jurisdiction, *infra.*

w)      The constitutional structural rights imbedded in the Constitution's diffusion of power, and how the items herein listed assemble and form integral part of that structure;

x)      **Does articulate a rational connection between the facts found, existing evidence and prior final State Court judgments, applicable legal, constitutional and jurisdictional standards with the remedy and conclusions requested**.' *Burlington Truck Lines v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 246, 9 L.Ed.2d 207 (1962); and others.

The identified subjects, when incorporated to the argument presented by WMC, defeat the image and mirage that WMC's argument projects, and its argument crumbles like castle built with a deck of cards.  The exclusion of those subjects is deliberate, as most, if not all, have been previously specifically brought to the attention of this Court and the parties.  Knowing that WMC has deliberately excluded crucial subjects from the factual and legal presentation, drives us to the unavoidable conclusion that WMC and its attorneys, seek to paint an inaccurate reality, to induce the Court's actions. That is, to mislead and induce to error.

The absence of those facts, their legal, constitutional and jurisdictional impact in WMC's argument leads us to one conclusion that WMC presents and argues a fictitious case or controversy. A fictitious

---

[2]      See footnote one in the State Court August 16, 2021 *Resolution and Order*.

[3]      See *García v. Padró*, 165 DPR 324, 334–35,( 2005); *Pueblo v. Ortega Santiago*, 125 D.P.R. 203, 211–212 (1990); which includes there is no federal jurisdiction to adjudicate only half a controversy, resulting in lack of subject matter jurisdiction.  See *also Sihotang v. Sessions*, 900 F.3d 46, 50 (1st Cir. 2018).

controversy deprives federal Courts of subject matter jurisdiction.  See *Swift v. Hocking*, 243 U. S. 281, 61

L.Ed. 722 (1917). Federal Courts do not have subject mater jurisdiction to attend or adjudicate fictitious facts,

even if the parties stipulate the fictitious facts.  Only reality, true complete facts substantially established by

the evidence provide the existence of a true case or controversy, a genuine issue and engenders the

consequent jurisdiction to the Court.

WMC has, once again, presented and argued to this Honorable Federal District Court, facts and issues

that are significantly incomplete, deliberately excluding every fact and issue that weakens the image that WMC

projects, thereby creating an illusion, a fiction. Therefore, the presentation made by WMC in docket 502,

deprives this Honorable Federal District Court of Subject Matter Jurisdiction.

## II.     Purported Injunction Against Federal Court

WMC argues that an injunction was issued by State Court in the August 16, 2021 *Resolution and

Order*, against this Honorable Court. WMC has not cited a single sentence from the August 16, 2021

*Resolution and Order* that is directed to this Court to command or prohibit any conduct from this Court.  An

Order was issued to WMC and its attorneys Jairo Mellado, Tessie Leal and Hector Orejuela to cease and

desist from seeking to modify, undermine or annul the various judgments issued by the State Court, and orders

related thereto.

The U.S. Constitution (U.S. Const. art. IV, § 1), and Congress over two centuries ago issued the

*injunction* that WMC is referring to, namely the Full Faith and Credit clause and its statutory companion; see

28 U.S.C. §1738.  The August 16, 2021 State Court *Resolution and Order* clearly and unequivocally referred

to the State Court final judgment in case no. KCD2009-0708, to the foreclosure public sale minimum bid price

contained therein, and WMC's insistence, during six years, to disregard said final judgment, and have it be

annulled.  This Court's Final Judgment, is one that was induced by WMC's text in the proposed judgment

-5-

adopted by this Court. Simply and plainly, WMC induced this Court to error and drove the Court's actions beyond its jurisdictional realm and limits.  See pages 18, 19, 20- fact number 28 in the August 16, 2021 State Court *Resolution and Order*, and its total text. Note that nowhere, in the pleadings in this case, WMC requests that any State Court final judgment be cancelled, modified or annulled; but the proposed final judgment provides for exactly that, in its original text and in its final commanded process.

The State Court did not issue any injunction against this federal Court, it implemented the statutory and constitutional  mandate of Full Faith and Credit, which requires that its own State final judgement dated November 7, 2011 be honored and abided by with Full Faith and Credit by every other court in the United States.  No challenge has ever been made to the validity of said November 7, 2011 State Court final Judgment.  The State Court did command WMC to cease and desist from undermining and seeking to annul the State Court final judgment dated November 7, 2011.

Simply, WMC is demanding this Court to again disregard the pivotal constitutional cornerstone of  the Full Faith and Credit clause, while demanding that this Court imposes on the State Court what this very same Court did not give to the State Court's judgments and decrees, i.e. Full Faith and Credit. The oldest valid final judgment governs, and every other court must give it full faith and credit, and that judgment is the November, 7, 2011 final judgment in case no. KCD2009-0708.

