UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO ALMEIDA-LEÓN, WANDA CRUZ QUILES, the Conjugal Partnership; JUAN ALMEIDA-LEON<br><br>Plaintiffs<br><br>v.<br><br>WM Capital Management, Inc.; Juan del Pueblo, Inc., John Doe, y Fulano de Tal, BM Capital de Tal and Others<br><br>Defendants | CIVIL ACTION NO. 16-01394 (JAW/BJM)<br><br>**RE: STATE COURT ACTION** CASE NO. KAC2016-0027 (806)<br><br>BREACH OF CONTRACT; DAMAGES; LITIGIOUS CREDIT<br><br>TRIAL BY JURY DEMANDED |

## WM CAPITAL'S INFORMATIVE MOTION

**TO THE HONORABLE COURT:**

**COMES NOW**, defendant WM Capital Management, Inc. ("WM"), by and through its undersigned counsel, and respectfully inform on the proceedings at the GMAC Court as follows:[1]

As this Court has been informed - at the request of the Almeida Plaintiffs - on August 18, 2021, the GMAC Court issued an injunction against this Court, WM Capital, it's representative, its attorneys ("GMAC Order"). After reviewing a Certified English translation of the GMAC Order, this Court issued an Order requesting advice from the attorneys in this case as to what should happen next. ECF No. 500.

---

[1] The "Almeida Plaintiffs" are Francisco Almeida León, his wife Wanda Cruz-Quiles, their conjugal partnership, and Juan Almeida León as well as their company, Tenerife Real Estate Holdings, LLC.

1

Accordingly, the next day, WM filed a Motion in Compliance with said Order briefing the Court on WM's options to seek review of the GMAC Order. ECF No. 501. More importantly, WM also filed an Emergency Motion for Temporary Restraining Order and for Permanent Injunction (the "TRO Motion"). ECF No. 502. This Court has yet to rule on the request for TRO.

WM hereby informs the Court of the current state of deadlines currently running - with respect to the options available to obtain review and/or a stay of the GMAC Order in State Court.

Under the Puerto Rico Rules of Civil Procedure, the term to file a petition for the writ of certiorari is thirty (30) days after the date of notice of the resolution sought to be reviewed. *In re Approval of Rule of Civil Procedure*, 176 D.P.R. 673, R. 52.1(b) (2009) (P.R. Offic. Trans.).[2] However, that term may be interrupted by the filing of a Motion for Reconsideration. *Id.*, R. 47. In turn, the term to file a Motion for Reconsideration is fifteen (15) days from the date of notice of the resolution sought to be reviewed. *Id.*

The GMAC Order was notified on August 18, 2021. Said Resolution also ordered WM and its counsel to pay the sanctions imposed therein within the same term to file a Motion for Reconsideration – fifteen (15) days. Thus, the deadline for WM to file a Motion for Reconsideration and/or pay the $35,000 in sanctions imposed by the GMAC Court expired yesterday, September 2, 2021.

Accordingly, WM filed a Motion for Reconsideration yesterday which has interrupted the term to seek review at the appellate level. WM cannot, however, predict when the GMAC Court will rule on said Motion for Reconsideration. If the GMAC Court denies the Motion for

---

[2] Although this document does not yet have a P.R. Offic. Trans. cite, once the document is opened on Westlaw, the official English translation is available via a link in the upper left corner of the document titled "English Translation."

2

Reconsideration (as is, frankly, likely based on said Court's history) WM would be forced to deposit the $35,000 in sanctions and file a Petition for a Writ of Certiorari and a Motion for Stay in Aid of Jurisdiction on the next business day.

This is notwithstanding the fact that as things stand right now, the Almeida Plaintiffs can move to foreclose on the GMAC Note at will and wipe out all the Kennedy Notes in one swoop – in violation of this Court's Final Judgment.  Contrary to what the Almeida Plaintiffs assert in their filing from yesterday (ECF No. 506), WM does not have an appeal as of right in these circumstances. The remedy requested by the Almeida Plaintiffs and granted by the GMAC Court was under Puerto Rico Rule 56 of Civil Procedure which is titled "Provisional Remedies." *In re Approval of Rule of Civil Procedure*, 176 D.P.R. 673, R. 56.1(b) (2009). Furthermore, Rule 52.1 specifically notes that any order granting a remedy under Rule 56 (like the one granted by the GMAC Court) can only be reviewed via certiorari. *Id.*, R. 52.1; *see also IG Builders v. BBVAPR*, 185 D.P.R. 307, 339 (2012) (certified translation at ECF No. 250-1).[3]

Moreover, as indicated in earlier motions, the enforcement of the GMAC Order will not be stayed by the mere filing of the Petition for Writ of Certiorari (the issuance of which, is purely discretionary). *See id.*, R. 52.3 ("The filing of a petition for writ of certiorari shall not stay the proceedings in the respondent court unless otherwise ordered by the appellate court on its own initiative or on motion of a party."). Rather, WM would have to file a Motion for Stay in Aid of Jurisdiction after filing the Petition for Writ of Certiorari requesting said stay – something that is also purely discretionary.

---

[3] It is beyond cynical for the Almeida Plaintiffs and their attorneys to seek and obtain a provisional remedy post the final judgment and then pretend that the "provisional" remedy is actually "final."

Consequently, although depending on when the GMAC Court issues a ruling on WM's motion for reconsideration - it would have to file its Petition for Writ of Certiorari as soon as possible thereafter to have any chance of preventing the execution of the GMAC Note by the Almeida Plaintiffs prior to that date.

To illustrate, if the GMAC Court denies the Motion for Reconsideration and gives notice of said denial today then WM, and the undersigned attorneys would have to pay the $35,000 in sanctions and file its Petition for Writ of Certiorari and Motion for Stay in Aid of Jurisdiction in the Puerto Rico Intermediate Court of Appeals as soon as next Tuesday, September 7, 2021.

As explained in its TRO Motion, WM does not believe that proceeding in the state courts is the proper way to put an end to this case - but rather, going to the Court of Appeals of Puerto Rico will unnecessarily protract and delay this case while generating uncertainty. This case has been fully litigated already in this Court and should not be litigated any further in any fora. The collateral litigation on this Court's Final Judgment must end here.

Therefore, WM hereby respectfully informs the Court of these looming deadlines and respectfully requests the Court to rule on the pending TRO Motion prior to those deadlines so as not to render it, and this Court's Final Judgment, moot.

WHEREFORE, WM Capital hereby informs this Court of the above-described terms and deadlines and respectfully requests that this Honorable Court take them into account when ruling on the TRO Motion.

**RESPECTFULLY SUBMITTED:**

In San Juan, Puerto Rico, this 3rd day of September 2021.

**I HEREBY CERTIFY:** that on this date I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the case of caption.

> s/ Jairo Mellado-Villarreal
> USDC-PR No.208112
> jmellado@mellado.com
>
> s/ Tessie Leal Garabis
> USDC-PR No. 218408
> tleal@mellado.com
>
> s/ Héctor Orejuela Dávila
> USDC-PR No. 301111
> horejuela@mellado.com
>
> *Attorneys for WM Capital*
> MELLADO & MELLADO-VILLARREAL
> 165 Ponce de León Ave., Suite 102
> San Juan, Puerto Rico 00917-1235
> Tel. 787-767-2600/Fax 787-767-2645