UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FRANCISCO ALMEIDA LEON, WANDA CRUZ QUILES, the Conjugal Partnership and JUAN ALMEIDA LEÓN**<br>**Plaintiffs**<br><br>**vs.**<br><br>**WM CAPITAL MANAGEMENT, INC.; Juan del Pueblo, Inc.; Fulano de Tal; BM Capital de Tal and others**<br>**Defendants** | **Case No. 16-1394 (SEC)**<br><br>**Re: State Court Case KAC2016-0027(806)**<br><br>**Breach of Contract, Damages, Redemption by Co-owner, etc.**<br><br>**Trial by Jury Demanded** |

MOTION IN COMPLIANCE WITH ORDER ABOUT IMPROVIDENT TRO AGAINST
STATE COURT AND PLAINTIFFS

**Edilberto Berríos Pérez, Esq.**
USDC No. 123605
Email. eberriosperez@reclawservices.com
REC LAW SERVICES, P. S. C.
Capital Center Building,
Tower South, Suite 900
#239 Arterial Hostos Ave.
San Juan, Puerto Rico 00918
Tel. 787 753-0884
Fax 787 753-4821

**Roberto Berríos Falcón, Esq.**
USDC No. 228714
Email: rblawpr@yahoo.com
BERRÍOS FALCÓN, LLC
Capital Center Bldg., Suite 901
Arterial Hostos Ave #239
San Juan, Puerto Rico 00918
Tel. (787) 274-8600

**Jairo Mellado-Villareal**, **Esq.**
USDC No. 208112
Email: jmellado@mellado.com

**Tessie Leal-Garabis, Esq.**
USDC No. 218408
Email: tleal@mellado.com

Attorneys for the WMCM
MELLADO & MELLADO-VILLAREAL
165 Ponce de León Ave. Suite 102
San Juan, PR 00917-1235
Tel.: (787) 767-2600
Fax: (787) 767-2465

**Dora Monserrate Peñagaricano, Esq.**
USDC No. 212612
101 San Patricio Ave., Suite 1120
Guaynabo, PR 00968
Tel.: (787) 620-5300
Fax: (787) 620-5305

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FRANCISCO ALMEIDA LEON, WANDA CRUZ QUILES, their Conjugal Partnership AND JUAN ALMEIDA LEÓN<br>**Plaintiffs**<br><br>vs.<br><br>WM CAPITAL MANAGEMENT, INC.; Juan del Pueblo, Inc.; Fulano de Tal; BM Capital de Tal and others<br>**Defendants** | **Case No. 16-1394 (JAW)**<br><br>Re: State Court Case KAC2016-0027(806)<br>Breach of Contract, Damages, Redemption by Co-owner, etc.<br><br>Trial by Jury Demanded |

**SUBJECT MATTER INDEX TO THE MOTION IN COMPLIANCE WITH ORDER ABOUT IMPROVIDENT TRO AGAINST STATE COURT AND PLAINTIFFS**

AFFIDAVIT ATTACHED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

CONSTITUTIONAL, LEGAL, PROCEDURAL SETTING AND REQUIREMENTS . . . . . . . . . . . . . . . .  1-4

*EXEQUÁTUR,* FULL FAITH AND CREDIT, AND  TEMPORARY
      RESTRAINING ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4-5

 PROPOSED JUDGMENT, vs. FINAL JUDGMENT vs TRO  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5-10

THE AUGUST 16, 2021 STATE COURT RESOLUTION AND ORDER . . . . . . . . . . . . . . . . . . . . . . .  10-11

ANTI INJUNCTION ACT, JURISDICTION TO PROTECT,  AND THE RE-LITIGATION
      EXCEPTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-18

2INDISPENSABLE PARTIES  AND NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-20

NO BOND HAS BEEN POSTED NOR EXAMINED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

PROBABILITY OF SUCCESS FOR WMC IS NIL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

PUBLIC POLICY AND ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

IRREPARABLE DAMAGE , MONEY DAMAGES AND CONSTITUTIONAL

RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21-22

READY REMEDY AT LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CONFRONTATION BETWEEN THE STATE AND FEDERAL JUDICIARY,
    WAS EXPRESSLY  FORESEEN AND INFORMED ,WMC SEEKS
     FURTHER ESCALATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

RE LITIGATION EXCEPTION TO ANTI INJUNCTION V.S  EXEQUÁTUR  . . . . . . . . . . . . . . . . . . . 23-24

"PUBLIC INTEREST SO REQUIRES"  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

RESPECTFULLY SUBMITTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Francisco Almeida Leon, Wanda Cruz Quiles, their Conjugal Partnership and Juan Almeida León<br><br>Plaintiffs<br><br>vs.<br><br>WM Capital Management, Inc.; Juan Del Pueblo, Inc.; Fulano De Tal; and Others<br><br>Defendants | **Case No. 16-1394 (JAW )**<br><br>Re:    State Court Case KAC2016-0027(806)<br><br>Breach of Contract, Damages, Redemption by Co-owner, etc.<br><br>**Trial by Jury Demanded** |

**MOTION IN COMPLIANCE WITH ORDER ABOUT
IMPROVIDENT TRO AGAINST STATE COURT AND PLAINTIFFS**

COME NOW, voluntary plaintiffs Francisco Almeida Leon, Wanda Cruz Quiles, the Conjugal Partnership, Juan Almeida León, and involuntary plaintiff Tenerife Real Estate Holdings, LLC, through their undersigned respective attorneys, and hereby respectfully and in compliance with Orders at dockets 509 and 510, inform the grounds upon which the Temporary Restraining Order ("TRO") issued is not legally nor constitutionally proper, and to that effect, state and pray as follows:

**AFFIDAVIT ATTACHED**

This motion is accompanied by an affidavit about the damage, public interest, balance of interest, legal remedy available and likelihood of success.

**CONSTITUTIONAL, LEGAL, PROCEDURAL SETTING AND REQUIREMENTS**

All statements legal sources and arguments contained in docket 506 are incorporated by reference, each one remains valid, in full force and effect. The full content of State Court Resolution and Order dated August 16, 2021 are an integral part of this motion as it is the factual, procedural, constitutional and legal reasoning, analysis and environment that is being examined. Said State Court decree is now unappealable, as the appeal period has expired, in double fashion. WM Capital did not appeal the April 13, 2021 Order, which

denied public sale bidding for ZERO dollars on the mortgage foreclosure public sale, while four months have

transpired. Further, the appeal period for the August 16, 2021 State Court Resolution and Order, expired

uninterrupted on September 17, 2021.

WM Capital had multiple readily available remedies at law, but wasted all of them while pursuing the

Temporary Restraining Order that this Court issued in dockets 509 and 510.    Appeal of the final decree

Resolution and Order, would have automatically stayed execution of the State Court final judgment dated

November 7, 2011, and all other remedies, except the injunction against WM Capital and its attorneys. See

Rules 52.3(a)(Appeal Stays the Order/judgment), 52.3(b)(certiorari does not stay, unless the writ is issued, or

the Court on request so provides); or the Puerto Rico Rules of Civil Procedure.  This Court ordered WM capital

to exhaust State Court appeal remedies, but did not comply, the present limited remedies at law (continues to

have relief from judgment available), is a **self inflicted[1] limitation and/or harm**, of which WM Capital may not

avail itself to obtain the TRO remedy.   See: *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828,

839 (3d Cir. 1995) ("If the harm complained of is self-inflicted, it does not qualify as irreparable.") and *Punta*

*Lima, LLC v. Punta Lima Development Company, LLC*, 403 F.Supp.3d 22 (USDC PR, 2019).

