UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Francisco Almeida Leon, Wanda Cruz Quiles, their Conjugal Partnership and Juan Almeida León<br><br>Plaintiffs<br><br>vs.<br><br>WM Capital Management, Inc.; Juan Del Pueblo, Inc.; Fulano De Tal; and Others<br><br>Defendants | Case No.    16-1394 (JAW )<br><br>Re:    State Court Case KAC2016-0027(806)<br><br>Breach of Contract, Damages, Redemption by Co-owner, etc.<br><br>**Trial by Jury Demanded** |

**MOTION INFORMING OBJECTION, NON CONSENT TO TRO OR ITS EXTENSION, REQUESTING EVIDENTIARY HEARING, AND
IDENTIFYING DEFICIENCIES NOT ADDRESSED BY THIS HONORABLE COURT**

COME NOW, voluntary plaintiffs Francisco Almeida Leon, Wanda Cruz Quiles, their Conjugal Partnership, and Juan Almeida León (the Almeida Plaintiffs), and involuntary plaintiff Tenerife Real Estate Holdings, LLC (Tenerife), by and through their respective undersigned counsels, and respectfully state and pray as follows:

1. On September 15, 2021 this Honorable Court issued a Temporary Restraining Order (TRO, dkt. #510) by which it ordered that neither plaintiffs nor the Courts of Puerto Rico may seek or move to protect, enforce or execute two final and firm State Court judgments that date from November 7, 2011, issued in case KCD2011-0708 by stipulation, and October 10, 2011, entered in case KCD2011-0142.

2. The TRO also provides and commands the State Courts and all the judicial system of Puerto Rico to disregard their own two identified final and firm State Court Judgments (to which WMC claims to be in privity by assignment, as this court held). The TRO, also commands State

Courts and the appearing parties to disregard two State Court Resolutions and Orders, dated August 16, 2021 and January 17, 2018 (both in case no. KCD2009-0708), that expressly decreed to have been issued on substantive grounds and are binding to the parties to each Resolution and Order.

3. The appearing parties have opposed the issuance of the TRO (dkt. #506), and expressly requested that it be vacated (dkt. #511). This Court through docket entry number 516 (*Status Order*) extended the TRO indefinitely, until further order from the Court. Let the record show that the appearing parties do not consent to the extension of the TRO nor its indefinite extension period.

4. Even though the appearing parties plaintiffs do not have the burden of proof on any of the subjects for the issuance of the TRO and/or the permanent *injunction*, we **do request an evidentiary hearing on all issues of fact and related legal points**, as well as to fully brief this Honorable Court on the facts that have and that are ultimately established by admissible evidence. Conclusory statements on facts or law, as contained in Mr. James Barr's Statement under penalty of perjury at docket #502-1, do not suffice to establish any fact. *Fin. Res. Network, Inc. v. Brown & Brown, Inc.*, 867 F.Supp.2d 153, 170 (D. Mass. 2012) (quoting *Murphy v. Ford Motor Co.*, 170 F.R.D. 82, 85 (D. Mass. 1997)). "Without any specific factual knowledge to support [a] statement, it is a mere conclusion that cannot serve as probative evidence." *Navedo v. Nalco Chem., Inc.*, 848 F.Supp.2d 171, 179-80 (D.P.R. 2012).

5. The appearing parties have previously addressed various matters which are essential, indispensable and inseparable in order to consider, issue and/or extend a TRO. Those include: (i) subject matter remedy jurisdiction of this Federal Court to annul a prior State Court judgment or multiple ones; (ii) prior exclusive *in rem* jurisdiction of State Court in case KCD2009-0708;  (iii) any

doubt about issuance of an *injunction* against state courts commands that the injunction may not be issued (Anti Injunction Act); (iv) Re-litigation v. exequátur and foreign judgment recognition; (v) Full Faith and Credit; (vi) contradictory Judgments; (vii) contradictory *injunctions*; (viii) providing bond and security as well as evaluation thereof; (ix) finality and firmness of State Court prior final judgments dating from the year 2011; (x) unconstitutionality declared on the Final Judgment in this case; (xi) good cause determination; (xii) public interest; (xiii) hypothetical jurisdiction does not exist (must be specifically determined); (xiv) irreparable harm; and (xv) multiple others.

6. Each of those subjects has been repeatedly brought forth to the attention of this Court, illustrated and briefed on. Nevertheless, the TRO nor any related Order addresses any of such subjects. Each one of this subjects is indispensable and inseparable from the criteria for issuance and the *injunction* itself.

7. This Court is specifically informed that the cautionary order to the Registrar of Puerto Rico over the mortgaged real estate was specifically recorded in the Property Registry of Puerto Rico on August 26, 2021; that is, three weeks before the TRO was issued. The TRO is moot and ineffective on that subject.

8. Each one of the members of the Judicial Branch of Puerto Rico this court made part of the TRO will be subsequently notified of each filling made on the TRO and *injunction* subjects, as is legally, procedurally and constitutionally required.

WHEREFORE it is respectfully requested from this Honorable Court to:

a) take notice of what is herein contained;

b) in any subsequent action related to the TRO, specifically determine each of the

      identified subjects and factor those issues and facts into the possible subsistence of the TRO, including that the indefinite TRO or permanent injunction will only perpetuate the controversy, contrary to the judicial function under Article III of the U.S. Constitution,

c)     provide evidentiary hearing before extending the injunction, without shifting the burden of proof; and

d)     enter such order, or statement as may be appropriate in law, jurisdiction, constitution and equity.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants of record in this case, including counsel for WM Capital Management, Inc. and Atty. Dora Monserrate Peñagarícano.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 24th day of September, 2021.

REC LAW SERVICES, PSC
Attorney of Record for the Almeida Plaintiffs
Capital Center Building
South Tower, Suite 900
Arterial Hostos Ave. #239
San Juan, Puerto Rico 00918-1400
Tel. (787) 753-0884

s/ *Edilberto Berríos Pérez*
Edilberto Berríos Pérez, Esq.
USDC 123605
*eberriosperez@reclawservices.com*

BERRIOS FALCON, LLC
Attorney of Record for Tenerife
Capital Center Building, South Tower
Suite 901
239 Arterial Hostos Ave.
San Juan, Puerto Rico 00918
Tel. (787) 274-8600
Fax (787) 274-8678

s/*Roberto Berríos Falcón*
Roberto E. Berríos Falcón
USDC 228714
*rblawpr@yahoo.com*