UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Francisco Almeida Leon, Wanda Cruz Quiles, their Conjugal Partnership and Juan Almeida León<br><br>Plaintiffs<br><br>vs.<br><br>WM Capital Management, Inc.; Juan Del Pueblo, Inc.; Fulano De Tal; and Others<br><br>Defendants | Case No. 16-1394 (JAW)<br><br>Re:   State Court Case KAC2016-0027(806)<br><br>Breach of Contract, Damages, Redemption by Co-owner, etc.<br><br>Trial by Jury Demanded |

OPPOSITION TO STATUS ORDER (DOCKET #516)
INDEFINITE EXTENSION OF TRO

COME NOW, voluntary plaintiffs Francisco Almeida Leon, Wanda Cruz Quiles, their Conjugal Partnership, and Juan Almeida León (Plaintiffs), and involuntary plaintiff Tenerife Real Estate Holdings, LLC (Tenerife), by and through their respective undersigned counsels, and and hereby respectfully PRESENT THEIR OPPOSITION to this Honorable Court's Status Order's (docket #516) indefinite extension of the TRO, and to that effect state and pray as follows:

1. Docket #511 includes an unsworn statement under penalty of perjury which attests to the truthfulness of the factual statements contained in the totality of the declaration and its attachments.

2. This Honorable Court, in docket #516, unilaterally and without prior notice indefinitely extended the September 15, 2021 TRO without making any determination of Good Cause as required by FRCP 65. Notices of Appeal were filed by Plaintiffs and by Tenerife. This provides the Court an opportunity to minimize the constitutional deficiencies and inter-jurisdictional

confrontation, as an emergency order. Nonetheless, the Court is presently considering issuing a permanent *injunction*.

3. The TRO also modifies the final USDC judgment, as it explicitly acknowledges (at page 24 of docket entry no. 509) that it has always been the Court's purpose and "net result" to "resolve" and annul the State Court's final judgment dated November 7, 2011, while the Final Judgment expresses that the FOUR mortgage notes are to be foreclosed. Therefore, the TRO expresses that the apparent contradiction between the Final Judgment with State Court judgments was a device to attain unconstitutional ends. See *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)(It is settled that the prohibition of §2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding);[1] *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537 (1940); and *Hill v. Martin*, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293 (1935).

4. Having the Court in docket 509 acknowledged the intended result has always been "*prohibiting utilization of the results of a completed state proceeding*", the apparent contradiction in reality does not exist and what remains is an unconstitutional judgement, as declared by the State Court in the August 16, 2021 *Resolution & Order*. See, also, *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 482 (1982) where the Court determined:

---

[1] 28 U.S.C. §1738. *Cortes v. Intermedics,* 229 F3d 12, 14 (USCA 1st, 2000)(Federal courts must give full faith and credit to final judgments of the Commonwealth of Puerto Rico courts); and *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)("[I]t is a well-established principle of federalism that *a state decision resting on an adequate foundation of state substantive law **is immune from review in federal courts***"); and *Martínez v. Ryan*, 566 U.S. 1, 10–11 (2012).

"*A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment*, and other state and federal courts *are not required to accord full faith and credit to such a judgment*."  (Emphasis supplied).

5. The TRO was issued to last 14 days.  Even such short period substantially erodes Freedom of Speech, depriving of an immediate redress to protect the fundamental first amendment right to use speech in its most valuable and deeply rooted fashion: to defend all rights before a court of law, on matters of great public order concerns, and operation of the constitution to protect and preserve all rights guaranteed thereby.

6. Freedom of Speech is a fundamental constitutional right.  Said right is substantially intertwined with the TRO, the test by which it is issued and with 28 U.S.C §2283 (Anti *Injunction* Act).  The TRO and the Status Order prohibit the appearing parties from using their freedom of speech to defend their constitutional rights and has turned the State Court case into an ***ex parte process indefinitely*** (dkt. #516).  *Reed v. Town of Gilbert, Ariz.*, *supra* (restrictions to freedom of speech require strict scrutiny); *Snyder v. Phelps*, *supra*; *Lane v. Franks*, *supra* (judicial process that examines/questions proper government action is public policy and public order speech).

7. The TRO also purports to dispose of property while simultaneously depriving of the right to use free speech to defend fundamental constitutional rights[2] in breach of the First, Fifth and Fourteenth Amendments of the United States Constitution, and the applicable sections of the Constitution of the Commonwealth of Puerto Rico, forcing a *de facto ex parte* proceeding under

---

[2] See *Connick v. Myers*, 461 U.S. 138, 145 (1983)(Speech on public issues occupies the **'highest rung of the hierarchy of  First Amendment values**,' and is entitled to special protection); *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 776 (1978); *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc*., 472 U.S. 749, 758–759 (1985) (**Speech on 'matters of public concern' ... is 'at the heart of the First Amendment's protection'**).  Free speech must be open robust and uninhibited. *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

threat of severe contempt sanctions; i.e., an unconstitutional condition now permanently deprives of post judgment due process.

