# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO ALMEIDA-LEÓN, WANDA CRUZ QUILES, La Sociedad Legal de Gananciales entre ellos, y JUAN ALMEIDA LEON<br><br>Plaintiffs<br><br>v.<br><br>WM Capital Management, Inc.; Juan del Pueblo, Inc., John Doe, y Fulano de Tal, BM Capital de Tal y Otros<br><br>Defendants | CIVIL ACTION NO. 16-1394 (JAW)<br><br>RE STATE COURT ACTION CASE NO. KAC2016-0027 (806)<br>BREACH OF CONTRACT; DAMAGES; LITIGIOUS CREDIT |

**REPLY IN SUPPORT OF REQUEST FOR SANCTIONS AND OTHER REMEDIES AGAINST THE ALMEIDA PLAINTIFFS AND THEIR ATTORNEYS FILED AT ECF NO. 515 – AND REQUESTING ORDER**

**TO THE HONORABLE COURT:**

**COMES NOW,** WM Capital Management, Inc. ("WM") by and through its undersigned counsels, and respectfully files this reply in support of its request for sanctions and makes a request for an order against the Almeida Plaintiffs[1] and their attorneys:

      I.   **The Response to the Request for Coercive and Punitive Sanctions**.

On September 23, 2021, WM filed a motion requesting coercive and punitive sanctions against the Almeida Plaintiffs and their attorneys for violating the TRO.[2] There it requested coercive and punitive sanctions against the Almeida Plaintiffs and their attorneys.

---

[1] The Almeida Plaintiffs are Juan Almeida, Francisco Almeida, his wife Wanda Cruz and their conjugal partnership as well as their company Tenerife Real Estate Holdings, LLC. Their attorneys are those in the record.

[2] *Request for Coercive and Punitive Sanctions Against the Almeida Plaintiffs and their Attorneys for Violating the TRO*. ECF No. 515.

The coercive sanctions sought were to induce the Almeida Plaintiffs and their attorneys to withdraw a motion that they filed with the GMAC Court in violation of the TRO[3] - translated at ECF No. 520-1. WM also sought punitive sanctions against the Almeida Plaintiffs and their attorneys in the form of attorney's fees and in the form of a penalty commensurate with their defiance and disrespect to this Court's authority and dignity. This, because of the long list of acts of defiance and their refusal to abide by this Court's orders – namely, their insistence on relitigating the same issues decided by this Court in other fora and generally impeding the enforcement of the Judgment in this case. *See* discussion at ECF No. 515 at 3-10.

The same day that WM sought the aforesaid sanctions, the Almeida Plaintiffs presented their response in the form of a *Motion Informing Compliance with Pre TRO Order Never Annulled* ("Response"). This motion does not address the long list of acts of defiance and their refusal to abide by this Court's orders – or the content of their motion in opposition to the reconsideration filed by WM. In short, they do not respond to the bases for the request for punitive sanctions. The Response does, however, attempt to excuse the act of filing of the motion - in relitigating the issues decided by this Court (or under its consideration) in violation of the TRO.

The Response suggests that the Almeida Plaintiffs and their attorneys had no choice but to respond to WM Capital's pending motion for reconsideration with the GMAC Court. This, because they had been ordered to respond by the GMAC Court prior to the issuance of the TRO (through order dated September 7, 2021). ECF No. 517. This is an excuse not grounded in reality.

---

[3] Case pending before the Superior Court of San Juan, No. KCD 2009-0708.

The Almeida Plaintiffs and their attorneys could have requested that the GMAC Court take notice that they would not respond due to the TRO issued by this Court on September 15, 2021 - pending this Court's final determination. Instead, they took the opportunity to explain in irrational detail why the GMAC Court should disregard the TRO and why it was supposedly so fundamentally wrong.

> Now the TRO of the Federal Court (dockets 509 and 510) **intends to order** this Honorable Court to disregard the mandate of the Court of Appeals and the Supreme Court of Puerto Rico, without any grounds, and without declaring any matter unconstitutional or illegal. WMC's jurisdictional transgression of its counsel and the Federal Court itself violates the most basic precepts of respect, courtesy, constitutional function, and consideration that regulate the recognition by the federal courts of the laws and judicial decisions of the states and Puerto Rico.

ECF No. 520 at 17.

> Therefore, it is an unquestionable fact that the Federal Court cannot validly sentence or order that the judgment of November 7, 2011, be executed in any other way than in accordance with its terms. An inescapable consequence is that the Federal Court lacks jurisdiction to issue the TRO it has issued, which this court already decided on August 16, 2021.

