UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO ALMEIDA-LEÓN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:16-cv-01394-JAW-BJM ) |
| WM CAPITAL MANAGEMENT, INC., | ) ) ) ) |
| Defendant. | ) |

## STATUS ORDER

The Court issues this status order to further clarify its understanding of the status of the motions and requests for relief now before the Court and concludes that it should defer to the Court of Appeals for the First Circuit as to whether the appellate court has jurisdiction over the pending appeals. In the interim, the Court stays the motion for sanctions and motion for permanent injunction pending the Court of Appeals' resolution of the appeals.

### I.   Procedural History

#### A.   The TRO and Pending Motion for Permanent Injunction

On September 15, 2021, this Court issued a temporary restraining order (TRO) against Francisco Almeida-León, Wanda Cruz-Quiles, their Conjugal Partnership, Juan Almeida-León, and Tenerife Real Estate Holdings, LLC (the Almeida-Leóns). *Order on Mot. for TRO* (ECF No. 509); *TRO* (ECF No. 510) (*TRO*). In its TRO, the Court enjoined the Superior Court of Puerto Rico from enforcing the August 16, 2021

Resolution and Order in *Tenerife Real Estate Holdings, LLC v. Emérito Estrada Rivera, Isuzu PR, Inc.*, Civil No. K CD2009-0708 in its entirety. *TRO* at 1. The Court further ordered the Almeida-Leóns to "present any opposition to WM Capital's motion for permanent injunction" by September 22, 2021 and ordered that the TRO "will remain in effect until September 29, 2021 pending further order of this Court." *Id.* at 3. On September 22, 2021, the Almeida-Leóns filed a motion in compliance with the Court's TRO. *Mot. in Compliance with Order About Improvident TRO Against State Ct. and Pls.* (ECF No. 511) (*Almeida-León Opp'n*). On September 23, 2021, the Almeida-Leóns filed a further document under the title Motion Informing Compliance with Pre TRO Order Never Annulled. *Mot. Informing Compliance with Pre TRO Order Never Annulled* (ECF No. 517). (*Pls.' Compliance Mot.*). On October 8, 2021, WM Capital filed its reply to the Almeida-Leóns' opposition to its motion for permanent injunction. *Reply in Support of Req. for Permanent Injun. - Without the Need of an Evid. Hr'g or Considering Unsworn Statement* (ECF No. 534).

    **B.**    **The WM Capital Motion for Sanctions**

On September 23, 2021, WM Capital filed a new motion for sanctions. *Req. for Coercive and Punitive Sanctions Against the Almeida Pls. and their Att'ys for Violating the TRO* (ECF No. 515) (*WM Capital's Sanctions Mot.*). On September 30, 2021, WM Capital filed a document entitled, *Leave to File Reply in Support of Req. for Sanctions and Other Remedies Against the Almeida Pls. and Their Att'ys Filed at ECF No. 515 – and Requesting Order* (ECF No. 524). On October 4, 2021, the Court granted WM Capital's motion for leave to file a reply, *Order* (ECF No. 526), and on

October 4, 2021, WM Capital filed its reply to the Almeida-León response to its motion for sanctions, treating the Almeida-Leóns' filing at ECF Number 517 as their opposition to its motion for sanctions. *Reply in Support of Req. for Sanctions and Other Remedies Against the Almeida Pls. and Their Att'ys Filed at ECF No. 515 – and Requesting Order* (ECF No. 529).

### C. The Court's September 23, 2021 Status Order

Also on September 23, 2021, the Court issued a status order in which it clarified the status of the remaining motion before the Court, namely WM Capital's motion for permanent injunction. *Status Order* (ECF No. 516). The Court set a tight timeframe for resolution of the motion for permanent injunction. *Id.* at 3. As the Almeida-Leóns had already filed their response, *Almeida-León Opp'n*, the Court ordered WM Capital to file a reply by October 1, 2021. *Id.* The Court wrote that upon the filing of that reply, the Court, which was not inclined to order an evidentiary hearing, would consider the record on the motion for permanent injunction closed and the motion ready for decision. *Id.* Because the Court's order on the motion for permanent injunction seemed imminent, the Court ordered the TRO to remain in place pending further order of the Court. *Id.* On October 4, 2021, the Almeida-Leóns filed an objection to the Court's September 23, 2021 Status Order. *Opp'n to Status Order (Docket #516) Indefinite Extension of TRO* (ECF No. 528).

