UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO ALMEIDA-LEÓN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:16-cv-01394-JAW ) |
| WM CAPITAL MANAGEMENT, INC., | ) ) ) |
| Defendant. | ) |

**ORDER ON EMERGENCY MOTION FOR INJUNCTION, CONTEMPT, AND ORDER TO SHOW CAUSE**

The court dismisses the movants' motion for injunctive and other relief, attempting to scuttle a public auction scheduled a few days hence because the movants failed to supply an adequate record, do not have a likelihood of success on the merits, and have not shown irreparable harm.

**I.   BACKGROUND**

This troublesome case was originally filed in this court on March 7, 2016, and, after years of contentious litigation, including several appeals to the Court of Appeals for the First Circuit, on June 27, 2019, this Court issued a final judgment (the 2019 Final Judgment) dismissing breach of contract, litigious credit, and co-owner redemption claims filed by Francisco Almeida-León, Wanda Cruz-Quiles, their Conjugal Partnership, and Juan Almeida-León (collectively, the Almeida-Leóns), awarding judgment in favor of WM Capital Management, Inc. (WM Capital or WM) on its specific performance counterclaim, and ordering the Almeida-Leóns, Tenerife Real Estate Holdings, LLC (Tenerife), and WM to undertake certain actions to

effectuate the judgment. *Final J.* at 1-3 (ECF No. 289) (*2019 Final J.*). The Court concluded that WM Capital was entitled, among other things, to $2,828,850.11 plus pre- and post-judgment interest. *Id.* at 2.

The 2019 Final Judgment provided:

> Plaintiffs/Counter-Defendants' breach of contract claim against WM Capital Management, Inc. is DISMISSED with prejudice.
>
> WM Capital Management, Inc.'s counterclaim for specific performance against Plaintiffs/Counter-Defendants is GRANTED. The Court ORDERS the parties to undertake the following actions:
>
> (1) The Plaintiffs/Counter-Defendants shall within three (3) business days from the entry of Judgment in this case consign the four mortgage notes identified in the Agreement into the Puerto Rico Court of First Instance, KCD2011-0142, as stated in paragraph 3.1.2 of the Agreement.
>
> (2) The parties shall file a joint motion to the Puerto Rico Court of the First Instance, KCD2011-0142, to foreclose on the four mortgage notes identified in paragraph 3.1.2 of the Agreement and sell the encumbered Kennedy Property via public auction as provided for under the Agreement.
>
> (3) As stated in paragraph 3.1.6 of the Agreement, the minimum bid price of the public auction shall be $3,850.00.
>
> (4) If a third party purchases the Kennedy Property at public auction for the minimum bid price, the proceeds of such sale will be deposited in the U.S. District Court for the District of Puerto Rico's Designated Financial Institution pursuant to Local Rule 67. If a third party does not purchase the Kennedy Property for the minimum bid price, the parties shall proceed as proscribed in the Agreement.
>
> (5) Once the foreclosure is completed and all proceeds from the public auction have been deposited into the U.S. District Court for the District of Puerto Rico's Designated Financial Institution, WM Capital Management, Inc. shall be paid first and full from the sale proceeds up to $2,828,850.11, corresponding with the Judgment amount entered on September 26, 2013 in *Federal Deposit Insurance Corporation as Receiver of RG Premier Bank of Puerto Rico v. Almeida-Leon et al.*, 3:12-

cv-02025-FAB. *J.* (ECF No. 25), plus pre-judgment and post-judgment interest.

(6) After WM Capital Management, Inc. is paid first and in full satisfaction from the Kennedy Property sale proceeds up to $2,828.859.11 plus pre-judgment and post-judgment interest, the remaining sale proceeds shall be assigned to Francisco Almeida-León, Wanda Cruz-Quiles, their Conjugal Partnership, and Juan Almeida-León.

(7) WM Capital Management, Inc. is awarded post-judgment and pre-judgment interest. Post-judgment interest shall begin to accrue as of the entry of the Judgment at the rate provided for in 28 U.S.C. § 1961. Post-judgment interest shall be calculated from June 7, 2026 until the date of the entry of this Judgment at a rate of 6% per annum.

This is a Final Judgment on all claims in this lawsuit. It is a Final Judgment against Plaintiffs/Counter-Defendants' three claims: breach of contract, litigious credit, and co-owner redemption under Puerto Rico law; and it is a Final Judgment in favor of WM Capital Management, Inc.'s counterclaim for specific performance.

*Final J.* at 1-3 (ECF No. 289).

There ensued further appeals, leading the First Circuit to issue a mandate on June 10, 2024, directing this Court to "resume enforcing its valid final judgment." *Almeida-León v. WM Cap. Mgmt., Inc.*, Nos. 20-2089, 21-1806, 21-1807, 2024 U.S. App. LEXIS 14053, at *10 (1st Cir. June 10, 2024). On July 3, 2024, the First Circuit issued its mandate, returning jurisdiction to this Court. *U.S. Ct. of Appeals for the First Cir., Mandate* (ECF No. 563).