WMC insistent demands merely seek to threaten the appearing parties into submission, to then, as ill disguised with justice, argue consent and waiver of the judgment that could never be annulled by this Court's judgment nor by WMC's demands.   Federal Courts do not have authority to annul, modify or reverse state Court judgments based on state law.  See *Fox Fil Corp. u. Muller, 296 US. 207, 210, 56 S. Ct. 183, 184, 80 L. Ed. 158 (1935); Martinez y. Ryan, 566 US. 1, 10-11, 1,32 S. Ct. 1309, 1316, 182 L. Ed. 2d 272 (2012); Coleman y. Maldonado, No. 3:15-CV-1878 (MPS), 2018WL 158* 1462. Citations from State Court *Resolution*

*and Order* dated August 16, 2021.

### III.   Ready Remedy at Law

WMC argues that yet another injunction is required from this Honorable Court to continue  imposing severe penalties and threats of damages upon to the appearing parties.  WMC does so without any in depth examination of the constitutional, jurisdictional, inter jurisdictional and federalism issues at stake; while deliberately ignoring the long list of subjects hereinbefore enumerated.  Such are treacherous waters  in which to venture  without precise guidance and exact identification of the jurisdictional limits of the power to be displayed, since such display beyond any jurisdictional limits may be illegal, or even criminal.

Nevertheless, WMC does have a ready remedy at law, which will automatically stay the effects of the August 16, 2021 *Resolution and Order*.  Such remedy is to appeal, as provided by Rule 42.1 of the Puerto Rico Rules of Civil Procedure (a judgment is any decree that finally resolves any discrete issue in the case), Rule 52.2 (appeal is a matter of right from any final judgment) and Rule 57.7 (the *injunction* portion is not automatically stayed by the Appeal).  WMC refuses to acknowledge that the *Resolution and Order* dated August 16, 2021 finally resolved the issues related to inconsistent judgments, as well as the impossibility of issuing a writ for execution that contradicts the judgments that it purports to execute, among other critical discrete issues. The August 16, 2021 *Resolution and Order* expressly decreed that it is a decision on the substantive rights and merits and that it is binding.  WMC's reluctance to abide by this Court's first impression, that is, to appeal, speaks volumes. WMC seems to be aware that *Resolution and Order* dated August 16, 2021 is correct and is the final word of the Puerto Rico Courts. No  court may require or approve a writ of execution that contradicts or is incongruent with the judgment it purports to execute.  That, among the many other deficiencies and flaws in the argument WMC flaunts, which we have enumerated, provides significant certainty to the correctness of the State Court August 16, 2021 *Resolution and Order*.

Therefore, WMC does have at hand a ready, efficient, effective remedy at law, which by itself discards any possible injunction. The absence of subject matter jurisdiction in this Court to issue the remedy of annulling a prior valid State Court final judgment, and exclusive *in rem* jurisdiction in State Court, establishes the August 16, 2021 *Resolution and Order* as firm and a certain landmark, and beacon reference point in the inter-jurisdictional confrontation and rights between the parties.

**IV.      Purported Error Induced to State Court**

WMC has again repeated that State Court was induced into error, but, again, does not identify any specific portion, fact or law that is in error.  It only flaunts prior expressions which themselves are the result of error induced.  The alphabetical exhaustion of the list of subjects, legal standards, facts and jurisdictional limits that WMC has deliberately ignored strongly signal that WMC's accusations are vacuous and specious.  If WMC is convinced that State Court was induced into error or did incur in error, appeal is the process to establish that such has in fact occurred.  Which is what this Court has ordered WMC to do and expeditiously exhaust.

**V.       The October 10, 2019 State Court Resolution**

WMC argues and invokes the October 10, 2019 State Court Resolution.  Simply, said State Court Resolution was **expressly vacated** (see page 30 of the *Resolution and Order*) by the State Court *Resolution and Order* dated August 16, 2021. Additionally, the Puerto Rico Court of Appeals in case KLAN2019-01350, decreed that the prior writ KLCE 2018-0094, was in reality an appeal, that is, because the January 17, 2018 Resolution was in fact a judgment.

**VI.      Relitigation of Issues**

WMC argues that issues are being relitigated. Simply, the contradictory judgments, the self contradiction within this Court's final judgment, and the jurisdictional issues are essential matters that need to be attended to enforce any judgment.  One Resolution, decree and judgment, the August 16, 2021

-8-

*Resolution and Order*, has sorted out all the contradictions, jurisdictional infirmities, and Full Faith and Credit issues.  If WMC disagrees and sustains such is in error, the remedy is at hand, Appeal.