The final judgment in this case requires that said judgment be executed by the courts of Puerto Rico,

not by this Court, or any process part of this Court. The June 2019 final judgment is now firm, may not now be

---

[1]      See*: Libertarian Party of Ohio*, 2014 WL 12647018, at *3, 2014 U.S. Dist. LEXIS, at *8 (denying
motion for TRO and finding that, despite the fact that the plaintiff would suffer harm without a TRO, the
harm to the plaintiff was largely self-inflicted because of plaintiff's failure to seek a TRO with diligence);
*Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc*., 511 F. App'x 398, 405 (6th Cir.
2013) ("an unreasonable delay in filing for injunctive relief will weigh against a finding of irreparable
harm"); *Ne. Ohio Coal. for the Homeless v. Husted, No. 12-4354*, 2012 U.S. App. LEXIS 26926, at *16 (6th
Cir. Nov. 16, 2012) (plaintiff's claim of irreparable injury was belied by waiting to raise its concerns).

Se also: *Burton v. Kettering Adventist Health Care*, No. 3:20-CV-209, 2020 WL 3265526, at *2 (S.D. Ohio
June 17, 2020), from which is substantially the sources and quote

nor has not been changed.  WM Capital requested State Court to proceed to enforce said judgment, which requires domestication and validation for the State Court to have power to give it enforcement and Full Faith and Credit.

**Exequátur** – Any judgment from a jurisdiction other than Puerto Rico that is requested to be <u>enforced by the Courts of Puerto Rico</u> must be first domesticated, validated, determined to be in compliance with certain minimum standards and characteristics for its legality, validity and enforcement. Those standards include being congruent with public order, with State Laws on enforcement, constitutional, and having been issued by a court with subject matter jurisdiction to issue the remedy contained.  Examination of the legality of the judgment to be implemented by the Courts of Puerto Rico is not re-litigation, as the process is limited to determine compliance with the requirements legally indispensable to be validated, as those requirements are identified in Rule 55.5 of the Puerto Rico Rules of Civil Procedure. See: *Endocare, Inc. v. Technologias Urologicas, Inc.*, 950 F. Supp. 2d 341, 344 (D.P.R. 2013)*, Tucker Anthony Mgmt. Corp. v. Holden*, 716 F.Supp. 716 (D.P.R.1989); (federal court, sitting in diversity, has historically conducted such **exequatur** proceedings, when it has been requested to enforce a judgment from another jurisdiction);*Brightpoint N. Am. L.P. v. Acosta* 2010 WL 891635[2]; *Mar. Pres. LTD v. Black Hawk Shipping Enterprises, Inc.*, 212 F. Supp. 3d 273, 275 (D.P.R. 2016)[3]

---

[2]      Ef. Litograficos v. Nat. Paper & Type Co., 112 D.P.R. 389, (1982); *Gulf Petroleum v. Camioneros*;199 D.P.R. 962 (2018); *Welsh v. Gerber Products, 315* Md. 510, 555 A.2d 486, 493 (1989); *David v. Warwell,* 86 Md. App. 306, 309, 586 A.2d 775, 777 (1991); *Guinness PLC v. Ward*, 955 F.2d 875, 885 (4th Cir. 1992); *Sosa v. Registradora de la Propiedad*, 145 D.P.R. 859,(1998); *Rodríguez Contreras v. E.L.A.*, 183 DPR 505, 519 (2011) (movant must establish compliance with the required standards, on the merits, with evidence as necessary)). *AAP Implante AG v. Caribbean Healthcare Supplies Corp.,* Tribunal de Apelaciones de P.R.*, 2021 WL 1589093.*

[3]      Judgments from another jurisdiction do not operate ex propio vigore in Puerto Rico. They must first be <u>validated and recognized by the courts of this jurisdiction through the exequatur proceeding governed by **Rule 55** of the Puerto Rico Rules of Civil Procedure</u>. Under Rule 55.5(b), the Court may recognize foreign judgments **only if** the following criteria is established to be clearly present:

The final judgment in this case is for payment of money through the contracted State process of mortgage foreclosure, therefore, Federal Rule of Civil Procedure 69 (a) also requires that the State Process for said purpose be complied with. That is, at least <u>two independent sources</u> require that the final judgment in this case adhere to the process for enforcement by the laws and courts of Puerto Rico, i.e., be domesticated and validated by State Courts, before State Courts may proceed to enforce it.

### *EXEQUÁTUR,* FULL FAITH AND CREDIT, AND  TEMPORARY RESTRAINING ORDER

Jurisdiction in this case was determined based on diversity of jurisdiction, that is the sole source of federal jurisdiction. Such is a third source that imposes the laws of Puerto Rico. This Court has never examined its own jurisdiction to enter the remedy of expressly seeking to annul and vacate the decade old State Court final and firm State Court judgments, nor having it done and implemented by the very same court that issued the decade old State Court judgment. In docket 509, the TRO Order, the Court acknowledges that now the real (not previously explicit, and previously expressly rejected) purpose is annulling or "resolving" (page 24 of docket 509) the November 7, 2011 State Court final judgement in case KCD2009-0708.  The TRO Order docket 509 informs at page 24 that the Tenerife mortgage, note and judgment would have been satisfied, the note would have been paid, but ignores and disregards that payment by bidding ZERO dollars, is no payment but merely annulment of the State Court November 7, 2011 final judgment.

---

1. the judgment was issued by a court with personal and **subject-matter jurisdiction**;
2. the judgment was rendered by a competent court;
3. the court in question observed **the due process of law;**
4. the legal system in which the judgment is rendered is known for its impartiality and the absence of prejudice against foreigners;
5. the judgment is not contrary to **public order;**
6. the judgment is **not contrary to basic principles of justice**; and
7. the judgment was **not obtained by fraudulent means.** (Emphasis supplied, paraphrased from the Blackhawk case)

Payment of FOUR MILLION DOLLARS with ZERO dollars and ZERO consideration is an intrinsic irreconcilable contradiction, an absurdity, an illegality, and is unconstitutional. See De la Vega v. Frow 82 U.S. 552 (1872)[4].