8.      The TRO against the State Judiciary also prohibits appellants to use their freedom of speech to defend and protect their constitutional rights, demand the post judgment due process (including *exequátur*), defend the public policy (the USDC Final Judgment was declared against public policy and order by the August 16, 2021 *Resolution and Order* (dkt. #498-1, p. 27, p. 29 and p.22-fact #30)). Such prohibition on freedom of speech is unconstitutional. See *Lane v. Franks*, 573 U.S. 228 (2014);[3] and *Snyder v. Phelps*, 562 U.S. 443, 451–52,(2011), from which we quote:

> "[S]peech on 'matters of public concern' ... is 'at the heart of the First Amendment's protection.' " The First Amendment reflects "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." That is because "speech concerning public affairs is more than self-expression; it is the essence of self-government." ****Accordingly, "speech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." (Citations omitted).

9.      The TRO also commands State Courts to disregard their own prior final, firm and binding 2011 State Court Judgments, which constitute the speech by which they perform their constitutional function.

10.     Under said scenario the "*last in time*" argument may not be a source to attain the acknowledged unconstitutional end. Including that **the *last in time* principle does not apply to *In***

---

[3]     We quote:

> "The content of Lane's testimony—corruption in a public program and misuse of state funds—obviously involves a matter of significant public concern. See, e.g., *Garcetti, 547 U.S.*, at 425, 126 S.Ct. 1951 ("*Exposing governmental inefficiency and misconduct is a matter of considerable significance*"). And the form and context of the speech—sworn testimony in a judicial proceeding—fortify that conclusion. "Unlike speech in other contexts, testimony under oath has the formality and gravity necessary to remind the witness that his or her statements will be the basis for official governmental action, action that often affects the rights and liberties of others." (plurality opinion, citation omitted).

*Rem* **Judgments**. See *Riley v. New York Tr. Co.*, 315 U.S. 343, 353, 62 S. Ct. 608, 614, 86 L. Ed. 885 (1942)("... the Georgia judgment of probate is *in rem*.."); such as the Puerto Rico state court judgments.

11.    This Court is respectfully requested to amend docket entry number 516, vacate the *Status Order*, and provide the evidentiary hearing when considering issuing a permanent *injunction* that mirrors the TRO in dockets #509, #510, and #516.

WHEREFORE it is respectfully requested from this Honorable Court to:

a)    vacate the *Status Order* at docket #516;

b)    deny the permanent *injunction* requested by WM Capital; and

c)    enter such order, or statement as may be appropriate in law, jurisdiction, constitution and equity.

WE HEREBY CERTIFY: that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants of record in this case.

WE HEREBY ALSO CERTIFY that courtesy copies of this motion will be delivered by personal messenger to the following persons: Juez Presidente del Tribunal Supremo de Puerto Rico, Hon. Maite D. Oronoz Rodríguez; Director Administrativo de los Tribunales de Puerto Rico, Hon. Sigfrido Steidel Figueroa; Secretario del Tribunal Supremo de Puerto Rico, Hon. Javier O. Sepúlveda Rodríguez; Administradora de la Región Judicial de San Juan, Hon. Laura Lis López Roche; and Oficina de Alguaciles de la Región Judicial de San Juan.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 4th day of October, 2021.

| | |
|---|---|
| REC LAW SERVICES, PSC | BERRIOS FALCON, LLC |
| Attorney of Record for the Almeida Plaintiffs | Attorney of Record for Tenerife |
| Capital Center Building | Capital Center Building, South Tower |
| South Tower, Suite 900 | Suite 901 |
| Arterial Hostos Ave. #239 | 239 Arterial Hostos Ave. |
| San Juan, Puerto Rico 00918-1400 | San Juan, Puerto Rico 00918 |
| Tel. (787) 753-0884 | Tel. (787) 274-8600 |
| | Fax (787) 274-8678 |
| s/ *Edilberto Berríos Pérez* | |
| Edilberto Berríos Pérez, Esq. | s/*Roberto Berríos Falcón* |
| USDC 123605 | Roberto E. Berríos Falcón |
| *eberriosperez@reclawservices.com* | USDC 228714 |
| | *rblawpr@yahoo.com* |