ECF No. 520 at 24.

> Now they argue that they have imposed TRO on this Honorable Court to order it to break the law, act against public order, flout its own judgments and the mandates of Puerto Rico's appellate courts, and ignore the demanded function of *exequatur*. The purported result of this is the abdication by this Honorable Court of its constitutional function and allowing the Federal Court to rule to this Court how to handle its courtroom, how to discipline lawyers, and how to decide disputes that are presented to this Court.

ECF No 520 at 32.

In short, the motion they filed encouraged the GMAC Court to defy this Court's TRO and encourage it to decide this Court's jurisdiction.

3

What would have been proper was for the Almeida Plaintiffs to withdraw the opposition to the reconsideration, acknowledging this Court's authority and jurisdiction with a pledge that they would strictly abide by its TRO and by its rulings – as sought by WM in its motion seeking sanctions. Nevertheless, the Response merely pledges to seek a stay of the GMAC case (the case was stayed by the GMAC Court on September 29, 2021).[4]

Thus, the Almeida Plaintiffs and their attorneys half-heartedly - and after forcing WM to alert this Court of their violation to the TRO - attempted to paper over their acts of defiance. The fact remains that the motion in opposition to the reconsideration that they filed with the GMAC Court should be withdrawn, and they must pledge to cooperate and abide by the TRO and this Court's decrees. If they do not comply, they should be coerced into compliance.

Finally, it is an uncontested fact that the Almeida Plaintiffs and their attorneys defied this Court's orders and simply refused to abide by its final, firm and unappealable judgment. Moreover, they violated several decrees from this Court ordering the Almeida Plaintiffs to stop relitigating the issues decided by this Court. See discussion of this issue at ECF No. 515 at 3-10. Accordingly, joint and several punitive sanctions against the Almeida Plaintiffs and their attorneys are warranted.

II. **Order to the Almeida Plaintiffs and their attorneys**.

---

[4] What follows is our translation of the recent order from the GMAC Court: [Upon the filing of the answer to the motion for reconsideration filed by Tenerife] "The order is deemed complied with and the resolution of the request for reconsideration [by WM] is stayed until it becomes due and/or another thing is decided about the TRO notified to this Court, whatever occurs first." Since the Almeida Plaintiffs and their attorneys failed to inform the GMAC Court that the TRO was extended via order – on September 27, 2021, WM notified the GMAC Court of said fact via motion.

4

WM respectfully requests an order to the Almeida Plaintiffs and their attorneys whereby they clarify their involvement in the drafting of the August 16, 2021 order ("GMAC Order") attempting to reverse this Court's Final Judgment. If indeed, said order was drafted by the Almeida Plaintiffs and their attorneys after this Court had expressly ordered them to cease and desist from relitigating in the GMAC Court – the punitive sanctions that this Court is evaluating should be even more severe.[5]

The language of the GMAC Order is eerily familiar – the disorganization of ideas, the lack of sound legal argument, and the language used give-away their authors.

> *WMC* has not enlightened this Court as to any existing doctrine, or legal principle, whereby the Court with Exclusive Primary *In Rem* Jurisdiction must abstain so that another Court, lacking *In Rem* jurisdiction, can act with respect to the thing under the exclusive primary *In Rem* jurisdiction of another Court.

ECF No. 498-1 at 6. Moreover, the passionate defense of the Almeida Plaintiffs – even before the order to show cause issued by this Court - as well as the point of view utilized (almost first-person narrative) speaks clearly as to who penned the GMAC Order.

> Even more disturbing is that the Federal Court has ordered *Tenerife Real Estate Holdings, LLC*, and the other plaintiffs therein, to show cause why they should not be found in contempt and impose heavy economic sanctions on the parties and their counsel, depriving them, outright, of all of their ownership rights to the various mortgages by order of said Federal Court, when the same Federal Judgment decrees that *Tenerife* is the sole owner of the Judgment in this case. The Federal Court

---

[5] It is black letter law that Superior Court judges in Puerto Rico can request and obtain drafts orders or resolutions from the parties in a case. The judges in the local jurisdiction are then supposed to use their independent judgment to reach a balanced decision in the cases before them. As the Supreme Court of P.R. stated in *Román Cruz v. Díaz Rifas*, 113 D.P.R. 500, 508 (1982): "the trial court's practice of asking the parties to submit drafts of judgments is not, per se, a bad practice." What is highly improper is "'blindly signing' said judgment drafts." (Underscore in the original.) *Baez Garcia v. Cooper Labs., Inc.*, 120 D.P.R. 145; 20 P.R. Offic. Trans. 153, 166 (1987). Nevertheless, to be clear, WM **is not** requesting that this Court make any determination on the acts of the Hon. judge Raúl Candelario when issuing the GMAC Resolution. It is merely requesting that the conduct of the Almeida Plaintiffs and their attorneys be reviewed with exacting detail when evaluating WM's request for punitive sanctions.