### D. The Notices of Appeal

On September 24, 2021, however, the Almeida-Leóns filed a notice of appeal of the TRO and the Status Order extending the TRO to the Court of Appeals for the

First Circuit, *Notice of Appeal* (ECF No. 519), and on September 29, 2021, the Almeida-Leóns filed an amended notice of appeal. *Am. Notice of Appeal* (ECF No. 522). On September 29, 2021, Tenerife Real Estate Holdings, LLC, also filed a notice of appeal. *Notice of Appeal* (ECF No. 523).

## II.     DISCUSSION

It is blackletter law that "[t]he filing of a notice of appeal is an event of jurisdictional significance - - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under this rule, once the Almeida-Leóns filed their notices of appeal of this Court's TRO, this Court no longer retained jurisdiction over "any matter touching upon, or involved in, the appeal." *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998) (quoting *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993)).

In *Brooks*, the First Circuit explained that "[l]ike most rules, the rule that either the trial or the appellate court - - but not both - - may have jurisdiction over a case at any given point in time admits of some exceptions." *Id.* at 456. The First Circuit wrote that "a district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case." *Id.*

WM Capital argues that this *Brooks* exception applies to the Almeida-León appeal. The Court is not so certain. First, it is true, as the First Circuit has said,

that "temporary restraining orders are ordinarily not appealable on an interlocutory basis." *San Francisco Real Estate Investors v. Real Estate Inv. Trust*, 692 F.2d 814, 816 (1st Cir. 1982) (Breyer, J.). But, as then Judge Breyer observed, "the use of the 'temporary restraining order' label by a district court does not defeat appealability if the order is in substance a preliminary injunction." *Id.*

Moreover, as Judge Breyer noted, "[w]hen particular temporary restraining orders lack the features of short duration and *ex parte* presentation that are normally associated with them, courts have taken jurisdiction over appeals in appropriate circumstances." *Id.* Here, although it has some characteristics of both, the Court views its TRO as more preliminary injunction than TRO. Critically, the Court did not issue its TRO on an ex parte basis. WM Capital filed its motion for TRO on August 25, 2021. *Emer. Mot. for TRO and Permanent Injun.* (ECF No. 502). The Almeida-Leóns responded to WM Capital's motion for TRO on September 2, 2021. *Resp. to WMC's Req. at Docket Entry No. 502* (ECF No. 506). On September 3, 2021, WM Capital followed the Almeida-León response with an informative motion, asking the Court to act quickly. *WM Capital's Informative Mot.* (ECF No. 507). Thus, the parties were able to present argument and the Court did not issue the TRO on an ex parte basis. At the same time, the Court's September 15, 2021, TRO was time-limited, expiring on September 29, 2021. *TRO* at 3. This TRO is consistent with Federal Rule of Civil Procedure 65(b)(2).

After WM Capital and the Almeida-Leóns responded to the TRO, the Court turned to the pending motion for permanent injunction and in its Status Order dated

5

September 23, 2021, it fixed October 1, 2021 as the date for any reply by WM Capital and as the date for the parties to inform the Court whether they were requesting an evidentiary hearing. *Status Order* at 3. As the TRO was to expire and the Court had found that WM Capital had demonstrated irreparable harm if an injunction were not granted, the Court extended the operation of the TRO "until further order of the Court." *Id.* In the context of this case, it is arguable whether this extension should be viewed as an extension of the TRO or as a preliminary order on the pending motion for permanent injunction. In any event, once the Almeida-Leóns filed their notices of appeal, under the general rule, the Court lost its jurisdiction to proceed with the motion for permanent injunction whether on an expedited basis or not.

In these circumstances, the Court is chary about exercising ongoing jurisdiction on this case while it is pending in the Court of Appeals. Even though the unusual facts here might fit within the *Brooks* exception, the Court concludes that it is prudent to defer to the Court of Appeals on this issue especially since the TRO is still in force as the Court of Appeals considers the appeals. Accordingly, the Court orders STAYED WM Capital's Request for Coercive and Punitive Sanctions Against the Almeida Plaintiffs and their Attorneys for Violating the TRO (ECF No. 515) and its Emergency Motion for TRO and Permanent Injunction (ECF No. 502) pending resolution of the pending appeals to the Court of Appeals for the First Circuit.

SO ORDERED.

                                      <u>/s/ John A. Woodcock, Jr.</u>
                                      JOHN A. WOODCOCK, JR.
                                      UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2021