WM requested the Court convert its earlier TRO into a permanent injunction and, on October 10, 2024, the Court granted WM's motion and issued a final judgment on permanent injunction (the 2024 Final Judgment). *Mot. Submitting Proposed Permanent Inj. J. in Compliance with the Ct.'s Aug. 13, 2024, Order*, Attach. 1 *Proposed J. on Permanent Inj.* (ECF No. 586); *Order on Proposed Final J. on*

*Permanent Inj.* (ECF No. 596); *Final J. on Permanent Inj.* (ECF No. 597) (*2024 Final J.*). The 2024 Final Judgment permanently enjoined the courts of the Commonwealth of Puerto Rico from:

1. Enforcing the Resolution and Order of the Superior Court of Puerto Rico, Court of First Instance, Superior Part of San Juan dated August 16, 2021 in *Tenerife Real Estate Holdings, LLC v. Emérito Estrada Rivera, Isuzu PR, Inc.*, Civil No. K CD2009-0708 in its entirety;

2. Holding WM, its representative, and its attorneys in contempt or otherwise sanctioning them for any filings they make or acts they take in Federal Court;

3. Enforcing the imposition of any sort of sanction against WM, its representative, and its attorneys for acting consistent with the Final Judgment issued by this Court;

4. Foreclosing on the GMAC Mortgage and Judgment unless said foreclosure is consistent with the Final Judgment;

5. Enforcing the GMAC Order as to the consignment of the GMAC Note or the annotation of any restrictions to the Kennedy Property in the Property Registry of Puerto Rico; and

6. Ordering the Registry of the Property of Puerto Rico to annotate any restriction on the Kennedy Property as provided for in the GMAC Order.

*2024 Final J.* at 1-2.

On May 27, 2025, the Court issued an Order to Show Cause against the Almeida-León Defendants that set forth the extraordinary record of defiance of court orders both the Defendants and their attorneys had exhibited over the years following the Court's final judgment in 2019 and demanding their responses as to why they—meaning both the Almeida-León Defendants and their lawyers—should not be held in contempt of court. *O.S.C.* (ECF No. 639). After a videoconference of counsel on

4

June 24, 2025, the Court issued an order that required the parties to attempt to enter into a stipulation to resolve the impasse. *Order* (ECF No. 646). On July 2, 2025, WM Capital and the Almeida-León Defendants entered into a stipulation that effectuated the 2019 Final Judgment, *WM Capital's Mot. in Compliance with the Order of June 24, 2025* at 1 (ECF No. 649), and a stipulation resolving the enforcement issues. *Id.* Attach. 1 *Stip. of Counsel*, at 1-12. The Court then noted compliance with its orders. *Order* (ECF No. 650).

On November 11, 2025, Tenerife Real Estate Holdings, LLC, Francisco Almeida León, Wanda Cruz, and their conjugal partnership filed an emergency motion requesting an injunction, contempt, and an order to show cause. *Emer. Mot. Requesting Inj., Contempt, and O.S.C.* (ECF No. 651) (*Emer. Mot.*). Filing the emergency motion on Tuesday, November 11, 2025, the Almeida-León Defendants sought an injunction to prevent WM Capital from going forward with auctions scheduled to take place the morning of Monday, November 17, 2025 in San Juan, Puerto Rico. The Court immediately issued an order, requiring WM Capital to respond by November 13, 2025. *Order* (ECF No. 652). WM Capital filed its opposition to the emergency motion on November 13, 2025. *WM's Opp'n to Emer. Mot. Requesting Inj., Contempt, and O.S.C.* (ECF No. 654) (*WM's Opp'n*).

## II.  LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*,

5

645 F.3d 26, 32 (1st Cir. 2011)). To determine whether to issue a preliminary injunction, a court must analyze four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Esso Standard Oil Co. (P.R.) v. Monroig-Zayas*, 445 F.3d 13, 17-18 (1st Cir. 2006) (alteration in original) (quoting *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004)). "The party seeking the preliminary injunction bears the burden of establishing that these four factors weigh in its favor." *Id.* at 18 (citing *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003)). Ultimately, "trial courts have wide discretion in making judgments regarding the appropriateness of such relief." *Francisco Sánchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2009).

"The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002); *see also Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 7 (1st Cir. 2012) (confirming that this factor is "the most important part of the preliminary injunction assessment" (quoting *Jean v. Mass. State Police*, 492 F.3d 24, 27 (1st Cir. 2008)).