## V.    All Writs Act

WMC is specifically requesting this Court to issue an injunction directed to State Court to comply with this Court's final judgment.  To do so the All Writs Act requires that the federal Court's jurisdiction is clearly established and that its judgment is valid.  See 28 U.S.C. §1651; *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002)(the all writs act is not a source of jurisdiction, rather is a tool to protect an existent jurisdiction); *Pennsylvania Bureau of Correction v. U.S. Marshals Service,* 474 U.S. 34, 106 S.Ct. 355, 88 L.Ed.2d 189, (1985)(All Writs Act is not a source for *Ad Hoc* writs).

Additionally 28 U.S.C. §2283 expressly prohibits Federal Courts from granting an *injunction* that in any way stays proceedings in State Court, except in aid of its own jurisdiction, but State Court already decreed this Court lacks exclusive *in rem* jurisdiction and lacks jurisdiction to disregard, modify or annul a prior State Court final judgment. The existing contradictory judgments in conjunction with full faith and credit properly covers and discards the possibility of protection of its judgments, which in itself is also inhibited by this Honorable Court's lack of subject matter jurisdiction to annul state court judgments based on state law.   Therefore, Congress has issued a statutory injunction that prohibits the injunction WMC prays for. See *Covil Corp. V. Zurich American Insurance*, *Company*, 2021 WL 777176.[4]

---

[4]    We partially quote from said recent case:

The [AntiInjunction] Act's core message is one of respect for state  courts." *Smith v. Bayer Corp*., 564 U.S. 299, 306 (2011). It broadly directs that state tribunals "shall remain free from interference by federal courts." Atl. Coast *Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S.* 281, 282 (1970). Any exception should be "narrow",  *Chick Ka m Choo v. Exxon Corp*., 486 U.S. 140, 146 (1988), and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Atl. Coast,* 398 U.S. at 297.

The State Court has declared that it has the prior exclusive *in rem* jurisdiction over the *res* to the exclusion of every other court.  The State Court has decided that this Court lacks jurisdiction to vacate or modify the November 7, 2011 Final Judgment.  The State Court, in the August 16, 2021 *Resolution and Order*, has decided that, under the facts, the State Court itself lacks jurisdiction to modify or annul its own final judgment dated November 17, 2011.  What WMC requests is a legal and constitutional impossibility. Therefor, there is no possible legal, factual or jurisdictional basis upon which this Court may issue the injunction requested by WMC. Attempting to do only exacerbates the inter-jurisdictional confrontation in progress, which was foretold to this Honorable Court over three years ago.

## VI.   CONCLUSION

The extensive list of crucial facts, subjects, constitutional, legal and jurisdictional bedrock  principles that WMC omitted in its Emergency Motion (ECF #502) is eloquent.  A legal, a constitutional and jurisdictional impossibility is what again WMC requests this Court to command through yet another injunction.  Any such injunction will necessarily be of dubious validity, if not *ipso facto* null and void. WMC has a ready remedy at hand, which this Court has commanded WMC to pursue; i.e., appeal.  None of the remedies requested by WMC is appropriate, none should or may be granted at the present juncture.

WHEREFORE it is respectfully requested from this Honorable Court to:

a)   deny the request at docket entry no. 502;

b)   adhere to the Order  issued to WMC to exhaust the State appeal or review process to  seek reversal or modification of the August 16, 2021 State Court final judgment, entitled *Resolution and Order*; and

c) enter such order, or statement as may be appropriate in law, jurisdiction, constitution and equity.

The undersigned hereby certifies that on this same date has electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all interested parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 2nd day of September, 2021.

| | |
|---|---|
| Capital Center Building | BERRIOS FALCON, LLC |
| South Tower, Suite 900 | Attorney of Record for Tenerife |
| Arterial Hostos Ave. #239 | Capital Center Building, South Tower |
| San Juan, Puerto Rico 00918-1400 | Suite 901 |
| Tel. (787) 753-0884 | 239 Arterial Hostos Ave. |
| Fax (787) 753-4821 | San Juan, Puerto Rico 00918 |
| | Tel. (787) 274-8600 |
| | Fax (787) 274-8678 |
| | |
| *s/ Edilberto Berríos Pérez* | *s/Roberto Berríos Falcón* |
| Edilberto Berríos Pérez, Esq. | Roberto E. Berríos Falcón |
| USDC 123605 | USDC 228714 |
| *eberriosperez@reclawservices.com* | *rblawpr@yahoo.com* |