**PROPOSED JUDGMENT, vs. FINAL JUDGMENT vs TRO**

Nevertheless, what the final judgment commands is that the four mortgage notes be taken to foreclosure public sale in one consolidated auction process where the sole minimum bid price would be $3,850,000.00. (See dockets 288, 289 and 290). We quote the pertinent portion of the actual text of the final judgment docket 289:

> (2)The parties shall file a joint motion to the Puerto Rico Court of First Instance, KCD2011-0142, to **foreclose on the four mortgage notes** identified in paragraph 3.1.2 of the Agreement and sell the encumbered Kennedy Property via public auction as provided for under the Agreement.
> (3) As stated in paragraph 3.1.6 of the Agreement, the minimum bid price of the public auction shall be $3,850,000. (Emphasis supplied)

Docket 288 was issued the exact same day as the final judgment, is an integral part of the final judgment, and provides as follows:

**B. Scope of Order Granting WM's Partial Motion for Summary Judgment**

In its amended order granting WM's partial motion for summary judgment, the Court ordered WM to "submit a proposed judgment consistent with this amended order . . .." *Order on WM's Mot. for Summ. J.* at 72. Although WM's proposed judgment is largely consistent with the Court's order, **as WM's proposed order exceeds its claim of relief in**

---

[4]    The US Supreme Court stated:
"... this **absurdity** might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an **incongruity**, it seems, did actually occur in this case. Such a state of things **is unseemly and absurd,** as well **as unauthorized by law."**

      *            *            *

But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be **incongruous and illegal.** (Emphasis ours).

**this lawsuit,** the Court has resolved that <u>the judgment must be</u> **narrower** <u>than the relief</u> <u>WM requested</u>. In its counterclaim for specific performance, WM made the following claims:

14. Counter-Defendants breached the Agreement by refusing to consign the Mortgage Notes and by attempting to force FDIC-R to waive the condition of Clause 3.1.3.

15. When WM Capital later on in good faith offered to waive the condition of Clause 3.1.3, Counter-Defendants refused to proceed with the public auction, insisting that the Agreement had been resolved therefore again breaching the Agreement.

16. Thus, WM Capital demands specific performance of the Agreement pursuant to Article 1077 of the Puerto Rico Civil Code. 31 L.P.R.A. § 3052.

*WM Capital's Answer to Second Am. Compl.* at ¶¶ 14-16 (ECF No. 25). In its motion for partial summary judgment, WM requested the following:

**WHEREFORE,** WM Capital respectfully requests from this Honorable Court to enter summary judgement in its favor, ordering the Almeidas and Tenerife to consign the four mortgage notes in the Kennedy Case and ordering that WM Capital can take all necessary steps without the interference of the Almeidas and/or Tenerife to:
1. **Foreclose on all the mortgage notes** at issue;
2. Sell the Kennedy property at public auction; and
3. Deposit the proceeds into this Court, to be distributed as stipulated by the Agreement.(Emphasis supplied)

Docket 269-3 was the proposed writ for execution, there WM Capital drafted the following, as the

process to execute the final judgment through State Courts:

Once the sale takes place, the eviction of any person currently occupying the property is hereby ordered. The cancellation of the first ranked mortgage note, the GMAC Note dated July 18, 1989 ("the GMAC Note"), and **the three (3) mortgage notes described in the Joint Motion** **Requesting Execution of  Judgment is hereby ordered** as well as its corresponding mortgage liens and any subsequent liens or liens with a subsequent date to the execution of the mortgages that have been foreclosed. **The GMAC Note, previously consigned in this Court,** **and its corresponding mortgage will be canceled via a public deed to be executed by** **the winning bidder who will bear the costs of cancellation**. (Emphasis supplied)

The final <u>judgment</u> **denied** **providing for the public sale of** <u>only the three mortgage notes</u> being

foreclosed in State Court in case KCD2011-0142, and then simply cancel Tenerife's Four Million dollar final

Judgment and mortgage note (wrongfully identified as the GMAC note), which is first and superior rank. The final judgment specifically commands public sale of the FOUR mortgage notes, NOT only the three notes subject of foreclosure in case KCD2011-0142, nor simply public sale of three and canceling the first ranking mortgage note, i.e. Tenerife's mortgage note. *supra.* The command in the final judgment by this Court is to foreclose by public sale the FOUR mortgage notes, NOT three and cancelling a fourth mortgage note.

However, the Order on Motion for TRO in docket 509 at page 24 states that "the net effect of this order would have been to resolve" KCD2009-0708, "because the GMAC Note would have been satisfied..." (paid). The final judgment is to foreclose four mortgage notes, not three and resolve the fourth. The TRO is contradictory to the substantive holding of the final judgment in docket 288 and 289. Again an absurdity, illegality and unconstitutional means to an end. *De la Vega v. Frow,* supra. **The TRO seeks to amend the final judgment it purports to protect.** WM Capital may not seek to amend the final judgment two years after it was entered and many months after it was confirmed. The US District Court lacks jurisdiction to so amend the final judgment at this execution stage. See  Federal Rule of Civil Procedure 59 and 60; e.g.*, Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003);  *FDIC v. World Univ., Inc.,* 978 F.2d 10, 16 (1st Cir.1992). A Rule 59 motion is not to raise new issues, much less a TRO that has been issued after final judgment, when the TRO purportedly is to protect the final judgment, not to amend it.

In the proposed judgment WM Capital included language for this Court to order the parties to execute certain specific document that was called "STIPULATION", docket 269-2, which WM Capital drafted and would read in part as follows at page 3 of 6:

> The Federal Court has adjudicated the dispute and entered judgment, ruling in favor of WM Capital. In conformity with said judgment, the Parties hereby present this Joint Motion, **requesting the foreclosure of the Judgment dated October 10, 2011**, including foreclosure

of the mortgage notes **underlying this case**[5]. This being so given that the defendants in this case, EER-Isuzu, has yet to comply with and pay the judgment entered against it by this Court. (Emphasis supplied).

It is to be noted that the proposed stipulation (docket 269-2) and the proposed writ the Court was to ORDER the parties to agree to, would have proceeded to foreclosure of only three notes in the case KCD2011-0142 and the full extent of that judgment, and NO action would have been taken in case KCD2009-0708, and after the second, third and forth ranking mortgage notes had been foreclosed upon, to simply cancel the first ranking mortgage, note and judgment. Rather than having said 50% assigned mortgage generate the funds for distribution as contracted "for payment".

The stipulation proposed by WM Capital was pursued by WM Capital to use as support to then argue that the appearing parties settled the final judgment, and that Tenerife expressly waived its four million credit, mortgage and judgment in case KCD2009-0708, as this US District Court has expressly held in the TRO **Order docket 509 pages 16 to 17[6], the pursued, but never signed stipulation, would have been used to argue and sustain waiver of the Tenerife mortgage, four million dollar credit and State Court Judgment**. There the insistence on having the appearing parties sign a stipulation to purportedly execute the final judgment. State Court expressly declared that no stipulation is required to execute a final judgment, that a **subjacent not fully disclosed purpose is pursued**. Now WM Capital has admitted the real subjacent undisclosed purpose it has pursued, i.e. insist on improvidently cancelling the State Court November 7, 2011 State Court four million dollar judgment, to its unjust and fraudulent enrichment.  See the August 16, 2021 Resolution and Order at foot note 10 declared as follows:

---

[5]     Those are only three mortgage notes which in conjunction have the aggregate minimum bid price of $3,850,000.00, which what the State Court final judgment in case KCD2011-1042 provide for, and is the amount the parties stipulated would be the minimum bid as per the July 28, 2014 Assignment Agreement "for payment".

[6]     We quote this Court's determination on docket 509:
        It seems unremarkable that the after a judgment, the parties affected by the judgment may enter into an enforceable agreement to resolve the issues among them, including the judgment itself."