5

requires *Tenerife* and the plaintiffs therein, to stipulate following a process of foreclosure that is contrary to the Judgment in this case of November 7, 2011, it is contrary to the foreclosure process mandated by the Mortgage Act, to change and eliminate the minimum price stipulated for the first auction, all with the actual effect of nullifying the Judgment in this case, which the Federal Court itself decreed *WMC* cannot demand nor is entitled (*docket* #288 in said Federal Case). ECF No. 498-1 at 4.

The GMAC Order even attempts to shield the Almeida Plaintiffs' attorneys from the language of the orders to show cause issued by this Court - when describing their work as "gibberish" and lacking in legal analysis. In imposing sanctions against WM, their representative and their attorneys, the GMAC Court lists as the offensive conduct:

f) instigating the use of foul and offensive language adopted by the Federal Court such as that contained in the three orders to show cause (*docket*s 462, 463, and 464 unrelated to the required conduct). ECF No. 498-1 at 35.[6]

Finally, the GMAC Order even repeats the same false statements made by the Almeida Plaintiffs and their attorneys without filter.

The Federal Court reported and stated that it does not understand the rigorous process of public auction and minimum auction price to foreclose and that it is part of the due process of law.

ECF No. 498-1 at 26-27.

The GMAC Order was drafted in -at least- significant part by the Almeida Plaintiffs and their attorneys. WM requests that when evaluating its request for punitive sanctions, this Court review the circumstances surrounding the issuance of the GMAC Order.

What follows is a list of the circumstances alluded to: This Court issued an order to show cause to the Almeida Plaintiffs as to why they should not be held in contempt on June 25, 2021. There, they were told to stop their collateral litigation in the GMAC Court. ECF No. 464.

---

[6] This is highly unusual, in the decades of experience in the legal practice before the Courts of Puerto Rico, never have the undersigned attorneys seen a decree such as this issue from the bench of the Superior Court.

6

Nevertheless, they filed their motion requesting that the GMAC Court issue an injunction against this Court, WM and its representatives on July 9, 2021. ECF No. 470-1. The Almeida Plaintiffs and their attorneys were held in contempt on August 12, 2021. ECF No. 477. That same day they rushed to the GMAC Court requesting that it issue the injunction against this Court. ECF No. 482-1. The GMAC Order was issued four days later. ECF No. 498-1.

It seems very likely that at some point during this timetable, the Almeida Plaintiffs and their attorneys transmitted a draft of the GMAC Order to the Superior Court. If that transmission occurred after they were ordered to stop their relitigation in the GMAC Court they should be held accountable for their contempt.

Accordingly, WM requests that this Court issue an order to the Almeida Plaintiffs and their attorneys to produce within a peremptory period any and all of their communications to the Superior Court – directly or via agents or third parties – including those transmitting the draft of the GMAC Order (including the draft(s)) and with a sworn statement by their attorneys certifying the fullness and completeness of their production and that they have not engaged in any spoliation of evidence.

**WHEREFORE**, WM hereby requests that this Court issue joint and several coercive and punitive sanctions against the Almeida Plaintiffs and their attorneys - $10,000 for each day that they refuse to withdraw their motion opposing the motion for reconsideration filed by WM – while making clear to the GMAC Court that they will abide by this Court's TRO and Final Judgment, and issue punitive sanctions commensurate with their defiance and contempt, plus imposing the attorneys' fees spent by WM in filing the TRO and defending it. Also, WM

requests that this Court consider any other remedies that in light of the current circumstances are warranted – including initiating criminal contempt proceedings and/or referral for the review of the professional conduct of their attorneys within this district. Finally, WM requests that the Almeida Plaintiffs and their attorneys be ordered to clarify the circumstances of the drafting of the GMAC Order as described in this motion.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 30th day of September, 2021.

**I HEREBY CERTIFY** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

/s/ Jairo Mellado-Villarreal
USDC No. 208112
jmellado@mellado.com

/s/ Tessie Leal-Garabis
USDC No. 218408
tleal@mellado.com

s/ Héctor Orejuela Dávila
USDC-PR No. 301111
horejuela@mellado.com

*Attorneys for WM Capital Management*
MELLADO & MELLADO-VILLARREAL
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. 787-767-2600/Fax 787-767-2645