Irreparable harm is "an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*,

397 F.3d 56, 76 (1st Cir. 2005). For the Court to grant the motion for preliminary injunction, the Almeida-León Defendants must "demonstrate that irreparable injury is *likely* in the absence of an injunction," not merely that it is a possibility. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original); *see also Canadian Nat'l Ry. Co. v. Montreal, Me. & Atl. Ry., Inc.*, 786 F. Supp. 2d 398, 432 (D. Me. 2011) ("[P]roof of a mere possibility of injury is insufficient to justify an injunction"). Courts "measure irreparable harm on 'a sliding scale, working in conjunction with a moving party's likelihood of success on the merits.'" *Braintree Lab'ys, Inc. v. Citigroup Glob. Mkts. Inc.*, 622 F.3d 36, 42-43 (1st Cir. 2010) (quoting *Vaqueriá Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 485 (1st Cir. 2009)). Thus, "[t]he strength of the showing necessary on irreparable harm depends in part on the degree of likelihood of success shown;" however, "at least some positive showing of irreparable harm must still be made." *Id.* at 43 (internal quotation omitted) (alteration in original); *see also Gately v. Commonwealth of Mass.*, 2 F.3d 1221, 1232 (1st Cir. 1993) ("[A] federal court cannot dispense with the irreparable harm requirement in affording injunctive relief").

The First Circuit has termed the third factor the "balance of relevant impositions," assessing "the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues." *Monroig-Zayas*, 445 F.3d at 18 (quoting *Bl(a)ck Tea Soc'y*, 378 F.3d at 11) (internal quotations omitted). The Court must weigh the balance of equities to determine whether the injury to the moving

party in the absence of a preliminary injunction outweighs any harm to the nonmoving party if granted.

The final factor is the public interest.  This factor requires the Court to "inquire whether there are public interests beyond the private interests of the litigants that would be affected by the issuance or denial of injunctive relief."  *Everett J. Prescott, Inc. v. Ross*, 383 F. Supp. 2d 180, 193 (D. Me. 2005).  "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  *Winter*, 555 U.S. at 24.

## III.   DISCUSSION

The Almeida-León Defendants' motion fails on several grounds.

### A.   Failure to Supply a Record

First, the Almeida-Leóns have failed to present the Court with an adequate record to allow a proper evaluation of their claims.  The Almeida-Leóns have not provided the Court with any documentation at the numerous documents referred to in their motion.  Although this Court may take judicial notice of its own docket, the Almeida-León Defendants refer to motions filed in the Commonwealth Courts, orders and judgments from those courts, public auction notices, and other documents critical to their motion, but not supplied with it.  It has long been the rule in the First Circuit that a court may not accept an attorney's unsupported assertions of fact.  *See Alvarado v. Donahoe*, 687 F.3d 453, 460 (1st Cir. 2012); *Floyd v. Farrell*, 765 F.2d 1, 5 (1st Cir. 1985); *White v. Hearst Corp.*, 669 F.2d 14, 18 (1st Cir. 1982).  This is especially true when the movant seeks injunctive relief.  *See* FED. R. CIV. P. 65(b)(1)(2)

(requiring "specific facts in an affidavit or verified complaint" for issuance of a temporary restraining order). The Almeida-León Defendants' motion fails on that basis alone.

### B.  Lack of Success on the Merits

Next, the Almeida-León Defendants have not shown that they have a likelihood of success in challenging the auction now scheduled for the morning of November 17, 2025. WM Capital represents that "the public sale – ordered and notified – concerns one property (Kennedy Property), at the same courthouse (Superior Court of San Juan/Marshal's office), the same morning (November 17, 2025), for the same minimum bid price ($3,850,000)." *WM's Opp'n* at 7. The Almeida-León Defendants have not demonstrated that the scheduled auction violates the terms of this Court's Final Judgments or the judgments of any other court.

### C.  No Irreparable Harm

The party seeking preliminary injunctive relief must demonstrate "that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). "[I]rreparable harm can consist of 'a substantial injury that is not accurately measurable or adequately compensable by money damages.'" *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 13 (1st Cir. 2000) (*Ross-Simons II*) (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996) (*Ross-Simons I*)). "[D]istrict courts have broad discretion to evaluate the irreparability of alleged harm." *Ross-Simons II*, 217 F.3d at 13 (quoting *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 915 (1st Cir. 1989)). Even if the Court could

9

find that the Almeida-León Defendants satisfied the likelihood of success factor (which it does not), it seems clear that their injuries could be remedied by money damages, and therefore, they have failed to meet this critical criterion for the issuance of an injunction.

Regarding the other injunctive relief criteria, the Almeida-León Defendants have not demonstrated that any should be resolved in their favor. As this Court's Order to Show Cause demonstrates, the Almeida-Leóns have attempted to obstruct WM Capital's judicially authorized remedies ever since June 27, 2019, and there is a strong public interest in upholding the authority of the court to enforce its own judgments. *See O.S.C.*

### D. Other Requested Relief

The Almeida-León Defendants have also requested that the Court hold the Commonwealth Courts in contempt of federal court and to issue an order to show cause against WM Capital and the Kennedy Court. *Emer. Mot.* at 15. Based on its discussion of the injunctive relief factors, the Court declines to issue such an order in the context of an emergency motion.

### IV. CONCLUSION

The Court DISMISSES without prejudice Emergency Motion Requesting Injunction, Contempt, and Order to Show Cause (ECF No. 651).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2025.