Tenerife correctly states that the **consent of the adverse party is not required to enforce a judgment**. This raises several questions as to **what was actually sought**.
Tenerife signed the stipulation, and did so through the designated attorney Dora Monserrate. This Court gave full and complete validity to the signature of Dora Monserrate as if it had been signed by Tenerife himself, as provided in the federal judgment. Therefore, **the requirement to sign the stipulation in order to enforce the federal judgment, although not necessary, was complied with**. The grounds on which the Joint Stipulation **was denied is because of what is requested**, **not because it was signed by Dora Monserrate** Peñagaricano on behalf of Tenerife. (Emphasis supplied, quote from ECF 498-1 page 25))

This Court's final judgment has been executed to the limit of its constitutional validity, content and jurisdiction. Tenerife, Francisco Almeida Juan Almeida and Wanda Cruz did sign the stipulation that WM Capital unilaterally drafted, signed through Ms. Dora Monserrate, which signature State Court took as fully valid for Tenerife and all plaintiffs herein.

That ulterior motive WMC has incorporated and the Court adopted in the TRO at docket 509 is now stated to be to attain cancellation of the November 7, 2011 State Court Judgment. Thereby, WMC would attain the improper purpose it pursued, which this Court expressly denied in docket 288, i.e., the illegal misappropriation and destruction of Tenerife's four million dollars first ranking mortgage note and final judgment in case KCD2009-0708, through cancellation of the senior ranking mortgage and final state Court judgment of November 7, 2011, while the Assignment Agreement, was to have the mortgage notes foreclosure process generate the maximum possible funds for distribution on a 50% basis as contracted. That is the scheme the Court was informed in docket 108, and in docket 125-1, page 182, was being implemented by WM Capital, and State Court determined in resolution dated January 17, 2018 (docket 108-2 pages 19 to 25) and August 16, 2021 (page 15 fact 16; page25, page 17 item f, page 34, among others) .

Now the Order on Motion for the TRO at docket 509 states that what is pursued is to resolve, annul, cancel the November 7, 2011 State Court final judgment and related mortgage note. Exactly what the final judgment declared exceeds the Assignment Agreement of July 28, 2014 and the remedy WMC requested in the complaint, i.e. foreclose on the four mortgage notes. Therefore, the TRO nor the threatened permanent

injunction seek to protect the judgment entered nor an existing jurisdiction, but to amend the final judgment and/or execute it in contravention to the terms the final judgment expressly contains, and to revoke a final State Court Judgment.  Words may seek to disguise it as WMC frequently does, but State Court already decreed the reality and the impossibility of enforcing the Final Judgment in its terms. As it does not meet the minimum requirements for validation in an *exequátur.*

### THE AUGUST 16, 2021 STATE COURT RESOLUTION AND ORDER

The August 16, 2021 State Court Resolution ad Order decreed and resolved multiple controversies on the substantive merits, in a binding fashion, and WMC is a party to said decree although it is not a party to the case, so State Court expressly held at pages 6 and 7 .  The August 16, 2021 Resolution and Order in sustaining its previous decision to reject validation and enforcement of the June 2019 Final Judgment for execution through State Courts expressly held the following: **a)** State Court has the prior exclusive jurisdiction In Rem; **b)** the post judgment real estate mortgage foreclosure process is in rem and part of due process, this Court´s final judgment is contrary to said post judgment requirements of due process; **c)** the minimum bid price in a real estate mortgage foreclosure sale may not be changed and is of Public Order, this Court's imposition of a ZERO minimum bid price for the foreclosure public sale in case KCD2009-0708 is against public order; **d)** the pattern demanding cancellation of the Mortgage note and judgment in case KCD2009-0708 is fraudulent conduct that has been sustained during six and seven years by WM Capital and its attorneys; e) this federal court lacks subject matter jurisdiction to amend or annul a final prior State Court Final Judgment based on state law**; f)** State Court itself lacks jurisdiction to disavow or modify its own November 7, 2011 State Court Final Judgment**;  g)**  this Court did not adhere not complied with the constitutional command of  Full Faith and Credit, **h)** this Court issued a judgment contradictory to two State Court prior Judgments, those dated 2011 in cases KCD2009-0708 and KCD2011-0142, which is absurd, illegal and unconstitutional; **i.)** this court was expressly informed in the years 2018 and 2019 that the inter-jurisdictional confrontation would result, and WMC has

insisted on causing it and escalating it.

The State Court **August 16, 2021 Resolution and Order is now final and unappealable as well as the Order dated April 13, 2021** (dockets 422-3 and 450) which WMC never appealed. As per the terms of said Resolution and Order State Court may not recognize and enforce this Court's final judgment for the reasons stated therein and synthesized herein. Succinctly, this Court's final judgment does not conform nor complies with the requirements for an exequátur as commanded by Rule 55.5 of the Rules of Civil Procedure of Puerto Rico, supra. Specifically the following: **1.** the judgment was issued by a court without subject-matter jurisdiction to annul or modify a prior State Court final judgment, and to ignore full faith and credit**; 3.** the court in question did not observe the due process of law by commanding departure from the foreclosure public sale due process and from full faith and credit to the prior State Court final judgments; **5.** the judgment is  **contrary to public order** as the foreclosure public sale process is part of Public Order and may not be contracted against; 6. the judgment is **contrary to basic principles of justice by issuing contradictory judgments; which is contrary to basic principles of justice.**[7]

Succinctly, this Court's final judgment does not meet the minimum requirements to obtain validation and execution through the judicial system of Puerto Rico. The legal sources and factual determinations in the State Court August 16, 2021 are integral part of the argument in support of this motion.  The contravention to Public Policy or Public Order that is contained in the exequátur requirements was expressly acknowledged by this Court at page 16 of docket 409 by favorably citing *Guinness v. Ward* 955 F2nd, 885 (USCA 4th, 1992).

WMC nor this Court have questioned a single finding of fact or conclusion of law that is contained in the August 16, 2021 Resolution and Order. Now that said decree is final and unappealable it may not be challenged, as it is binding.

---

[7]     The numbers correspond by those assigned in Rule 55.5 of the Puerto Rules of Civil Procedure regarding Exequatur. 32 P.R.L.A. App. V, R. 55.

**ANTI INJUNCTION ACT, JURISDICTION TO PROTECT,  AND THE RE-LITIGATION EXCEPTION**

The Anti Injunction Act (28 USC §2283) is an <u>absolute clear cut prohibition</u> that federal courts may not enjoin State Court proceedings, unless the action undoubtedly can be justified by the only three exceptions. See: *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 285–91, 90 S. Ct. 1739, 1742–45, 26 L. Ed. 2d 234 (1970); *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537 (1940)(to prevent needless friction between state and federal courts); *Amalgamated Clothing Workers v. Richman Bros*., 348 U.S. 511, 515—516, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955)(can only be issued by one of the three specifically defined exceptions).

> It is settled that the prohibition of § <u>2283 cannot be evaded by addressing the order to the</u> <u>parties or</u> **prohibiting utilization of the results of a completed state proceeding**. *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537 (1940); *Hill v. Martin*, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935). Thus if the injunction against the Florida court proceedings is to be upheld, it must be 'expressly authorized  by Act of Congress,' 'necessary in aid of (the District Court's) jurisdiction,' or 'to protect or effectuate (that court's) judgments.'(Emphasis supplied, quote from *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, supra at US 287-288)

> 28 USC § 2283 commands as follows:

> § 2283. Stay of State court proceedings

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

No one has expressed that any federal statute expressly authorized the issuance of the September 15, 2021 TRO or the threatened permanent injunction to sta or impose action on State Court to disregard its own Decade Old final judgment dated November 7, 2011. Therefore, said exception is ruled out, without more ado.

There remains the only other two statutory exceptions, i.e, necessary in aid of its jurisdiction, and/or to protect or effectuate its judgments. The State Court August 16, 2021 Resolution and Order, expressly decided, on the substantive merits and in a binding fashion to WM Capital and its attorneys, that the US District

Court lacks subject matter remedy jurisdiction to annul, modify, vacate or "resolve" the two Decade Old State Court final judgments in cases KCD2009-0708 and KCD2011-0142.  State Court cited as legal foundation *Fox Film Corp. v. Muller*, infra [8], we quote:

> "... the case is controlled by the settled rule that where the judgment of a state court rests upon two grounds, one of which is federal and the other nonfederal in character, **our jurisdiction fails if the nonfederal** ground is independent of the federal ground and adequate to support the judgment. This rule had become firmly fixed at least as early as *Klinger v. State of Missouri*, 13 Wall. 257, 263, 20 L.Ed. 635, and has been reiterated in a long line of cases since that time. It is enough to cite, in addition to the *Klinger* Case, the following: *Enterprise Irr. Dist. v. Farmers' Mut. Canal Co.*, 243 U.S. 157, 163—165, 37 S.Ct. 318, 61 L.Ed. 644; *Petrie v. Nampa etc., Irr. Dist.*, 248 U.S. 154, 157, 39 S.Ct. 25, 63 L.Ed. 178; *McCoy v. Shaw*, 277 U.S. 302, 48 S.Ct. 519, 72 L.Ed. 891; *Eustis v. Bolles*, 150 U.S. 361, 14 S.Ct. 131, 37 L.Ed. 1111." (Emphasis supplied).

See also *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977), *Harris v. Reed*, 489 U.S. 255, 260 (1989), and *Coleman v. Maldonado,* No. 3:15-CV-1878 (MPS), 2018 WL 1587462, a 9 (**D. Conn**. Apr. 2, 2018) we quote from Coleman:*:*

> "[I]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law **is immune from review in federal courts**." *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977). A federal court "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."

The State Court final judgment, that the TRO seeks to impede enforcement of, is dated November 7, 2011, and rests exclusively on State law grounds, and is In Rem. No one has suggested a challenge to the validity and adequacy of said final state Court final judgment. The Resolution and Order of August 16, 2021 expressly decrees and holds that it rests only on State law and is In Rem, which **gives State Court the Prior Exclusive Jurisdiction In Rem.**

Consequently this U.S.District Court absolutely lacks subject matter jurisdiction to modify, order

---

[8]        *Fox Film Corp. v. Muller*, 296 U.S. 207, 210, 56 S. Ct. 183, 184, 80 L. Ed. 158 (1935)*; Martinez v. Ryan*, 566 U.S. 1, 10–11, 132 S. Ct. 1309, 1316, 182 L. Ed. 2d 272 (2012)*; Coleman v. Maldonado,* No. 3:15-CV-1878 (MPS), 2018 WL 1587462.  Artícles 49 and 50 of P.R. Civil Code of 2020 and 31 LPRA §10.

modification, annul or "resolve" the November 7, 2011 State Court Final Judgment, while the State Court has exclusive prior in Rem Jurisdiction over the realty and real estate mortgage subject of foreclosure in said case. This Federal Court has no subject matter jurisdiction to annul or "resolve" a valid State Court Judgment that rests exclusively on State law grounds; be it by the issuance of a TRO, an injunction or otherwise, under the guise of purported protection of an already declared unenforceable federal judgment as per the Superior Court of Puerto Rico, which has the exclusive In Rem jurisdiction. WM Capital nor this Court have made any attempt to determine what subject matter jurisdiction this Court may have to change, annul or modify the final state court judgments of 2011. Repeating diversity jurisdiction does not suffice, as Full Faith and Credit is a Constitutional command this Court and WM Capital have not addressed. See: *Newman v. Krintzman,* 723 F.3d 308, 310 (1st Cir. 2013) (citing *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996), and 28 U.S.C. § 1738. In its final judgment this Court decided that WM Capital is in privity with Tenerife in the Final Judgment in case KCD2009-0708, while WMC is privity with Francisco Almeida in the judgment issued on October 2011 in case KCD2011-0142. WM Capital is thus bound by those judgments, even though WMC is not a party to the KCD2009-0708 case. As per this Court's final judgement, it is those two State Court final judgments that were assigned to WMC for payment and execution, not to be altered or annulled, but to be executed through the mortgage foreclosure public sale process. That is the genesis and source of privity. Therefore, those two final State Court judgments "shall have the same full faith and credit that the Courts of Puerto Rico give them, and every court in the United States shall be bound by them. More so when being real estate mortgage foreclosures that can only be executed and foreclosed in Puerto Rico, thus there is no possible exequátur or validation issue or public policy concern on these TWO State Court final judgments.

The exception to the Anti Injunction Act, that requires that there is federal jurisdiction to protect, is not present.

The exception to Anti Injunction Act, "to protect or effectuate its judgments", is indissolubly intertwined

with the Full Faith and Credit that the State Court final judgment deserves, and the State Prior Exclusive In Rem Jurisdiction, as well as with the unconstitutional contradictory judgments issue that the State Court attended and resolved in its August 16, 2021 Resolution and Order. Given that the Final judgment in this case is openly and irreconcilably in contradiction to the two decade Old State Court judgments, which are In Rem, and that this Court disregarded and did not give Full Faith and Credit to the two decade old State Court Final Judgments when issuing this Court's Final Judgment, there is no constitutionally valid federal judgment to protect.

Therefore, the third exception to the anti injunction act is not and may not be constitutionally nor legally present.  Consequently, there is no basis on which the September 15, 2021 TRO may have been validly issued, nor sustained, nor on which a permanent injunction may be considered or issued.

The legal impediments and constitutional obstacles the TRO and the proposed permanent injunction confront are even larger. The TRO and proposed permanent injunction purports to command State Court judges how to rule and conduct their judicial function and chambers. The TRO purports to command State Court Judges how to execute their own judgments, how to apply State Law, and how to conduct their judicial function. We quote from the TRO :

> "..the Court **ORDERS** that the Courts of the Commonwealth of Puerto Rico are hereby **enjoined from**:
> 1) Enforcing the Resolution and Order of the Superior Court of Puerto Rico, Court of First Instance, Superior Part of San Juan dated August 16, 2021 in Tenerife *Real Estate Holdings, LLC v. Emérito Estrada Rivera, Isuzu PR, Inc.*, Civil No. K CD2009-0708 in its entirety;
> 2) Holding WM Capital, its representative, and its attorneys in contempt or otherwise sanctioning them for any filings they make or acts they take in Federal Court;
> 3) Enforcing the imposition of any sort of sanction against WM Capital, its representative, and its attorneys for acting consistent with the Final Judgment issued by this Court;
> 4) **Foreclosing on the GMAC Mortgage and Judgment unless said foreclosure is consistent with the Final Judgment of this Court**;
> 5) **Enforcing the GMAC Order as to the consignment of the GMAC Note or the annotation of any restrictions** to the Kennedy Property in the Property Registry of Puerto Rico 1;
> 6) **Ordering the Registry of the Property of Puerto Rico to annotate any restriction** on the Kennedy Property as provided for in the GMAC Order. (Emphasis supplied)

The TRO expressly and literally purports to prohibit State Court from "utilization of the results of a

completed state proceeding"; contrary to the explicit provisions of the Anti Injunction Act , as decided by the U.S. Supreme Court in *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, supra at US 287-288), in *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537 (1940); and in *Hill v. Martin*, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935). "It is settled that the prohibition of s <u>2283 cannot be evaded by addressing the order to the parties or **prohibiting utilization of the results of a completed state proceeding**</u>."

The September 15, 2021 TRO purports to divest the appearing parties and their attorneys from using the freedom of speech and Constitutional right to due process and to claim the protections of the Structural constitutional rights of diffusion of power, to attain the unconstitutional end of reversing a valid State Court Judgment that rests exclusively on State law grounds, to forego the application of Full Faith and Credit, and the right to have consistent judgments and not be subject to contradictory judgments. This Court´s TRO now purports to decide how the constitutional rights of Tenerife and plaintiffs are used, waived or enforced, and when and to what extent. The Anti Injunction Act expressly prohibits any attempt to circumvent its prohibitions by addressing the injunction to the parties or their attorneys. See: *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, infra.

This Court's September 15, 2021 TRO  purports to divest State Court judges of their judicial robe, of their exclusive In Rem jurisdiction, and to vest this Court with their judicial robe and exclusive in Rem Jurisdiction, and further to exercise their judicial functions and even regulate the conduct of lawyers and parties before that Court. See: *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 285–91, 90 S. Ct. 1739, 1742–45, 26 L. Ed. 2d 234 (1970), we quote:

> It is settled that the prohibition of s 2283 <u>cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding</u>. *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537 (1940)*; Hill v. Martin*, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935). Thus if the injunction against the Florida court *288 proceedings is to be upheld, it must be 'expressly

authorized *by Act of Congress,' 'necessary in aid of (the District Court's) jurisdiction,' or 'to protect or effectuate (that court's) judgments.'(Emphasis supplied)

There is **no possible doubt** that the two State Court Final Judgments of November 7, 2011 and October 2011 are valid, are binding, are in rem, and each one commands, requires and deserve the Full Faith and Credit of the Courts of the United States. There is **no possible doubt**, that the process by which a real estate mortgage in Puerto Rico is foreclosed though public sale is established by the laws of Puerto Rico, and that such is the process by which a collection of money is enforced in Puerto Rico (Fed. R. Civ. Proc. 69). There **is no possible doubt** that the sum of $2,635,000 is not equivalent to ZERO Dollars. There is **no possible doubt** that the year 2011 transpired before the year 2019, thus the two State Court final judgments issued in cases KCD2009-0708 and KCD2011-0142 were issued many years before ths final judgment in this case. There is **no possible doubt** that under the laws of Puerto Rico the post judgment process to execute the judgment is part of the constitutional due process. See: *R & G v. Sustache,* 163 D.P.R. 491, (2004). There is **no possible doubt** that the minimum bid price in a real estate mortgage foreclosure public sale in Puerto Rico is a matter of Public Order. See*: Ponce Federal Savings v. Gómez,* 108 D.P.R. 585, 589-90 (1979) and page 33 of the August 16, 2021 Resolution and Order. There is **no possible doubt** that a court may not change the minimum bid price for a mortgage foreclosure public sale. See *Ponce Federal Savings v. Gomez*, supra. There is **no possible doubt** that this Court's final judgment seeks to change the minimum bid price as established in each of the 2011 state Court Final judgments.

It may not be legally and validly questioned that the Anti Injunction Act requires that **any doubt**, as small as it may be, requires that an injunction against State Court, its officers, or the parties to a State Court case or their attorneys, must result in denial of the injunction against a State Court process. See *Smith v. Bayer Corp*., 564 U.S. 299, 306, 131 S. Ct. 2368, 2375, 180 L. Ed. 2d 341 (2011), we quote:

The statute, we have recognized, "is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts."

*Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). And the Act's core message is one of respect for state courts. The Act broadly commands that those tribunals "shall remain free from interference by federal courts." *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 282, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). That edict is subject to only "three specifically defined exceptions." Id., at 286, 90 S.Ct. 1739. And those exceptions, though designed for important purposes, "are narrow and are 'not [to] be enlarged by loose statutory construction.' " *Chick Kam Choo*, 486 U.S., at 146, 108 S.Ct. 1684 (quoting Atlantic Coast Line, 398 U.S., at 287, 90 S.Ct. 1739; alteration in original). Indeed, "**[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed**." Id., at 297, 90 S.Ct. 1739.

*            *            *

The Anti–Injunction Act prohibits the order the District Court entered here. The Act's relitigation exception authorizes injunctions only when a former federal adjudication clearly precludes a state court decision. As we said more than 40 years ago, and have consistently maintained since that time, "[a]ny doubts ... should be resolved in favor of permitting the state courts to proceed." *Atlantic Coast Line*, 398 U.S., at 297, 90 S.Ct. 1739. Under this approach, **close cases have easy answers**: The federal court should not issue an injunction, and the **state court should decide** the preclusion question. But this case does not even strike us as close. (Emphasis supplied)

The number of factors that provide certainty that the TRO nor the permanent injunction may be issued against State Court, is overwhelming.  Such is extensive to the appearing parties herein and their lawyers. The number of contradictions and deficiencies this Court's final judgment contains, includes unconstitutional action and provisions, to the extent that prevents the judgment's validation and certification by the Courts of Puerto Rico. The adequacy, legality, constitutionality, and public order  minimum standard is not met.

**INDISPENSABLE PARTIES  AND NOTICE**

The TRO, docket 510, at page 3 Orders WM Capital to provide Notice of the Order to the State Court Judge Hon. Raúl A. Candelario López, to the Chief Judge of the San Juan Superior Court and to the Administrative Director of the Puerto Rico Office of Court administration Hon. Sigfredo Steidel Figueroa. There is no additional notice ordered or advised. The Secretary of Justice of Puerto Rico, nor the Chief Justice of the Supreme Court of Puerto Rico, have not been notified. WM Capital has not certified having complied with any such notice nor when. The Government of Puerto Rico, as such, is sought to be enjoined by this Court, and do

so retroactively to September 15, 2021.  Multiple government officers are required to be notified in order to have

the Government of Puerto Rico before this Court.  See Rule 4.4 (f) and (g) of the Rules of Civil Procedure of

Puerto Rico. The government of Puerto Rico is an indispensable party as the judicial branch is the government

of Puerto Rico and not merely an agency thereof.  No complete remedy may be validly issued without their

presence and notice. See FRCP 19(a)(b) and *Provident Bank v. Patterson* 390 US 102, 19 L Ed 2nd 936, 88

S Ct 733 (1968).  Without the presence of the Government of Puerto Rico there is no valid order or injunction

against the Courts of Puerto Rico, and the TRO as well as the purported permanent injunction would be void

and in violation of FRCP 65.

Even when joinder through notice or service the Court must be mindful that the Government of Puerto

Rico or any of its three constitutional branches is itself the Government of Puerto Rico and therefore is

STATELESS.  **The presence of a stateless entity in the federal case destroys diversity jurisdiction**, see

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826109 S.Ct. 2218104 L.Ed.2d 893, (1989); *McGinty v. New*

*York*, 251 F.3d 84 (2d Cir.2001)(Held that the New York Retirement System is an arm of the state, therefore

is stateless and destroys diversity jurisdiction.

**Adequacy of notice**. Every notice must conform to Due Process requirements, and at minimum inform

who, did what, to whom, when and where.  The notice of only this Court's TRO Docket 510, even in conjunction

with docket 509 does not reasonably inform the Government of Puerto Rico the issues, the deficiencies,

constitutional infirmities declared by the State Court August 16, 2021 Resolution and Order. See: *Seaboard Sur.*

*Co. v. Town of Greenfield, ex rel. Greenfield Middle Sch*. *Bldg. Comm.*, 370 F.3d 215, 223 (1st Cir. 2004). Such

includes breach of due process, failure to adhere to the constitutional command of Full Faith and Credit by this

Court, pursued and ordered breach of public order, insufficient remedy jurisdiction by this Court, and the

exequátur conclusion that this Court's final judgment does not comply with the minimum standards to be

enforced by the Courts of Puerto Rico.

The general standard that "[n]otice must be clear, definite, explicit, and unambiguous," and timely, so as to enable the notified party to come into knowledge of what it is confronting, when, and which are the issues and the relevant facts. Isolated tendering of docket 510, or 509 and 510, is grossly insufficient notice to a third party, and does not conform to due process minimum standards requirements, more with few days to the purported hearing. Tendering copy of dockets 509 and 510 is not the best notice practicable under the circumstances. See, e.g., *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Peters v. Nat'l R.R. Passenger Corp*., 966 F.2d 1483, 1486 (D.C.Cir.1992) (citing cases).

## NO BOND HAS BEEN POSTED NOR EXAMINED

FRCP 65(c) requires movant for a TRO to post ("only if the movant") a bond or security in an amount sufficient to pay costs and damages sustained by any party found to have been wrongfully enjoined. That includes the Government of Puerto Rico, its multiple officers, legal departments, as well as plaintiffs.

This Court's dockets 509 and 510 does not even mention the subject. Security in the amount of not less than $180,000.00 is requested to be promptly posted. Without the bond the TRO is null and void.

## PROBABILITY OF SUCCESS FOR WMC IS NIL.

State Court August 16, 2021 Resolution and Order has already adjudicated that this Court's final judgment may not be enforced though the Judicial System of Puerto Rico. That said final judgment is contradictory within itself and to various other State Court Judgments that date from the year 2011. State Court also decreed that this Court's final judgment fails to adhere to various constitutional commands, including post judgment due process and full faith and credit. Said decree is on the merits, is substantive and is binding. Therefore, WM Capital has very low probability of prevailing if any, as it has already not prevailed.

WMC failed to appeal the April 13, 2021 State Court Order that denied execution of this Court's Final Judgment. Furthermore, WMC failed to appeal the State Court's August 16,2021 Resolution and Order whi8ch became final after the recent expiration of the period to file an appeal without interruption.

## PUBLIC POLICY AND ORDER

The August 16, 2021 Resolution and Order specifically declared that adherence to the minimum bid price in a real estate mortgage foreclosure public sale in part and parcel of public policy and public order under the laws of Puerto Rico (see page 33 of the August 16, 2021 Resolution and Order). Said Resolution and Order also decided and held that this Court by ignoring the constitutional command of Full Faith and Credit, generated a judgment that contradicts various pre existing State Court final judgments that date from the year 2011. Contradictory judgments betray the constitutional command and function of the judicial branch, therefore are unconstitutional, and contrary to the constitutional public order and policy. The TRO seeks to prolong, controversies, while the permanent injunction would perpetuate them, dismantling the constitutional framework and eradicating the peaceful civilized mechanism for resolving controversies. Such is absurd, illegal and unconstitutional, see *De La Vega v. Frow*, supra, and the August 16, 2021 Resolution and Order, at page 29.

The TRO and the requested permanent injunction betray the public and constitutional order.

## IRREPARABLE DAMAGE , MONEY DAMAGES AND CONSTITUTIONAL RIGHTS

WM Capital has no ownership or property interest in any of the State Court final judgments or mortgage notes or in any Res in litigation (dockets 56 and 57). Therefore, WM Capital is not being deprived of any property whatsoever. The only right WMC has or claims to have is payment of money.  Payment of money or damages that can be redressed by damages is not irreparable. "a harm that can be remedied by payment of damages is not irreparable." *JSG Trading Corp. v. Tray–Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir.1990) ("Irreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation a preliminary injunction should not issue."). *Berman v. New York City Ballet*, 616 F.Supp. 555, 557 (S.D.N.Y.1985) (citations omitted); *Savage v. Gorski*, 850 F.2d 64, 67 (2d Cir.1988) *Holt v. Continental Group, Inc.,* 708 F.2d 87, 90–91 (2d Cir.1983);  *Shady v. Tyson*, 5 F.Supp.2d 102, 109–10 (E.D.N.Y.1998).

The appearing parties, on the other hand,  are being systematically deprived of multiple fundamental

constitutional rights, and the final judgment deprives them of Full Faith and Credit deserved by their judgments, of consistent judgments and of post judgment due process. See August 16, 2021 Resolution and Order, and *NeNovellis v. Shalala,* 135 F 3d 58, 71-72, (USCA, 1st Cir. 1998), where Justice  Bowens expressed the following on said subject:

> "It is well established that, '[i]f the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel.  Thus, a *cognizable threat* of such harm can support a restraining order.' *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 19 (1st Cir.1996) (emphasis added) (citations omitted); *cf. Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 2689-90, 49 L.Ed.2d 547 (1976) (**Deprivation of a constitutional right, "for even minimal periods of time, <u>unquestionably constitutes irreparable injury</u>**.)."  (Émphasis supplied)

Irreparable damage portion of the criteria for issuance of an injunction commands that the TRO be dissolved, and the permanent injunction permanently denied.

### READY REMEDY AVAILABLE AT LAW

We have herein before established that WMC has and had a ready, easy remedy at law, by appealing, as this Court commanded WMC to do (docket 500[9], 505 item 6  and others). WMC failed to appeal twice. The damages that WMC argue are **self inflicted** as well as the absence of adequate remedy at law. See above for legal sources. U.S. Const. art. IV, § 1 (mandating that "Full Faith and Credit be given in each State to the public Acts, Records, and judicial Proceedings" of each other state). Under that full-faith-and-credit mandate, federal courts must "give preclusive effect to a state-court judgment if the state court itself would." *Newman v. Krintzman*, 723 F.3d 308, 310 (1st Cir. 2013) (citing *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996)) (additional citations omitted). *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013) (citing Kobrin v. Board of Registration in Med., 444 Mass. 837, 832 N.E.2d 628 (2005)).

---

[9]      We quote:

 Assuming there is a process for <u>appellate review of this unusual order within the Puerto Rico judicial system</u>, the Court would prefer the parties to expedite that review to avoid what may be an unnecessary confrontation, testing the judicial authority of the federal and state courts.

**CONFRONTATION BETWEEN THE STATE AND FEDERAL JUDICIARY,
WAS EXPRESSLY  FORESEEN AND INFORMED ,
WMC SEEKS FURTHER ESCALATION**

The developing confrontation between federal and state judicial systems was expressly informed to this Court as was clearly present in the immediate horizon of the case and the controversy. At  the Oral argument held before this Honorable Court on February 21,  2019, this Court was expressly informed that State Superior Court could not disregard the mandate it received from the Court of Appeals of Puerto Rico, nor its own  final judgment entered in case KCD2009-0708.  Furthermore, as clearly expressed by State Court at footnote one of the Resolution and Order dated August 16, 2021, the State Court itself lacks jurisdiction to disregard its own final judgment.  In said February 21, 2019 hearing, this Honorable Court was further illustrated that the course undertaken to disregard the State Court judgments and rulings would cause an inter-jurisdictional clash that was unnecessary and thus abstention was requested to avoid such inter jurisdictional confrontation. The request for abstention was denied and the inter-jurisdictional collision has in fact occurred and is in progress.

The request made by WMC and its attorneys seek to exacerbate the unnecessary confrontation, when the U.S. Constitution itself commands and Congress by statute has commanded Full Faith and Credit between State and Federal judgments. It is, and has at all times has been  WM Capital who insists on ignoring said constitutional command, and setting the inter-jurisdictional collision course.

**RE LITIGATION EXCEPTION TO ANTI INJUNCTION VS. EXEQUÁTUR**

We have herein before addressed the exequátur process required by the laws pf Puerto Rico whenever a judgment from another jurisdiction seeks assistance from the Courts of Puerto Rico in executing said final judgment from another jurisdiction. See Rule 55.5 of the Puerto Rico Rules of Civil Procedure, see also, *Endocare, Inc. v. Technologias Urologicas, Inc.* 950 F.Supp.2d 341(USDC PR, 2013) Opinion by Hon Judge Gelpi; *Maritime Preservation LTD v. Black Hawk Shipping Enterprises, Inc.* 212 F.Supp.3d 273(USDC PR 2016)

opinion by Hon Casellas). *Ef. Litograficos v. Nat. Paper & Type Co.*, 112 D.P.R. 389, (1982);[10] *Gulf Petroleum v. Camioneros*, 199 D.P.R. 962 (2018); *Welsh v. Gerber Products*, 315 Md. 510, 555 A.2d 486, 493 (1989); *David v. Warwell,* 86 Md. App. 306, 309, 586 A.2d 775, 777 (1991); *Guinness PLC v. Ward*, 955 F.2d 875, 885 (4th Cir. 1992);[11] *Sosa v. Registradora de la Propiedad*, 145 D.P.R. 859 (1998); *Rodríguez Contreras v. E.L.A.*, 183 D.P.R. 505, 519 (2011) (evidence may be admitted in state court to establish compliance with the minimum requirements of Rule 55.5, and that is no re-litigation, as the substantive merits is not revisited;  *exequátur*). *AAP Implante AG v. Caribbean Healthcare Supplies Corp.,* Court of Appeals Judgment dated March 12, 2021, 2021 WL 1589093.  See also FRCP 69(a)(1) which requires that the process to be followed must adhere to state law.

The deficiencies in this Court's final judgment are of a substantial magnitude and numerous. Said Final Judgment does not comply with standards that the Puerto Rico legal system demands for enforcement through its judicial system. These deficiencies are the result of WMC´s ever changing demands, and representations, and insistence on taking and disposing of Tenerife's four million dollar mortgage and final judgment for its own unjust enrichment, without cause.  That is the genesis of the contradictions, the denial of the full faith and credit that the State Court Final Judgments and determinations clearly deserve and even form the mandatory minimum bid price which is a matter of public order.  This Court has been consistently induced to error by WMC. We are not re-litigating anything, the exequatur process has already decreed that the minimum standard is not met. We are only correctly and honestly illustrating this Court.

## "PUBLIC INTEREST SO REQUIRES"

---

[10]     Criteria included is jurisdiction of the Court that issued the judgment; whether the judgment is contrary to public order and whether the judgment is contrary to basic principles of justice.

[11]     We partially quote:
        "...the fundamental principle that comity does not require the recognition of a foreign judgment which **contravenes the public policy of the state** in which the recognition court sits".   (Énfasis suplido).

This Court's dignified image need not be sullied. To proceed with the injunction with the totality of the executive and judicial branches of Puerto Rico, participating closely in the analysis of the proceedings, the Secretary of Justice, the Chief Justice, and others examining the evolution of this case has the potential to damage this Honorable Court's public image and the people's faith in its orders and judgments. Escalation of the injunction with an appeal process that may very well end at the U.S. Supreme Court may generate many State and institutional amicus curiae, each of which will examine and argue this Court's final judgment and its attempt to modify, annul, resolve and destroy a prior, valid, enforceable State Court final judgment that rests exclusively on state law grounds. The Bleak House will be substantially revisited including the need for judicial reform, as the Charles Dickens novel provoked in the 1852-1853 England with reformation of the British judiciary as its main legacy.

## CONCLUSION

The anti injunction act expressly prohibits maintaining the TRO and the issuance of the permanent injunction.  None of the exceptions is present. None of the requirements for issuance of an injunction is present. Exequátur and contradictory judgments amply support the August 16, 2021 State Court Resolution and Order.

WHEREFORE it is respectfully requested from this Honorable Court to:

a) dissolve the September 15, 2021 TRO at dockets 509 and 510;

b) Deny the permanent injunction requested by WM Capital;

c) enter such order, or statement as may be appropriate in law, jurisdiction, constitution and equity.

**RESPECTFULLY SUBMITTED**.

The undersigned hereby certifies that on this same date has electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all interested parties of record.

In San Juan, Puerto Rico, this 22d  day of September of 2021.

REC LAW SERVICES, PSC
Capital Center Building, South Tower
239 Arterial Hostos Ave., Suite 900          .
San Juan, Puerto Rico 00918-1400
Tel. (787) 753-0884
Fax (787) 753-4821

s/ *Edilberto Berríos Pérez*
Edilberto Berríos Pérez, Esq
USDC 123605
*eberriosperez@reclawservices.com*

BERRÍOS FALCÓN, LLC
Capital Center Bldg., Suite 901
Arterial Hostos Ave #239
San Juan, Puerto Rico 00918
Tel. (787) 274-8600


s/ *Roberto E. Berríos Falcón*
Roberto E. Berríos Falcón
USDC 228714
rblawpr@yahoo.com